**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| KEVIN J. MATTSON, | ) Case No. 24-20188 (Involuntary) |
| | ) |
| Debtor. | ) |

**PETITIONING CREDITORS' OPPOSITION TO MOTION TO**
**EXTEND DEADLINE TO RESPOND TO INVOLUNTARY PETITION**

NOW COME Petitioning Creditors, Severin M. Beliveau, Esq. ("Beliveau"), Cumberland Capital, LLC ("Cumberland Capital"), Chris Marquez ("Marquez"), and Accelerated Capital Partners, LLC ("ACP") (collectively, "Petitioning Creditors"), pursuant to 11 U.S.C. §§ 105 and 303, Federal Rules of Bankruptcy Procedure 1011(b) and (c), and D. Me. LBR 9013-1 and 9014-1, and oppose Alleged Debtor Kevin J. Mattson's ("Alleged Debtor") (undated) Motion to Extend Deadline to Respond to Involuntary Petition (D.E. 7) ("Motion to Extend").

For the reasons that follow, the Motion to Extend should be denied.

**I. Jurisdiction**

1. This Court possesses Constitutional authority to issue final orders and judgments in this contested matter, it has jurisdiction pursuant to 28 U.S.C. § 1334(b), this is a statutorily-core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**II. Factual Background**

2. On September 12, 2024 ("Filing Date"), Petitioning Creditors commenced this involuntary Chapter 7 case against Alleged Debtor under § 303 of the United States Bankruptcy Code (the "Code"). *See* Chapter 7 Involuntary Petition Against an Individual, dated September 12, 2024 (D.E. 1) ("Involuntary Petition").

3. As of the Filing Date, Beliveau held a legally and factually indisputable unsecured claim against Alleged Debtor in the amount of $288,020 arising from a Stipulated Judgment issued

by the Maine Business and Consumer Court in favor of Beliveau and against Alleged Debtor in the civil action entitled, Severin M. Beliveau, *et al*. v. Kevin J. Mattson, Docket No. BCD-CV-2023-0031.

4.  As of the Filing Date, Cumberland Capital held a legally and factually indisputable unsecured claim against Alleged Debtor in the amount of $88,995.46 arising from a Judgment and corresponding Writ of Execution issued by the Maine Superior Court in favor of Cumberland Capital and against Alleged Debtor in the civil action entitled, Cumberland Capital, LLC v. Kevin J. Mattson, *et al.*, Docket No. PORSC-CV-2023-201.

5.  As of the Filing Date, Marquez held a legally and factually indisputable unsecured claim against Alleged Debtor in the amount of $137,425.66 arising from a Judgment and corresponding Writ of Execution issued by the Maine Superior Court in favor of Marquez and against Alleged Debtor in the civil action entitled, Chris Marquez v. Kevin J. Mattson, *et al.*, Docket No. KENSC-CV-2023-123.

6.  As of the Filing Date, ACP held a legally and factually indisputable unsecured claim against Alleged Debtor in the amount of $5,093,096.06 by virtue of his default on a personal guaranty with respect to certain defaulted commercial loans and obligations of The ROTM Lofts, LLC to ACP.[1]

7.  Petitioning Creditors are aware of other creditors of Alleged Debtor with claims against him as well. Those other claimants, and the amounts of their claims, are as follows (the list is likely not exhaustive):

- Titan Funding, LLC – *$1,443,934.79* (s*ee* Dirigo Global Holdings, LLC, Ch. 11, Case No. 24-10084 (listing Alleged Debtor as codebtor Schedule H))

- SW Legacy, LLC – *$1.7 million dollars* (*see* Dirigo Global Holdings, LLC, Ch. 11, Case No. 24-10084 (listing Alleged Debtor as codebtor on Schedule H))

---

[1] This Court is familiar with the Chapter 11 case of The ROTM Lofts, LLC, Ch. 11, Case No. 20-20469 PGC.

