**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **KEVIN MATTSON** | ) | **Chapter 7** |
| | ) | **Case No. 24-20188** |
| **Debtor** | ) | |

**Objection To Motion For Determination Of Excessiveness Of Payments For Legal Services**
**Rendered By Counsel, Pursuant To Federal Rule Of Bankruptcy Procedure 2017**

Now comes Kevin J. Mattson ("Mattson"), by and through his undersigned counsel, and files

this opposition to Montresor, LLC's ("Montresor") *Motion for Determination of Excessiveness of Payments*

*Rendered by Counsel, Pursuant to Federal Rule of Bankruptcy Procedure 2017* (the "Motion") [DE 167].

Contrary to Montresor's assertions and insinuations, the Debtor has not made "excessive" payments

to Marcus Clegg ("MC") for representation in this case. The Motion is baseless and was filed solely to

harass the Debtor and his professionals.

Montresor identifies six payments that it suggests could constitute excessive compensation

under Rule 2017 and section 329 of the Code. Motion, ¶ 16. That is not the case. Three of them were

not in facts payments, as they were returned for insufficient funds, two of them related to payments

to Montresor's predecessor, SW Legacy, LLC ("Legacy"), and one, for $5,000, was applied to the bill

for a non-debtor entity, Dirigo Capital Advisors, LLC.

| Payment Date | Amount | Details |
|---|---|---|
| Feb. 7, 2024 | $12,500 | Transferred to Jensen Baird Gardner & Henry for payment of fees, *etc.* owed to Montresor's predecessor, Legacy. |
| Feb. 7, 2024 | $     780 | Reimbursement of service charge incurred by MC for running the $12,500 payment on the Debtor's credit card. |
| Mar. 20, 2024 | $  5,000 | Applied to bill for Dirigo Capital Advisors, LLC. |
| Mar. 27, 2024 | $10,000 | Returned for insufficient funds. |

1

| Apr. 5, 2024 | $10,000 | Returned for insufficient funds. |
| May 23, 2024 | $20,000 | Returned for insufficient funds. |

Since the February 7, 2024, payment was made on account of Dirigo Capital Advisors, LLC, a non-debtor, it has no bearing on compensation paid to MC for services rendered to the Debtor in his personal (and involuntary) Chapter 7 case.[1]

Finally, Montresor suggests that a *Guaranty* provided by Seton Unit 4, LLC ("Seton 4") of various obligations of Mattson and related entities to MC should have been revealed. Not so. First, the Guaranty does not represent a "payment" or "transfer" or property as those terms are used in ¶¶ 8, 16 and 17 of the SOFA or the definitional provision of the Code. *See e.g., Covey v. Commercial National Bank of Peoria,* 960 F.2d 657, 661 (7th Cir. 1992) ("Although a note or guarantee is not a 'transfer' for purposes of 11 U.S.C. § 101(54) ... both [a] note and guarantee are obligations."); *In re Weiss Multi-Strategy Advisers LLC,* 664 B.R. 492, 529 (Bankr. S.D.N.Y. 2024) ("Guarantees, however, are not generally considered 'transfers' for purposes of 11 U.S.C. § 101(54) . . . .") It was not a pledge of the Seton 4 tax credits (as was expressly given to another Mattson creditor). It simply provided a highly-contingent possibility of future payment if and when the Seton 4 tax credits were monetized. As of the Petition Date, Seton 4 had neither "paid" MC, nor "transferred" anything to  it on account of Mattson.[2] And even if the Guaranty could somehow be considered a transfer , it certainly cannot be "excessive" as it, as of today, has a value of $0.00.

---

[1]      Montresor will no doubt cry foul and suggest this payment should have been revealed on Matton's *Statement of Financial Affairs* ("SOFA"), perhaps at ¶ 8 (payments or transfers within one year on account of a debt that benefitted an insider). In order to avoid that accusation, Mattson will amend the SOFA to include this payment.

[2]      Moreover, ¶ 16 of the SOFA asks whether Mattson or anyone acting on Mattson's behalf paid or transferred any property to anyone "consulted about seeking bankruptcy or preparing a bankruptcy petition" within the year before the Petition Date (emphasis added). Mattson never consulted with MC about seeking bankruptcy or preparing a bankruptcy petition. To the contrary, Mattson was placed in an involuntary Chapter 7 last year (by members of Montresor) and MC did not enter its appearance until months later. Similarly, ¶ 17 asks whether Mattson or anyone acting on his behalf paid or transferred any property to anyone who "promised to help you deal with your creditors or to make payments to your creditors" within the year before the Petition Date. As evidenced by the payment history above, MC received no payments from Mattson or on his behalf related to personal creditor issues.

As set forth in the Debtor's Statement of Financial Affairs (¶ 16), the only compensation that MC has received in connection with Mattson's bankruptcy case is the $5,000 retainer referenced therein. It was not "excessive", and it was disclosed in Mattson's amended SOFA soon after MC entered the case.[3] The Motion is nothing more than another attempted "gotcha" by a creditor[4] who will spare no expense and leave no stone unturned in its effort to persecute Mattson and his creditors[5].

### Responses Required by D.Me. LBR 9013-1(c)(2)

2-12.   Admit.

### Conclusion

Wherefore Mattson respectfully requests that the Court enter an Order:

A.      Denying the relief requested in the Motion, including Montresor's request that MC be compelled to file its billing records for the year preceding the Petition Date; and

B.      Granting such other relief as the Curt deems just and appropriate.


DATED:  November 10, 2025            /s/ David C. Johnson
                                    David C. Johnson, Esq.
                                    Lee H. Bals, Esq.


                                    MARCUS | CLEGG
                                    16 Middle Street – Unit 501
                                    Portland, ME  04101
                                    (207) 828-8000
                                    bankruptcy@marcusclegg.com

                                    Attorneys for the Debtor

---

[3]     MC has, simultaneously with filing this Opposition, filed its Form 2023 Disclosure of Compensation reflecting that payment. MC apologizes for the oversight in not filing the Form 2030 when it entered its appearance.

[4]     It is telling that this Motion was not brought by Mattson's Chapter 7 Trustee.

[5]     Amazingly, Montresor asks, in its proposed form of order, that MC be compelled to turn over all of its billing records for the Debtor and all insiders affiliates and/or entities for which it rendered services during the year preceding the Petition Date, "all for review by this Court for potential excessiveness of direct or indirect payments of money or other transfers of property for services provided." There is absolutely no legitimate basis for this request; it is simply more harassment of the Debtor and his professionals.