RECEIVED
By USBC Portland at 2;05 pm, 12/30/2025

December 30, 2025

Monica Bigley
Clerk of the United States Bankruptcy Court
District of Maine
537 Congress Street
Portland, Maine 04101

Case #: 24-20188

**RE:  Reply to the Objection (D.E. 201) to Chapter 7 Trustee Motion To Approve Compromise (D.E. 178)**

My name is Kevin J Mattson.  I was filed into the involuntary Chapter 7 bankruptcy case referenced above on September 12th, 2024 by four unsecured creditors. I apologize for the informal nature of my letter to the court regarding the pending motion referenced, however I am proceeding *pro se* in my case and as such must provide a response in narrative form.

The purpose of this letter is to offer a reply to the Objection (D.E. 201)that seeks to deny approval of the Settlement Agreement filed at D.E. 178.  I must retain my right to withdraw from the Agreement, which is pending court approval and of which I am a party, should there be any material change in the terms of the Agreement such as the distribution of proceeds.  There are additional pending motions before the court that could also result in a material change, but a decision on said motions may not be known until after the Settlement Agreement is considered by the court.  Hence the need to reserve my rights for the reasons discussed below.

## Background

The Agreement seeks to allocate state historic tax credits that were generated through the redevelopment of the former Seton Hospital in Waterville, which I owned through an LLC named Waterville Redevelopment Company III LLC.  The project's development plan contemplates two phases; one is materially complete and was placed into service in December of 2023 allowing credits under certain conditions to be claimed for that phase of the project.  The credits were passed through to an entity called Waterville Commercial LLC through a master lease.

1

Historic tax credits may be claimed either through a master lease structure or directly by the building owner. The credits are then allocated through the operating agreement (in the case of the master lease entity) to the tax credit equity partners identified in the operating agreement. In my case, the state tax credit partner is Seton Unit 4 LLC which is the subject of the Agreement. The state tax credits are refundable to the owner of the credit – refundable in the sense that they are paid by the State of Maine in the form of cash. This refundable feature has made the State program very successful and the credits valuable because unlike their federal counterpart they are fungible. Without this refundable feature credits would have to be syndicated and monetized through a complex ownership structure resulting in a much lower yield per credit.

The court has heard of these credits in a few cases over the past several years. The credits were referred to at one point in court as a "unicorn" but as the court rightly commented at the time, unicorns can be valuable. And the state credits earned by the Seton project have the potential to be the most significant asset in my estate. I say potential because the credits are of zero value without actions that I would need to personally undertake so that they can be realized and, by doing so, pose substantial financial risk to me.

The risk is primarily recapture, which is the mechanism the taxing authority uses to claw back benefit if the rules governing the credits are not followed during what is known as the holding period. The holding period is five years from the date the property was placed in service, and the recapture is calculated by allocating the benefit received by the remaining percentage of time left during the holding period when the recapture event occurs. Typical recapture events involve changes of ownership but also involve continuing compliance and adherence with the permit procedure promulgated by the National Park Service, which oversees the administration of the tax credit program.

Waterville Commercial LLC went through a vigorous third-party audit process to determine the amount of available credits and filed an initial tax return for tax year 2023. Filing the federal tax return is the mechanism for allocating credits (they are allocated through the tax return on form K1) which are then claimed by the tax credit partners.

The issue at hand is what actions are required for Seton Unit 4, the state tax credit partner of Waterville Commercial, to claim the state tax credits for tax year 2023 and 2024. This is the heart of the Settlement Agreement. The first step is to file a tax return. Seton Unit 4 is wholly owned by me (or my estate more formally) and

2

therefore is a disregarded tax entity and cannot file on its own. As a disregarded entity I must file my federal taxes – specifically tax year 2023 and 2024 - and claim credits through a subsidiary schedule. Purdy Powers has agreed to do the tax preparation, which is very complicated, as long as they are paid from the proceeds of the SHTC. A careful agreement that took many months was negotiated among the parties including the Chapter 7 Trustee and the result is the pending Agreement before the court.

The Agreement allocates resources to paying the administrative costs of claiming the credits and also pays secured parties, including Marcus Clegg, who performed all of the legal work for Waterville Commercial to be able to claim the credits in the first place and yet has not been paid for that work.

One party that will not receive benefit is myself. I will not receive a cent from the proceeds that can be claimed at this time. Instead, the settlement agreement confers on me a very high degree of personal financial risk. By claiming the credits personally, I am the only party responsible if recapture occurs. In order to comply with NPS guidelines, I must also perform a significant amount of work including an update of the existing Part 2 permit, and the completion of a Part 3 permit over the course of 18 months. This work is not "light lifting" and will be unpaid work at a time when this involuntary case has decimated my family and our finances and continues to do so each day.

Because the credits were claimed using a master lease, they are subject to automatic recapture (as opposed to recapture due to noncompliance) over a 39-year period under IRC §50(d)(5) and Treas. Reg. §1.50-1(b). In essence, I am personally accepting the repayment of the credit over 39 years. It will be a much shorter, harsher repayment schedule if credits are recaptured due to non-compliance.

The court recently heard arguments about which party "owns" the credit, but in the end, that point is meaningless from a practical perspective. The credit is not a tax refund; it is characterized by the IRS as a grant and treated as such under the tax code. The process includes many requirements that are not easy to achieve and require significant effort and skill. The state tax credit net proceeds (after company obligations are paid like those outlined in the Agreement) are taxable on the federal level because they are a grant. This tax will pass through to me personally.

There are on-going requirements related to the NPS permit that, if not followed, result in recapture. The real question is who will take responsibility for meeting

3

these requirements and perform the required work. <u>I have agreed to do so, as long as the bargain that was struck in the Agreement is kept intact.</u> If the agreement is modified, I must reserve my right to withdraw from the Agreement altogether. Once the court has ruled on the pending motions regarding the credits I can then decide if the risk and burden to my family is worth the bargain. I cannot make that decision until the court has ruled on the related motions as the outcome may alter the very reason I joined in the initial Agreement.

For these reasons I respectfully request that the court grant approval of the Settlement Agreement as it is written without material modifications.

Sincerely,

Kevin J. Mattson
Pro Se