**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| KEVIN J. MATTSON, ) | Case No. 24-20188 PGC |
| ) | |
| Debtor. ) | |

**MONTRESOR LLC'S OBJECTION TO MOTION TO APPROVE COMPROMISE**
**WITH TERRENCE CONKLIN PURSUANT TO FED. R. BANKR. P. 9019(a)**

NOW COMES Montresor LLC ("Montresor"), a creditor in the above-captioned Chapter 7 case of Debtor, Kevin J. Mattson ("Debtor"), pursuant to 11 U.S.C. §§ 105 and 502, Federal Rule of Bankruptcy Procedure 9019, and D. Me. LBR 9013-1, 9014-1, and 9019-1, and objects to the Motion to Approve Compromise with Terrence Conklin Pursuant to Fed. R. Bankr. P. 9019(a), dated February 19, 2026 ("9019 Motion") (D.E. 230), filed by Edmond J. Ford, Chapter 7 Trustee ("Trustee"), seeking the Court's approval of the proposed Settlement Agreement between the Trustee and Terence Conklin ("Conklin") regarding the allowance, in part, of Conklin's Proof of Claim, dated May 19, 2025 (Claim No. 33-1) ("Claim"), against the estate.

In support of its Objection, Montresor states as follows.

### I. Lack of Constitutional Authority, Jurisdiction, or Statutory Authority

1. This Court lacks Constitutional authority to issue final orders and judgments in this contested matter, it lacks jurisdiction pursuant to 28 U.S.C. § 1334(b), and this is not a statutorily-core proceeding under 28 U.S.C. § 157(b).

### II. Facts

2. On September 12, 2024, multiple petitioning creditors commenced this case against Debtor through the filing of a Chapter 7 Involuntary Petition Against an Individual (D.E. 1).

3. On October 10, 2024, the Court issued its Order for Relief in an Involuntary Case (D.E. 10). On October 23, 2024, the Court issued its Order (D.E. 30) granting Debtor's Motion to Convert Case from Chapter 7 to Chapter 11 (D.E. 13).

4. On February 11, 2025, the Court issued its Order re-converting Debtor's Chapter 11

case to one under Chapter 7 of the United States Bankruptcy Code ("Code") (D.E. 80).

5.　　On May 20, 2025, Conklin filed his Claim against the estate in the amount of $258,750.  Conklin states that the basis for his Claim is "Money Loaned."  *See* Claim ¶ 8.

6.　　On August 7, 2025, the Trustee commenced an Adversary Proceeding against Debtor, Conklin, Debtor's former counsel, Marcus Clegg Bals & Rosenthal ("Marcus Clegg"), and Seton Unit 4, LLC ("Seton 4") (collectively, "Defendants"), which action is entitled, Edmond J. Ford, Trustee v. Terence Conklin, *et al.*, Adv. Proc. No. 25-2009 ("Adversary Proceeding").

7.　　In his Adversary Proceeding Complaint, the Trustee alleges three claims against Defendants: (1) avoidance of a Pledge (as defined in the Complaint) as a preferential transfer to Conklin under § 547 of the Code; (2) avoidance of a grant of a security interest to Conklin under § 544 of the Code and applicable non-bankruptcy law; and (3) the Tax Credit (as defined in the Complaint) is property of the estate under § 541 of the Code (against Seton 4 and Marcus Clegg).

8.　　On December 3, 2025, the Trustee filed a Motion to Approve Compromise Pursuant to Fed. R. Bankr. P. 9019(a) ("Application to Compromise") (D.E. 178), whereby he sought the Court's approval of a proposed Settlement Agreement by and among the Trustee and Defendants in relation to Debtor's case and the Adversary Proceeding.

9.　　On December 8, 2025, Montresor filed its own Objection to Proof of Claim of Terrence J. Conklin (D.E. 182) ("Montresor Objection"), in which it sought the complete disallowance of Conklin's Claim under § 502(b)(1) of the Code.

10.　　On December 26, 2026, Montresor filed its Objection to Motion to Approve Compromise Pursuant to Fed. R. Bankr. P. 9019(a) (D.E. 201) with respect to the Trustee's Application to Compromise.

11. On February 19, 2026, the Trustee filed the instant 9019 Motion with respect to Conklin's Claim. In his 9019 Motion, the Trustee seeks the Court's approval of the partial allowance of Conklin's Claim against the estate, as well as the approval of a proposed Settlement Agreement between the Trustee and Conklin.

