**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE (Portland)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | **Chapter 7** |
| **Kevin J. Mattson,** | **Case No. 24-20188-PGC** |
| **Debtor** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO APPROVE COMPROMISE**
**PURSUANT TO FED. R. BANKR. P. 9019(a)**

*NOW COMES* Edmond J. Ford, Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate

of Kevin J. Mattson (the "Estate"), by his attorneys Ford, McDonald &Borden, P.A., and moves

to approve a compromise  (attached as **Exhibit A**) relating to Ford v. Conklin *et. al.*, Adv. P.  25-

02009 (the "Adv. P") together with certain Chapter 5 recovery claims against Geoffrey

Houghton and Island Brewing and in support thereof, says as follows:

**INTRODUCTION & BUSINESS SUMMARY**

The Estate will receive the sum of $15,000.00[1] from the Debtor, funded by a loan to the

Debtor from Geoffrey Houghton and in exchange: (a) dismiss the Adv. P with prejudice; and (b)

release claims arising from  the following checks (only some of which cleared):

| Posted Date | Check Date | Check No | Wire | Payee | Amount |
|---|---|---|---|---|---|
| 2024-12-03 | 2024-12-24 | 287 | | Geoff Houghton | $2,250.00 |
| 2024-09-16 | 2024-09-13 | 317 | | Geoff Houghton | $10,000.00 |
| 2024-09-04 | 2024-09-03 | 252 | | Geoff Houghton | $7,800.00 |
| 2024-07-29 | 2024-07-26 | 193 | | Geoff Houghton | $7,800.00 |
| 2024-03-19 | 2024-03-18 | 137 | | Island Brewing | $25,100.00 |
| 2024-03-15 | 2024-03-14 | 134 | | Island Brewing | $10,000.00 |
| 2024-03-13 | 2024-03-12 | 131 | | Island Brewing | $12,000.00 |
| | | | | | |
| | | | | Subtotal | $74,950.00 |

---

[1] The Debtor has delivered those funds to the Trustee who holds them in the Estate bank account.

The Settlement abandons the membership interest in Seton Unit 4, LLC and dismisses the Adv. P with prejudice in exchange for $5,000.00.

**FACTS:**

1.　The following chart accurately depicts the checks written to Geoff Houghton and Island Brewing:

| Posted Date | Check Date | Check No | Wire | Payee | Amount |
|---|---|---|---|---|---|
| 2024-12-03 | 2024-12-24 | 287 | | Geoff Houghton | $2,250.00 |
| 2024-09-16 | 2024-09-13 | 317 | | Geoff Houghton | $10,000.00 |
| 2024-09-04 | 2024-09-03 | 252 | | Geoff Houghton | $7,800.00 |
| 2024-07-29 | 2024-07-26 | 193 | | Geoff Houghton | $7,800.00 |
| 2024-03-19 | 2024-03-18 | 137 | | Island Brewing | $25,100.00 |
| 2024-03-15 | 2024-03-14 | 134 | | Island Brewing | $10,000.00 |
| 2024-03-13 | 2024-03-12 | 131 | | Island Brewing | $12,000.00 |
| | | | | | |
| | | | | Subtotal | $74,950.00 |

2.　Geoff Houghton ("Houghton") received four checks, only two of which cleared, transferring to him $15,600.00 within 90 days of the bankruptcy petition date.

3.　Checks to Houghton numbered 287 and 317 were posted by Amex Bank but were returned for insufficient funds and did not clear.

4.　The Debtor and Houghton each assert that the $7,800 were payments of loans made by Houghton to the Debtor.  They each assert that such loans were common between Mr. Houghton and the Debtor or entities controlled by the Debtor.  They each assert that the $15,600 was part of that ordinary course dealing between them.

5.　The Settlement Agreement accepts in settlement of the possible claims arising from those checks,  $4,000.00.

6.　Island Brewing received three checks from the AMEX Bank Account.

7.　Check Number 137 was posted but returned for insufficient funds and did not clear.

2

8. The remaining two checks, 134 and 131 transferred $22,000.00 to Island Brewing, outside the preference period.

9. The Debtor asserts that the checks to Island Brewing were repayments of loans.

10. In satisfaction of the possible claim, the settlement accepts $6,000.00.

11. The Trustee's business judgment is that the Estate will not be able to benefit from the Seton Unit 4, LLC, membership interest for the reasons articulated at the hearing held on February 25, 2026, and for the reasons stated in pleadings filed at Docket Entries 225, 219, 211, and 178.

