**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| KEVIN J. MATTSON, | ) | Case No. 24-20188 PGC |
| | ) | |
| Debtor. | ) | |

**SEVERIN M. BELIVEAU'S REPLY TO DEBTOR'S OPPOSITION TO CREDITOR
BELIVEAU'S RULE 60(a) MOTION AND REQUEST FOR DETERMINATION
REGARDING STATUS OF AUTOMATIC STAY**

NOW COMES Creditor, Severin B. Beliveau ("Beliveau"), in the Chapter 7 case of Debtor,

Kevin J. Mattson ("Debtor"), pursuant to D. Me. LBR 9013-1(d), and files this Reply to Debtor's

Opposition to Creditor Beliveau's Rule 60(a) Motion and Request for Determination Regarding

Status of Automatic Stay, dated March 27, 2026 (D.E. 249) ("Opposition"), as follows.

1. It is hard to dispute that Debtor's legal analyses and writing have improved

dramatically in the last three months. If you compare, for example, Debtor's letter reply (D.E.

203) to the Trustee's first Application to Compromise filed in December 2025 with Debtor's

Opposition filed today, it is like he was a *pro se* litigant then but now is bordering on the legal

acumen of an actual attorney.

2. Beliveau requests that the Court confirm whether Debtor, in fact, researched and

wrote the Opposition (as well as the Letter Notice filed with the District Court), or whether it was

drafted by a licensed (or perhaps retired) member of any bar and then signed and filed by Debtor

with the Court.

> Although several state courts have permitted ghostwriting for some time, "[p]rior
> to 2011, the federal courts were almost unanimous in their condemnation of
> attorneys and litigants who failed to disclose the participation of an attorney in the
> preparation of pleadings filed with the court." In re Smith, No. 12-11603, 2013 WL
> 1092059, at *14 (Bankr. E.D. Tenn. Jan. 30, 2013) (citing Ira P. Robbins,
> Ghostwriting: Filling in the Gaps of Pro Se Prisoners' Access to the Courts, 23 Geo.
> J. Legal Ethics 271, 285 and n.73 (2010) (collecting cases)). This included the First

Circuit Court of Appeals, which expressed concern about attorneys ghostwriting pleadings without signing the documents, "thus escap[ing] the obligation imposed on members of the bar, typified by F.R.Civ.P. 11, but which exists in all cases, criminal as well as civil, of representing to the court that there is good ground to support the assertions made." Ellis v. Maine, 448 F.2d 1325, 1328 (1st Cir. 1971). In light of this concern, the First Circuit directed that "[i]f a brief is prepared in any substantial part by a member of the bar, it must be signed by him." Id. This directive paralleled directives issued by other federal courts across the country effectively banning the practice of ghostwriting in the federal courts. See Duran v. Carris, 238 F.3d 1268, 1272–73 (10th Cir. 2001) (collecting authorities and concluding that ghostwriting constitutes a "misrepresentation to this court").

*Merchia v. Lamb & Associates, P.C.*, 2021 WL 9182922, at *1 (D. Mass. Jan. 7, 2021).[1]

3.     Beliveau does not know this Court's stance on ghostwriting, but this situation does present an opportunity for the Court to express its views on the practice.  At least in federal court based upon the caselaw, lawyers that ghostwrite filings for nominally *pro se* litigants do so at their peril.

