RECEIVED
By USBC Portland at 11:37 a.m., 04/10/2026

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re:

KEVIN J. MATTSON,

Debtor

Chapter 7

Case No. 24-20188-PGC

EDMOND J. FORD, Chapter 7 Trustee,

Movant,

v.

MONTRESOR LLC,

Objector.

## REPLY TO MONTRESOR LLC'S OBJECTION TO TRUSTEE'S MOTION TO APPROVE COMPROMISE

NOW COMES Kevin J. Mattson (the "Debtor"), pro se, and respectfully submits this Reply to Montresor LLC's Objection ("Objection") to the Trustee's Motion to Approve Compromise.

Under Fed. R. Bankr. P. 9019, the Court should approve a compromise that is fair and equitable and falls within the range of reasonableness under the Trustee's sound business judgment. The proposed compromise (i) resolves complex disputes over the Maine State Historic Tax Credits ("SHTC") in a manner that avoids improper filings, (ii) protects the estate from tax and recapture risk, and (iii) preserves the only good faith path to compliance with the National Park Service ("NPS") program and the Internal Revenue Code ("IRC"). The Compromise also represents the only solution that yields value to the estate.

## FACTS

1. Seton Unit 4 is the state tax credit partner of Waterville Commercial LLC which holds a master lease for part of a building located at 30 Chase Avenue in Waterville, the former Seton hospital. The building has qualified for historic tax credits under the federal program administered by the NPS and IRC. An independent audit of qualified costs and preliminary tax program requirements has been completed by a CPA firm specializing in this area.

2. The portion of the building leased by Waterville Commercial was placed into service in December 2023, which triggers eligibility to claim credits provided a Part 2 permit is

1

obtained and program requirements are followed. Waterville Commercial has filed its initial federal and state tax returns and claimed federal credits.

3. Seton Unit 4, as the state credit partner, has not yet claimed the Maine SHTC for 2023–2025 because the Debtor has not filed his tax returns primarily due to complications arising from this involuntary Chapter 7 case and the need to comply with NPS program requirements.

4. The senior secured lender, SW Legacy, initiated foreclosure proceedings on the owner of the Seton property, Waterville Redevelopment Company III (WRC), in late 2024. WRC filed for Chapter 11 Bankruptcy protection on December 2, 2024, primarily to protect the available state tax credits. The Chapter 11 case was dismissed on February 11, 2025.

5. Under the NPS rules, a change of ownership is a terminal issue for the non-leased portion of the project. As a result of the Chapter 11 dismissal and ensuing foreclosure, the available historic tax credits for the non-leased portion were lost, but the federal and state credits associated with the Waterville Commercial master lease were unaffected.

6. In order for Seton Unit 4 to claim credits in good faith, it requires not only filing the appropriate tax returns but also the fulfillment of the NPS program requirements, namely an amended Part 2 and a Part 3 final certification. To knowingly file a tax return to claim historic credits without a glide path to meeting program requirements is at best unethical, at worst fraudulent.

7. The Trustee has now moved to approve a compromise that would abandon any residual Seton Unit 4 membership interest held by the Estate to the Debtor for $5,000.

8. The compromise allows for appropriate tax preparation and historic preservation compliance associated with the NPS process and avoids the risk of improper or premature tax filings that could jeopardize the credits. It also provides for payment to the estate where no other such opportunity exists.

## ARGUMENT

### A. The "Illegitimate Claim" Assertion

9. Paragraph 21 of the Objection incorrectly suggests that any effort to lawfully claim the State Historic Tax Credit would itself be improper. This is incorrect. The only approach that would risk impropriety is one Montresor suggested at the previous compromise hearing — "file the returns and see what happens"—even if doing so violates NPS requirements and exposes the project to recapture. That is not a permissible strategy. No Certified Public Accountant would file a return claiming credits without completing the required compliance steps, and doing so would invite both fraud concerns and recapture exposure.

2

10. The Debtor has consistently stated that he will only claim the credits if the NPS process is followed legitimately in good faith which would include a team of consultants - including preservationists and accountants - to accomplish. As stated previously in a letter provided to the Court by Debtor "to claim the credit in good faith an amended Part 2 is needed, as well as a path to a Part 3."

### B. Separate-Entity Status of Seton Unit 4 and the Summary Judgment/Motion to Dismiss Briefing

11. Montresor's objection ignores the extensive briefing and case law cited in the related Motion to Dismiss (*See Motion to Dismiss, Adv. Proc. No. 25-02009, ECF No. 6*) which establishes that Seton Unit 4 is a separate legal entity under Maine law. Because Seton Unit 4 is a separate legal entity under Maine law, any refund is paid to Seton Unit 4, not to the Debtor or the estate directly. Only after Seton Unit 4 satisfies its own obligations would any residual value flow to its owner, which further underscores why the Trustee's compromise—rather than speculative litigation over contingent credits—is a reasonable exercise of business judgment.

12. The Trustee's Complaint itself acknowledges that Seton Unit 4 is a disregarded entity for tax purposes but a separate legal person under state law. (*ECF No. 161, ¶¶ 5–7*).

### C. Good-Faith NPS Process Requirement and Why Only Debtor Can Pursue It Now

13. The NPS historic tax credit program requires a three-part process under federal law. The existing Part 2 permit must be amended to reflect the revised development plan. The Part 3 application must then be submitted and approved.