- Stormfield SPV I, LLC – *$708,392.63* (*see* 45 Church Street, LLC, Ch. 11, Case No. 24-10134 (listing Alleged Debtor as codebtor on Schedule H))

- Jackson Parker – *$150,000* (*see* 45 Church Street, LLC, Ch. 11, Case No. 24-10134 (listing Alleged Debtor as codebtor on Schedule H))

- 6 ECS, LLC – alleges claim of *$2.7 million dollars* (*see* Dirigo Global Holdings, LLC v. 6 ECS, LLC, Adv. Proc. No. 24-1003))

- Precision Doors and Hardware – *$94,028.90* (*see* Precision Doors & Hardware v. Kevin Mattson, Docket No. PORSC-CV-547 (Writ of Execution))

- SW Legacy, LLC v. Kevin Mattson, *et al.*, Docket No. PORSC-RE-2024-0037 (judicial foreclosure of residence where Alleged Debtor resides)

8. The combined amount of Petitioning Creditors' legally and factually indisputable unsecured claims is approximately $5.6 million dollars. *See* ¶¶ 3 – 6, *supra*.

9. The combined amount of the claims against Alleged Debtor listed in ¶ 7 above is approximately $6.8 million dollars.

10. Alleged Debtor, therefore, currently owes in excess $12.4 million dollars to unsecured creditors and other claimants, and that figure is based upon just Petitioning Creditors' own judgments, writs, and records and other sources of publicly available information. The number of Alleged Debtors' other creditors and debts is undoubtedly higher.

11. On September 12, 2024, the Clerk issued its Summons to Debtor in Involuntary Case (D.E. 4) (the "Summons"). Pursuant to the plain language of the Summons, Alleged Debtor was required to file with the Clerk "a motion or answer to the petition within 21 days after the service of this summons." *See* Summons. The Summons further provides that when Alleged Debtor files his motion or answer to the involuntary petition, he "must also serve a copy of your motion or answer on petitioner's attorney." *Id.*

12. The Summons further provides that "[i]f you make a motion, your time to serve an answer is governed by Fed. R. Bankr. P. 1011(c)." *See* Summons.

13. Finally, the Summons provides: "**IF YOU FAIL TO RESPOND TO THIS**

3

**SUMMONS, THE ORDER FOR RELIEF WILL BE ENTERED.**"

14. On September 13, 2024, Petitioning Creditors served the Summons upon Alleged Debtor. *See* Certificate of Service (D.E. 5). As a result of that service, pursuant to the Summons, Federal Rule of Bankruptcy Procedure 1011(b), and Federal Rule of Civil Procedure 12, Alleged Debtor was required to file and serve his answer or motion to the Involuntary Petition by October 4, 2024 ("Answer Deadline").

15. On October 2, 2024, Alleged Debtor filed the Motion to Extend. In it, he acknowledges that his "current deadline to file an answer is Friday, October 4, 2024." Motion to Extend, p.1. But Alleged Debtor states that because so many of his companies are currently in bankruptcy and represented by Maine bankruptcy counsel, he has been "forced . . . to look outside of the state for representation [of him personally] and the search is taking longer than I anticipated." *Id.*

16. For that reason, Alleged Debtor now seeks a 31-day extension of the Answer Deadline (to November 4) so that he can secure and consult with counsel concerning his personal involuntary proceeding, and that "if an order for relief is entered, I will convert the case from Chapter 7 to Chapter 11." Motion to Extend, p. 1. Alleged Debtor acknowledges that Petitioning Creditors do not consent to the extension of the Answer Deadline. *Id.*

### Discussion

17. The Motion to Extend should be denied under the plain language of the Code, the Summons, and the applicable rules of procedure.

**Federal Rule of Bankruptcy Procedure 1011(b)**

18. Federal Rule of Bankruptcy Procedure 1011(b) unambiguously provides that the only motions or pleadings properly filed and served "within 21 days after service of the summons" of an involuntary petition are those "presented in the manner prescribed by Rule 12 F.R. Civ. P...."