12. At a hearing before the Court on February 25, 2026, for the reasons set forth on the record and advanced, at least in part, in Montresor's Objection (D.E. 201), the Court denied the Trustee's Application to Compromise with Defendants.

13. At the February 25 hearing, the Court continued the consideration of the Montresor Objection to Conklin's Claim to March 31, so as to be heard in conjunction with the Trustee's 9019 Motion at issue here.

14. For the reasons discussed below, the Trustee's 9019 Motion should be denied.

### III. Discussion

#### A. Business Judgment Standard

15. "Compromises are generally approved if they meet the business judgment of the trustee." *In re Indian Motocycle Co., Inc.*, 289 B.R. 269, 282 (B.A.P. 1st Cir. 2003).

> At the hearing on the settlement, the Bankruptcy Court weighed the appropriate factors for approval of a compromise. Those factors include: (i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise. *Desmond,* 70 F.3d at 185.

*Id.* at 283.

> The First Circuit observed, however, that "[t]he approval of a compromise is within the sound discretion of the bankruptcy judge ... and [an appellate] court will not overturn a decision to approve a compromise absent a clear showing that the bankruptcy judge abused her discretion." *Id.* "The cask which encases a judge's discretion, though commodious, can be shattered when a reviewing tribunal is persuaded that the trial court misconceived or misapplied the law, or misconstrued its own rules." *Id.* (quoting *Aggarwal v. Ponce Sch. of Med.,* 745 F.2d 723, 727 (1st Cir.1984)).

3

*Beacon Investments LLC v. MainePCS, LLC*, 468 B.R. 1, 14–15 (D. Me. 2012).

### B. No Justiciable Controversy Exists Between the Trustee and Conklin

16. As an initial matter, it is necessary to identify what precise dispute or controversy the Trustee is seeking to settle with Conklin through the 9019 Motion. *See generally* Federal Rule of Bankruptcy Procedure 9019.

17. The Trustee has not objected to the allowance of Conklin's Claim under § 502 of the Code, or otherwise. Nor did the Trustee seek the disallowance of Conklin's Claim in the Adversary Proceeding, even though he was or should have been aware of valid grounds for doing so under applicable, non-bankruptcy law. In the Adversary Proceeding, the Trustee has only sought to avoid and/or preserve pledges or liens that purportedly secure Conklin's underlying Claim. *See generally* Complaint (Counts I and II). But that is not the same thing as challenging the Claim itself, or its amount.

18. Without an actual objection to the Claim or dispute on behalf of the Trustee and the estate with respect to Conklin's Claim, there is no justiciable controversy between the estate and Conklin to be settled or compromised. As such, the Court lacks jurisdiction over the 9019 Motion.

> Under Article III, federal courts' judicial power is restricted to "cases" and "controversies." U.S. Const. Art. III, § 2; *Flast*, 392 U.S. at 94, 88 S.Ct. 1942. As a result, the core Article III limitation on federal judicial power is that federal courts cannot issue advisory opinions. Indeed, "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions."

*In re Smith*, 409 B.R. 1, 3 (Bankr. D.N.H. 2009) (citations omitted).

19. Federal courts do not issue advisory opinions. But that is exactly what the Trustee is improperly asking the Court to do in ruling on the 9019 Motion.

### C. The Sole Justification for the Trustee's 9019 Motion No Longer Exists

20. The Trustee's sole justification for the Court's approval of the 9019 Motion and "a compromise relating to the claim of Terrence Conklin" is to reach an alignment with the proposed

4

terms of the Trustee's Application to Compromise with Defendants in the Adversary Proceeding – which has now been denied.  *See* Order (D.E. 235).

> <u>Rather than risk that compromise</u> [*i.e.*, Application to Compromise], the Trustee proposes a fair resolution of the Conklin Claim…. Montresor's objections [*i.e.*, Montresor Objection] waste the Trustee's and Court's time and have the effect of interfering with a settlement that will benefit the estate.  The Trustee therefore proposes to compromise the claim objection.

9019 Motion, pp. 1-2 (emphasis added).

21. Well, now that the Application to Compromise has been denied, there is no more purported "settlement that will benefit the estate" for Montresor to interfere with through its wasteful objections.

22. The Trustee, on the other hand, having expressly stated his concerns about parties that waste people's time and Court and estate resources unnecessarily, will presumably now withdraw the 9019 Motion given that the singular justification underpinning that motion and its attendant proposed Settlement Agreement with Conklin has been lost.  And if it is not withdrawn, then it should be denied.