12. The Trustee and his firm have invested approximately 268 hours in evaluating the assets in this case. The Trustee and his firm have invested approximately 121 hours in the matters relating to the claimed refundable tax credit.

13. The Trustee has personally spent more than 113 hours on the issues relating to the tax credit and its recovery.

14. The Trustee's business judgment was formed after having personally spent 113 hours on understanding the historic redevelopment being proposed, the National Park Service regulations, the state and federal tax laws relating to the availability of a refundable Maine tax credit and the relating bankruptcy litigation in this case. The Trustee has researched the tax regulations and statute, the National Park Service Regulations, the particular application presented in this case to the National Park Service. The Trustee has talked or otherwise communicated with various experts in the area, including Scott Hanson (author of the Historic Tax Credit Rehabilitation application), Cindy Hamilton (proposed new rehabilitation expert), Mike Johnson (at the Maine AG's office) Brian Goecke (at the National Park Service), Craig

3

Jalbert and Mat Flynn, Peter Klein.  At the Trustee's ordinary hourly rates that is time worth $60,615.00.

15.     A summary of the Trustee's time expended on the refundable tax credit issue is attached as **Exhibit B.**

16.     As a result of that $60,615.00 in time expended on the refundable tax issue, the Trustee has concluded that the refundable tax credit will not be legitimately available to anyone.

17.     The Trustee's business judgment is that the Estate will not be able to benefit from the prosecution of this Adversary Proceeding including for the reasons articulated at the hearing held on February 25, 2026, and for the reasons stated in pleadings filed at Docket Entries 225, 219, 211, and 178.

18.     The "Chalks" appended hereto as **Exhibits C** through **D** accurately summarize the Trustee's estimate of the value of this litingation at the time they were prepared.

19.     Since the date the Chalks were prepared, the likelihood of the tax credit project ever being finished declined to almost zero when the eviction judgment entered against Waterville Commercial, LLC.

**BUSINESS JUSTIFICATION FOR SETTLEMENT**

For the reasons stated in the Trustee's pleadings at Docket Entries 225, 219, 211, and 178, the Trustee does not believe that the Estate can or will ever benefit from any Maine State Refundable Tax Credit arising from any historic rehabilitation of the Elizabeth Seton Hospital. The proposed payment is therefore better than continuing with the litigation.

The Houghton preference claim is for only the funds that cleared - $15,600.00. The defense is an ordinary course defense.  The prosecution of a preference recovery will likely generate on a net basis, no more, and probably less than the settlement.

4

The Island Brewing action is likely barred by the receipt of reasonably equivalent value and the settlement is therefore better than the litigation.

### STANDARDS TO APPROVE A 9019 MOTION

The Trustee asks for approval under Rule 9019 of the Settlement Agreement attached hereto as **Exhibit A.**

The Bankruptcy Rules provide that "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

In evaluating a proposed settlement "the bankruptcy court essentially is expected to 'assess [ ] and balance the value of the claim[s] … being compromised against the value ... of the compromise proposal.'" *In re Healthco Int'l, Inc.*, 136 F.3d 45, 50 (1st Cir. 1998), *quoting, Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir. 1995). In making its determination as to whether to approve this settlement agreement, the Bankruptcy Court should consider the following factors: (i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise. *In re Servisense.com, Inc.*, 382 F.3d 68, 72 (1st Cir. 2004) (citation omitted).

> "The Court's consideration of these factors should demonstrate whether the compromise is fair and equitable, and whether the claim the debtor is giving up is outweighed by the advantage to the debtor's estate." *Id.* In reviewing these factors, "[t]he judge, however, is not to substitute [his] judgment for that of the trustee, and the trustee's judgment is to be accorded some deference." *In re Moorhead Corp.*, 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997), 'ff'd, 201 F.3d 428 (1st Cir. 1998). *In re Yacovi*, 411 F. 'pp'x 342, 346 (1st Cir. 2011) (same)
>
> Moreover, compromises are favored in bankruptcy. … In short, [t]he responsibility of the bankruptcy judge, and ours on review, is ... to ... see whether the settlement falls below the lowest point in the range of reasonableness.