4.     Debtor's argument that permitting Beliveau and other creditors of Debtor to pursue their state law rights and remedies against him, notwithstanding the plain language of 11 U.S.C. §§ 362(c)(C)(2) and 727(a), will interfere with the Trustee's administration of the estate is preposterous.  *See* Opposition ¶ 19.  Debtor's wages, earnings, and (borrowed?) money are not property of the estate (hard to fathom how anyone still lends Debtor money, *see generally* Schedules).  *See* 11 U.S.C. § 541(a)(6).  Is Debtor really arguing that the Trustee's administration of the estate, through proposed settlements with Debtor in which Debtor has to pay the Trustee

---

[1]  *See also, e.g., In re Mungo*, 305 B.R. 762, 770 (Bankr. D.S.C. 2003) ("In this case, McMaster admitted that he drafted or authored the Conversion Motion and Reinstatement of Stay Motion on behalf of his client, Mungo, who then filed the documents pro se.  McMaster did not sign the pleadings he drafted for Mungo; therefore, McMaster drafted the pleadings anonymously.  McMaster knew that Mungo would file the pleadings he drafted in this Court.  The filings caused confusion and a waste of judicial resources, not only in their misguided aim to halt the foreclosure sale and their failure to set forth substantively adequate grounds, but in seeking action by the Court on an emergency basis.  The filings required the Chapter 7 Trustee to respond, causing cost and expense to the estate. McMaster's ghost-writing of the Motions and failure to meet his responsibilities as counsel of record were improper.  This Court has struggled with the appropriate sanction to impose in this matter.").

with post-petition, non-estate, borrowed funds, is going to be hindered because judgment creditors can potentially reach those non-estate funds?  It is an unserious argument on its face and should be rejected.

5.      As Beliveau makes plain in his motion, he does not have relief from stay with respect to estate property under § 362(c)(1), and all his collection actions against Debtor and Debtor's property are expressly permitted under § 362(c)(2)(C) under the circumstances.

6.      Beliveau's Motion to Clarify also contains a separately identified statement of facts under the header "Facts."  *See* Motion to Clarify.  But Debtor and his counsel neglected to comply with D. Me. Local Rule 9013-1(c)(2) in their Opposition.  All of Beliveau's facts set forth in ¶¶ 2 – 15 are therefore deemed admitted for purposes of this contested matter.  *See* Federal Rule of Civil Procedure 8(b)(6).

7.      Finally, depending on the outcome of the Motion to Clarify, Beliveau's rights to seek relief from stay under § 362(d) to proceed with the Disclosure Proceeding on April 23, 2026 are fully reserved.  To be clear, as set forth in the Motion to Clarify, the vast weight of authority on the core issue presented here supports the conclusion that relief is unnecessary because the stay terminated as a matter of law in December 2025.

### Conclusion

WHEREFORE, Severin M. Beliveau, Esq., pursuant to Federal Rule of Civil Procedure 60(a), Federal Rules of Bankruptcy Procedure 9013 and 9024, and D. Me. LBR 9013-1, 9013-4, and 9014-1, and requests that the Court: (i) correct and clarify – to the extent it deems necessary – its Discharge Order, to confirm that the Court's Discharge Order was an affirmative denial of Debtor discharge pursuant to 11 U.S.C. § 727(c)(10); or, alternatively (ii) conclude and find, as a matter of law, that the automatic stay terminated as to Debtor and Debtor's property upon the

issuance of the Court's Discharge Order pursuant to 11 U.S.C. § 362(c)(2)(C); (iii) find out who

actually wrote Debtor's Opposition; and (iv) that the Court grant him such other and further relief

as is just and appropriate under the circumstances.

Dated at Portland, Maine this 27th day of March, 2026.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditor,
Severin M. Beliveau

## CERTIFICATE OF SERVICE

I, Randy J. Creswell, Esq., hereby certify that I have served on this day copies of the above Reply and this Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise indicated below).

Dated at Portland, Maine this 27th day of March, 2026.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditor,
Severin M. Beliveau

CRESWELLLAW
PO Box 7340
Portland, ME  04112
207.358.1010
rcreswell@creswelllaw.com

## Service List

Kevin J. Mattson (via email only)
kevin@dirigocapitaladvisors.com

Seth W. Brewster, Esq. (via email only)

Terence Conklin (via email only)
82 South Bend Road
Rye Beach, NH 03871

John C. Orestis (via U.S. Mail)
PO Box 777
Lewiston, ME 04240