14. The Debtor has received advice from a qualified historic preservation consultant that the credits may still be claimed for the completed portion of the building, even with the remainder of the building unfinished, but only if Part 2 is amended to reflect the revised development plan.

15. The Debtor is the only party with the knowledge and incentive to complete the NPS process, legitimately in good faith. The Trustee has acknowledged in a previous hearing that he cannot file a tax return to claim the credits without risking a fraudulent filing. No other party can sign the Debtor's tax returns, assume the personal recapture risk, or coordinate the preservation consultants and accountants needed to complete the amended Part 2 and Part 3 submissions.

### D. Abandonment and Effect on Estate Rights

3

16. Montresor argues that abandonment of the Seton Unit 4 membership interest will not affect the estate's entitlement to the credits. This is incorrect.

17. The compromise reflects the practical reality that the estate cannot realize any value from the credits without the Debtor's participation and the necessary compliance work.

18. Additionally, the Seton Unit 4 membership interest was claimed as exempt on Debtor's original Schedule C, and, to the Debtor's knowledge, no party in interest objected within the time permitted by 11 U.S.C. § 522(l) and Fed. R. Bankr. P. 4003(b).  See attached Exhibit A.

19.  Section 522(c) further provides that, unless the case is dismissed, "property exempted under this section is not liable during or after the case for any debt of the debtor that arose… before the commencement of the case" whether a discharge enters or not. Thus, the estate cannot use the Seton Unit 4 membership interest to satisfy creditor claims, and creditors cannot reach it.

20.  Montresor's objection rests on the premise that the estate owns Seton Unit 4 and therefore owns the tax credits. That premise is legally incorrect. Because the exemption is final, the estate does not own the membership interest and cannot compel the Debtor to take actions—such as filing tax returns, amending NPS permits, or assuming recapture liability—that only the Debtor can perform.

21.  The exemption does not, however, create or guarantee the existence of any tax credit. The credits are not automatic refunds; they are treated under the IRC as contingent incentives that require strict compliance with the NPS program, including an amended Part 2 and a viable path to Part 3. Only the Debtor can perform the work necessary to pursue the credits in good faith. The compromise recognizes this practical and legal reality and provides the only viable path for any potential recovery for the Estate.

## CONCLUSION AND PRAYER FOR RELIEF

22. For the foregoing reasons, the Debtor respectfully requests that the Court overrule Montresor LLC's Objection and approve the Trustee's Motion to Approve Compromise (D.E. 241) as a fair and reasonable settlement within the Trustee's sound business judgment under Fed. R. Bankr. P. 9019.  No alternative proposed by Montresor satisfies the Rule 9019 standard or offers any lawful or practical path to value.

## PROPOSED ORDER

If the Court approves the compromise, the Debtor respectfully requests that the Court enter an order stating:

"The Trustee's Motion to Approve Compromise (D.E. 241) is hereby GRANTED. The Settlement Agreement attached thereto is APPROVED in full."

Dated: April 10, 2026

Respectfully submitted,

/s/ Kevin J. Mattson
Kevin J. Mattson, Pro Se
[Address]
[Phone]
[Email]

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026,  I served a copy of the foregoing Reply upon all parties receiving notice via the Court's CM/ECF system.

/s/ Kevin J. Mattson

Case 24-20188   Doc 116   Filed 03/20/25   Entered 03/20/25 14:42:34   Desc Main
Document   Page 1 of 3

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Kevin Mattson** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **DISTRICT OF MAINE**

Case number **24-20188**
(if known)

☒ Check if this is an
   amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☒ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>*Copy the value from Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **2020 Chevrolet Bolt 142000 miles**<br>Line from *Schedule A/B*: **3.1** | $5,742.00 | ☒ $5,742.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Me. Rev. Stat. Ann. tit. 14, § 4422(2) |
| **Stereo system, personal computer, iPad, iPhone *No item valued greater than $500,**<br>Line from *Schedule A/B*: **7.1** | $2,000.00 | ☒ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Me. Rev. Stat. Ann. tit. 14, § 4422(5) |
| **Books**<br>Line from *Schedule A/B*: **8.1** | $3,000.00 | ☒ $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Me. Rev. Stat. Ann. tit. 14, § 4422(3) |
| **Every day clothes**<br>Line from *Schedule A/B*: **11.1** | $200.00 | ☒ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Me. Rev. Stat. Ann. tit. 14, § 4422(3) |
| **Watches**<br>Line from *Schedule A/B*: **12.1** | $800.00 | ☒ $800.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Me. Rev. Stat. Ann. tit. 14, § 4422(4) |

Case 24-20188    Doc 116    Filed 03/20/25    Entered 03/20/25 14:42:34    Desc Main
Document    Page 2 of 3

Debtor 1    **Kevin Mattson**                                    Case number (if known)    **24-20188**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | | Specific laws that allow exemption |
|---|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | | |
| **Cash** Line from *Schedule A/B*: **16.1** | $80.00 | ☒ | $80.00 | **Me. Rev. Stat. Ann. tit. 14, § 4422(17)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **American Express National Bank** Line from *Schedule A/B*: **17.1** | $578.23 | ☒ | $578.23 | **Me. Rev. Stat. Ann. tit. 14, § 4422(17)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Seton Unit 4, LLC** Line from *Schedule A/B*: **19.1** | Unknown | ☐ | | **Me. Rev. Stat. Ann. tit. 14, § 4422(15)** |
| | | ☒ | 100% of fair market value, up to any applicable statutory limit | |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☒    No

   ☐    Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐    No

       ☐    Yes

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com