4

Nothing in Federal Rule of Civil Procedure 12 contemplates or supports the extension of Alleged Debtor's response deadline to the Involuntary Petition. The plain language of Rule 1011(b) precludes Alleged Debtor's requested relief in his motion.

19. The plain language of the Summons also puts Alleged Debtor on notice that his failure to file a motion or pleading under Fed. R. Civ. P. 12 within the requisite timeframe will result in the entry of an order for relief under Chapter 7. *See* Summons.

20. Nor does the filing of the Motion to Extend automatically extend the Answer Deadline. Only a motion filed under Fed R. Civ. P. 12 may automatically extend that deadline. *See* Federal Rule of Bankruptcy Procedure 1011(c). The Answer Deadline has now expired and Alleged Debtor has failed to controvert the Involuntary Petition in accordance with the Summons and applicable rules of procedure.

**11 U.S.C. § 303(h)**

21. Because Alleged Debtor has failed to timely controvert the Involuntary Petition under Federal Rule of Civil Procedure 12 and Federal Rule of Bankruptcy Procedure 1011(b), the plain language of § 303(h) of the Code directs that the Court "shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed." 11 U.S.C. § 303(h); *see also* Fed. R. Bankr. P. 1013(b) ("If no pleading or other defense to a petition is filed within the time provided by Rule 1011, the court, on the next day, or as soon thereafter as possible, shall enter order for the relief requested in the petition.").

22. To the extent that Alleged Debtor believes that he needed more time to answer or otherwise respond to the Involuntary Petition, it was incumbent upon him to secure an extension of time from this Court <u>before</u> his Answer Deadline to answer or otherwise respond to the Involuntary Petition expired and he failed to do so. *See* Federal Rule of Bankruptcy Procedure 1011(c).

23. Instead, Alleged Debtor waited until just 2 days before the Answer Deadline expired

to file his Motion to Extend and he scheduled it (improperly under the Local Rules, discussed below) for hearing 25 days later. Given the magnitude of the financial ramification of the Involuntary Petition against him personally, alleged Debtor absolutely should have been far more proactive in addressing this involuntary Chapter 7 case and in seeking an order from the Court before the Answer Deadline expired. But for whatever reason he did not. The Answer Deadline has now expired and § 303(h) of the Code requires that the Court issue the order for relief under Chapter 7 of the Code. *See In re Rebeor*, 93 B.R. 16, 22 (Bankr. N.D.N.Y. 1988) ("Though a harsh result, there can be no other in furtherance of the plain language of Code § 303(h) embodying the Code's policy to expeditiously resolve involuntary proceedings.").

**No Cause for Extension**

24. Even if the Court does entertain the Motion to Extend in three weeks time and well after the Answer Deadline has expired, notwithstanding the plain language of § 303(h) of the Code and Rule 1011(b), the motion should still be denied for its complete lack of any demonstrated or valid cause to enlarge Alleged Debtor's Answer Deadline.

25. First, the underlying predicate for the requested extension is inaccurate. Not all of Maine's bankruptcy attorneys are conflicted out from representing Alleged Debtor personally. For example, as recently as October 3, 2024 – the day after the filing of the Motion to Extend – Alleged Debtor's counsel, Marcus Clegg, was representing him personally in relation to subpoena and discovery issues in a civil action pending in Maine Superior Court. Marcus Clegg is an experienced bankruptcy firm that has been representing Alleged Debtor, personally, for years. And even if Alleged Debtor owes the firm money for unpaid work performed on his behalf, that does not disqualify them from representing Alleged Debtor under § 329 of the Code. So he does have access to bankruptcy counsel, in Maine, and without conflicts. Whether a particular firm will agree to represent him is admittedly another question entirely, but unwillingness to take on a representation,

6

and being conflicted out, are two very different things.