**D.   The Chapter 7 Trustee Cannot Settle a Contested Matter Between Non-Debtor Parties With Respect to a Claim Objection**

23. Citing no Code authority, no Federal Rule of Bankruptcy Procedure, no Local Rule, or any caselaw whatsoever in support of his extraordinary overreach here, the Trustee specifically filed the 9019 Motion in order "compromise the claim objection" – *i.e.*, <u>Montresor's Objection</u> to the Conklin Claim.  9019 Motion, p. 2.  Montresor will not belabor this argument long.

24. The plain language of §§ 502(a) and (b) of the Code specifically authorize any "party in interest" to "object[]" to a proof of claim and, "if such objection to a claim is made, the court, after a notice and hearing, shall determine the amount of such claim . . . and shall allow such claim in such amount …." 11 U.S.C. §§ 502(a) and (b).

5

25. And while there are certain exceptions for the allowance of claims listed in § 502(b)(1) – (9), none of those exceptions (or any other Code provisions) provide that a party-in-interest is entitled to a hearing on its claim objection <u>unless</u> a Chapter 7 trustee hijacks its contested-matter process and settles (on a justiciable basis or not) the claim objection with the non-debtor party out from under the party-in-interest who asserted the claim objection in the first place.

26. If the Trustee has any legal support for his purported authority in this regard, Montresor has not seen it and is unaware that any such authority exists. Again, if it is not withdrawn, then the 9019 Motion should be denied.

**E.     Conklin Has Conceded the Trustee's Claims Against Him in Counts I and II of the Adversary Proceeding Complaint**

27. On December 30, 2025 (D.E. 202), Conklin filed his Answer to the Montresor Objection to Conklin's Claim.

28. In the Answer, Conklin admits and concedes that the "Pledge" at issue in the Adversary Proceeding Complaint was solely between himself and Seton 4. Answer ¶¶ 40, 41. Fair enough.

29. Given that material and determinative admission, the Trustee should have no trouble whatsoever readily securing a judgment against Conklin on Counts I and II of the Adversary Proceeding.

30. Additionally, the Trustee and the estate will also be the beneficiaries of the Montresor Objection to the Conklin Claim. For if Montresor is successful in having the Claim disallowed in its entirety under § 502(b)(1), then the Trustee and estate will not have to expend <u>any</u> resources in either the Adversary Proceeding or bankruptcy case.

31. Without an underlying claim against Debtor pursuant to applicable, non-bankruptcy law, it is impossible for Conklin have (an avoidable or not) pledge in any collateral to secure that non-existent claim. Basically, the Trustee should just wait to see how the Montresor Objection to

the Conklin Claim is resolved.  It is plainly in the best interests of the estate to do so.

32. For these and other reasons to be addressed at the hearing on the 9019 Motion should it go forward, Montresor asserts that the Trustee has failed to carry his burden to demonstrate a proper exercise of his business judgment in this instance under *In re Healthco*.  *See generally In re Healthco Int'l, Inc.*, 136 F.3d 45, 50 (1st Cir. 1998) ("It may consider, among other factors: (1) the probability of success were the claim to be litigated – given the legal and evidentiary obstacles and the expense, inconvenience and delay entailed in its litigation – measured against the more definitive, concrete and immediate benefits attending the proposed settlement,…; (2) a reasonable accommodation of the creditors' views regarding the proposed settlement; and (3) the experience and competence of the fiduciary proposing the settlement.").

## IV. Conclusion

WHEREFORE, Creditor Montresor LLC requests that the Court deny the Trustee's 9019 Motion or, alternatively, establish a discovery schedule in his contested matter for a final determination, as necessary, of the Trustee's 9019 Motion at an evidentiary hearing, and that it grant it such other and further relief as may be just and equitable under the circumstances.

Dated at Portland, Maine this 7th day of March, 2026.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditor,
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME  04112
207.358.1010
rcreswell@creswelllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that today I served copies of the above Objection and this Certificate of Service, upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise set forth below).

Dated at Portland, Maine this 7th day of March, 2026.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditor,
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME  04112
207.358.1010
rcreswell@creswelllaw.com

## Service List

Kevin J. Mattson, Debtor (via U.S. Mail and email)
10 Cranberry Ridge Road
Freeport, ME  04032

Terrence J. Conklin (via U.S. Mail and email)
82 South Road
Rye Beach, NH  03871