*Id.* (quotations and citations omitted); *In re Am. Cartage, Inc.,* 656 F.3d 82, 91 (1st Cir. 2011) ("The task of both the bankruptcy court and any reviewing court is 'to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'")

*Best interests of Estate* — The best interests of the estate will be served by approving this compromise because it is better than the alternatives as indicated above.

*Probability of Success* —

1.   Houghton Preference Claim: Houghton and the Debtor report that they each consider the loans and repayments to have been in the ordinary course of their business relationship.  The Trustee expects that such a claim will be supported by admissible evidence. The Trustee also expects that there will be admissible evidence that the repayment was also consistent with the ordinary business practices between Houghton and Mattson.  There is therefore a very good chance that the Trustee will not succeed if the preference claim is brought.

2.   Island Brewing: Houghton and the Debtor report that the Island Brewing payments were in satisfaction of a debt owed to Island Brewing.  If that is true, the Trustee loses because the payment of a debt is reasonably equivalent value and the Trustee would have no claim under 11 U.S.C.S. § 548 (a)(1)(B) (Constructive fraud); *See,* 11 U.S.C.S. § 548 (d)(2)(a) (value includes the satisfaction of a debt).  The Trustee has no evidence that the transfer is avoidable under 11 U.S.C.S. § 548 (a)(1)(A) (actual fraud).  The Trustee has no recovery under 11 U.S.C.S. § 547 because the payments were outside the ninety (90) day preference period. 11 U.S.C.S. § 547 (b)(4)(A).

3.   Seton Unit 4, LLC. For the reasons articulated above and in Docket Entries 225, 219, 211, and 178, the Trustee has concluded that Seton Unit 4, LLC, and the

prospect of a Maine refundable tax credit are worthless.  The Trustee has concluded that there is no chance that pursuing that litigation will result any benefit to the Estate.

*Difficulty of Collection* — As to Houghton and Island Brewing, the Trustee does not believe that there is any unusual difficulty in collecting were the Trustee to prevail.

As to Seton Unit 4, LLC, if the trustee were to prevail in the litigation, he would not have a collection problem in the usual sense, but, obtaining the hoped for benefit would be practically impossible.

*Cost of Litigation and Complexity* —

As to Houghton and Island Brewing, the legal issues are not complicated.

As to the Seton Unit 4, LLC matters, the legal issues presented are interesting, and therefore appealable.  The prospect of appeal makes this litigation potentially expensive.  The complexity can be seen in the amount of time the Trustee has already expended on it – over 120 hours.

*Views of Creditors* — Trustee does not know the views of creditors as to this settlement but assumes they would agree it is not cost effective to litigate this matter to conclusion.

*Range of Reasonableness* — For all the reasons already set forth above, trustee believes the proposed resolution is with the range of reasonable outcomes.

In the Trustee's business judgment, the proposed settlement is within the range of likely outcomes and is the best outcome.

No Memorandum of Law accompanies this Motion because counsel for the Trustee has included citations to relevant authority in the Motion.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court order and decree as follows:

A. That this Motion be Granted;

B. That the Settlement Agreement attached as Exhibit A be approved;

C. That the proposed order in the Adversary Proceeding attached hereto as

   **Exhibit E** be entered; and

D. For such other and further relief as is just and equitable.

Respectfully submitted,
Edmond J. Ford, Ch. 7 Trustee

By his Attorneys,
FORD, McDONALD & BORDEN, P.A.

Date: March 16, 2026            By: */s/ Edmond J. Ford*
                                Edmond J. Ford  Bar # 010174
                                815 Elm Street, Suite 5 B
                                Manchester, NH 03101
                                (603) 373-1737 (Telephone)
                                (603) 242-1381 (Facsimile)
                                eford@fordlaw.com

Certificate of Service

On March 16, 2026, I electronically filed the foregoing document through the Court's CM/ECF systems which will send a notice of electronic filing to the parties on the Court's electronic service list.

*/s/ Edmond J. Ford*
Edmond J. Ford  Bar # 010174