26. Further, even if every single bankruptcy attorney in Maine was, in fact, conflicted out of representing him personally, which is almost certainly not the case, over the past 3 weeks all he had to do was contact a bankruptcy attorney anywhere in the country, likely deliver to that attorney a retainer, and he could have had that counsel file an answer or other response to the Involuntary Petition by the Answer Deadline. But for whatever reason he failed to do so. Instead, he is seeking to further delay this process and without any true or actual intention of contesting the bona fides of Petitioning Creditors' claims. None of that constitutes cause for an extension of Answer Deadline.

27. Similarly, even if Court issues an order for relief as required under § 303(h), Alleged Debtor can still <u>then</u> move to extend the time to file schedules or seek to retain counsel to investigate his Chapter 11 and 7 bankruptcy options, as Alleged Debtor, himself, acknowledges in his Motion to Extend is the true purpose of the requested additional time. *See* Federal Rule of Bankruptcy Procedure 1013; *cf. In re Parker*, 2012 WL 4021144, at *1 (Bankr. D. Vt. Sept. 11, 2012) ("Mr. Parker's Response expresses opposition to the involuntary petition and the entry of an order for bankruptcy relief, and also seeks an enlargement of the time to file a 'more informed' answer to the petition so that he may consult with counsel. Since Mr. Parker has filed a timely answer to the petition, no enlargement of time to file an answer is necessary. The Court therefore construes this part of Mr. Parker's Response as a request for leave to file a supplement to his answer before the Court sets a trial on the petition.").

> Bankruptcy Rule 1013 mandates the expeditious determination of the issues of contested involuntary petitions.
>
> The purpose of Bankruptcy Rule 1013(a) is the avoidance, to the extent possible, of the consequences of the involuntary petition in the absence of the entry of an order for relief. These consequences often include loss of credit standing, a chilling effect on the willingness of creditors and third parties to transact business in the ordinary course, and possible public embarrassment. *See In re Zadock Reid,* 773 F.2d 945 (7th Cir.1985).

*In re Colon*, 2008 WL 8664760, at *5 (B.A.P. 1st Cir. Nov. 21, 2008); <u>In re HH Tech. Corp.</u>, 659

B.R. 788, 804 (B.A.P. 1st Cir. 2024) ("Bankruptcy Rule 1013(a) (requiring the court to 'determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief [or] dismiss the petition')—a goal which finds support in well-established rules of statutory construction.").

28.     Permitting Alleged Debtor to locate counsel <u>after</u> the issuance of the order for relief is the more appropriate balancing of the parties' competing interests here and serves the goals and protections of the involuntary process under § 303 of the Code.

29.     As Alleged Debtor acknowledge and concedes in his filing, this case is not going to be dismissed given the indisputable factual and legal bona fides of Petitioning Creditors' unsecured claims. Rather, it is either going to proceed under Chapter 7, or 11, once an order for relief is entered. So there is no reason to delay further the entry of the order for relief.

30.     To the contrary, once an order for relief is entered, Petitioning Creditors, and all Alleged Debtor's other creditors as well, will gain additional protections against any depletion of assets or other transfers or activities of Alleged Debtor that they do not currently enjoy. If Alleged Debtor is granted another month-plus to then answer or respond to the Involuntary Petition, then it will likely force Petitioning Creditors to seek relief under 303(f) of the Code in the interim. That is just more process, legal fees, and expense that Petitioning Creditors should not have to shoulder simply because Alleged Debtor waited until the 11th hour to seek more time to find counsel.

**Local Rule 9013-1(b)(2)**

31.     Finally, the Motion to Extend itself is procedurally defective under Local Rule 9013-1(b)(2), which applies to all parties regardless of whether they are proceeding through counsel or on a *pro se* basis. Alleged Debtor did not provide for sufficient time between the scheduled hearing on the Moton to Extend (October 29) and the response deadline (October 23) for the motion in compliance with Local Rule 9013-1(b)(2). It is admittedly just one day short, and this Objection is

8

being filed well in advance of the stated response deadline.

32. Nevertheless, motions filed with the Court out of compliance with the Local Rules are generally not scheduled for hearing or action unless and until they comply with the applicable rules of procedure, and Petitioning Creditors see no reason why the rules would not apply to Alleged Debtor in this instance. *See, e.g., In re Cyphermint, Inc.*, 2011 WL 2417132, at *4 (D. Mass. June 10, 2011) ("*Pro se* litigants are normally held to the same standard [as attorneys]. . . . This is especially true where there is no indication that the *pro se* litigant lacks capacity to participate in court proceedings. *See Claremont Flock,* 281 F.3d at 299 (*pro se* litigant not entitled to special treatment where litigant was a 'sophisticated' businessman); *Bennett,* 295 F.3d at 808 (same where litigant had competently participated in court proceedings and was not hampered by indigence, lack of basic education, or prisoner status).").

33. Alleged Debtor – more so than the average *pro se* – is particularly familiar with bankruptcy proceedings. *See* ¶ 7 above.

34. To the extent that the Motion to Extend is procedurally defective and not before the Court for action, then there was no filing in advance of the expiration of the Answer Deadline, and § 303(h) and Rule 1011(b) again require the immediate issuance of the order for relief. If Alleged Debtor renews the Motion to Extend, it will have been filed anew and not relate back to the original filing, and subject to the excusable neglect standard for relief.

## Conclusion

35. For all these reasons, as of this date, all the allegations and claims set forth in the Involuntary Petition have been admitted and, as such, the Code directs that the Court shall issue forthwith an order for relief with respect to Alleged Debtor under Chapter 7 of the Code. *See* 11 U.S.C. § 303(h); Federal Rules of Bankruptcy Procedure 1011(b), 1013, 7008; Federal Rule of Civil Procedure 8(a)(6).

WHEREFORE, Petitioning Creditors, Severin M. Beliveau, Esq., Cumberland Capital, LLC, Chris Marquez, and Accelerated Capital Partners, LLC, request that the Court deny the Motion to Extend, immediately issue an order for relief under Chapter 7 of the Code in this proceeding, and that the Court grant Petitioning Creditors such other relief as may be just and equitable under the circumstances.

Dated:  October 7, 2024.

|  |  |
|---|---|
| CRESWELLLAW<br>PO Box 7340<br>Portland, ME  04112<br>207.358.1010<br>rcreswell@creswelllaw.com | /s/ Randy J. Creswell<br>Randy J. Creswell, Esq.<br>Counsel for Petitioning Creditor,<br>Severin M. Beliveau, Esq. |
| Drummond Woodsum<br>84 Marginal Way, Suite 600<br>Portland, ME  04101<br>(207) 772-1941<br>jfischer@dwmlaw.com | /s/ Jeremy R. Fischer<br>Jeremy R. Fischer, Esq.<br>Counsel for Petitioning Creditor,<br>Chris Marquez |
| Norman Hanson & Detroy<br>Two Canal Plaza<br>Portland, ME  04112<br>(207) 774-7000<br>dcummings@nhdlaw.com | /s/ Daniel Cummings<br>Daniel L. Cummings, Esq.<br>Counsel for Petitioning Creditor,<br>Cumberland Capital, LLC |
| Weinstein Lovell & Ordway, P.A.<br>431 Main Street<br>Saco, ME  04072<br>(207) 283-4546<br>pweinstein@sacolaw.com | /s/ Paul Weinstein<br>Paul Weinstein, Esq.<br>Counsel for Petitioning Creditor,<br>Accelerated Capital Partners, LLC |

_____

## CERTIFICATE OF SERVICE

I hereby certify that today I served copies of the above Objection and this Certificate of Service, upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise indicated below).

Dated at Portland, Maine this 7th day of October, 2024.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Petitioning Creditor,
Severin M. Beliveau, Esq.

CRESWELLLAW
PO Box 7340
Portland, ME  04112
207.358.1010
rcreswell@creswelllaw.com

## Service List

Kevin J. Mattson (via email and U.S. Mail)
10 Cranberry Ridge Road
Falmouth, ME  04032
(kevinmattson2112@gmail.com)