# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MAINE

In re:                                )
                                      ) Chapter 7
KEVIN J. MATTSON,                     ) Case No. 24-20188-PGC
Debtor.                               )
                                      )

# DEBTOR'S CONSOLIDATED MOTION TO QUASH SUBPOENAS TO GARDINER FEDERAL CREDIT UNION, KENNEBEC SAVINGS BANK, AND WINTHROP AREA FEDERAL CREDIT UNION, OR, IN THE ALTERNATIVE, TO LIMIT DISCOVERY TO INFORMATION ALREADY VOLUNTARILY PROVIDED

## I. INTRODUCTION

Kevin J. Mattson ("Debtor") respectfully moves this Court for an Order quashing or, in the alternative, limiting three subpoenas served by Montresor LLC ("Montresor") upon Gardiner Federal Credit Union ("Gardiner FCU"), Kennebec Savings Bank ("Kennebec Savings"), and Winthrop Area Federal Credit Union ("Winthrop FCU") (collectively, the "Subpoenaed Institutions"). Mr. Mattson files this motion pro se. The subpoenas also seek information relating to another individual, Sandy Krueger. Mr. Mattson does not represent Ms. Krueger and does not purport to assert her rights. References to Ms. Krueger are included solely to provide background and to explain the burden imposed on Mr. Mattson.

The Debtor materially complied with a substantially identical subpoena in September 2025 regarding Gardiner FCU and has responded voluntarily to additional questions from Montresor. Ms. Krueger voluntarily provided her personal bank statements when asked within the last several weeks. Despite full compliance by both, Montresor served three new subpoenas on April 2, 2026, seeking the same

records a second time — in a case where the Court-appointed Trustee has concluded, after 268

hours and $60,615 in professional time, that the estate's principal asset is "worthless" (*See* Dkt. 241)

and that no distributions will be made from the estate

## II. FACTUAL BACKGROUND

1.   On or about December 2024, an involuntary Chapter 7 petition was filed against the Debtor.
The case was assigned Case No. 24-20188-PGC.

2.   Montresor LLC initiated Adversary Proceeding No. 25-2006 against the Debtor.

3.   In connection with the adversary proceeding, Montresor served a subpoena on Gardiner FCU

and multiple other banks containing twenty-three (23) document requests covering eleven (11)

entities and individuals, spanning September 12, 2022 to the time of the subpoena. The categories

included all contracts, agreements, communications, bank records, checks, deposits, debit records,

monthly statements, transfer records, wire transfers, and payment receipts. A copy of the prior

document requests is attached as Exhibit A.

4.   The Debtor materially complied. Responsive documents were produced within the requested

timeframe.  Montresor has stated that they received "50-60,000 pages of information" from the

Debtor's financial institutions.

5.   Montresor filed an objection to the Trustee's Motion to Approve Compromise pursuant to Fed.

R. Bankr. P. 9019 (Dkt. 230).

6.   In connection with the Trustee's Motion to Compromise, on or about April 2, 2026, Montresor

served three new subpoenas — on Gardiner FCU, Kennebec Savings, and Winthrop FCU — each

commanding production by April 22, 2026. A copy of the April 2, 2026 subpoena to Gardiner FCU

is attached as Exhibit B. The subpoenas to Kennebec Savings and Winthrop FCU contain

substantially identical document requests.

7.   Montresor has not identified any deficiency in the prior production, any material change in circumstances, or any new information these subpoenas are expected to yield.

8.   Sandy Krueger is a non-party to this proceeding. She was formerly employed by the Debtor's management company. Ms. Krueger was asked to voluntarily provide her personal bank statements in connection with a proof of claim filed by Terry Conklin — a person she has never met or spoken with.  She voluntarily complied in full and within the timeframe requested by Montresor.

9.   Despite that compliance, Montresor served subpoenas directly upon Ms. Krueger's banking institutions — Kennebec Savings and Winthrop FCU — seeking records of far broader scope and longer timeframe than the records she had voluntarily provided. Ms. Krueger has lost her employment as a result of the involuntary action and cannot afford counsel.  The continued pursuit of her personal financial records has imposed significant personal hardship on Ms. Krueger.

10.   The Court-appointed Chapter 7 Trustee, Edmond J. Ford, Esq., after approximately 268 hours of professional time, has concluded that the estate's principal asset is "worthless". *See* Dkt. 241. The Trustee has further explained that he anticipates no distributions from the estate for creditors.

11. An evidentiary hearing has been set for June, 2026 to determine if Conklin's claim should be allowed despite the fact that according to the Trustee there will be no distributions to any creditor.

## III. LEGAL STANDARD

12.   The Federal Rules of Civil Procedure require the Court to quash or modify a subpoena that "subjects a person to undue burden."  The rules also limit discovery to matters "relevant to any party's claim or defense and proportional to the needs of the case," and Rule 26(b)(2)(C) requires the Court to limit discovery that is "unreasonably cumulative or duplicative." Courts apply heightened scrutiny to subpoenas directed at non-parties, who "have a particular right to be free from the time, expense, and burden of litigation to which they are strangers."

## IV. ARGUMENT

### A. The Subpoenas Are Duplicative of Discovery Already Satisfied

13. Montresor previously served a subpoena on Gardiner FCU with twenty-three document requests directed at eleven entities, covering September 2022 to the present. That subpoena was satisfied. The Debtor materially complied.

14. Seven months later, Montresor served a new subpoena on the same institution with a nearly identical request. This is precisely the "unreasonably cumulative or duplicative" discovery that Rule 26(b)(2)(C) prohibits.

15. Ms. Krueger's situation is the same. She voluntarily provided her personal bank statements when asked by Montresor. Montresor responded by serving subpoenas directly on her banks seeking far more than she had already provided.

### B. The Discovery Is Disproportionate to a No-Asset Case

16. This is a no-asset involuntary Chapter 7 case. The Trustee has spent 268 hours and $60,615 evaluating the estate and has concluded that its principal asset — the prospect of a Maine refundable tax credit through Seton Unit 4, LLC — is "worthless." Dkt. 241.

17. Against that backdrop, sweeping financial discovery across three institutions, covering eleven entities over three and a half years, bears no reasonable relationship to any viable claim or defense. The proportionality factors of Rule 26(b)(1) weigh heavily against permitting this discovery to proceed.

### C. The Subpoenas Impose an Undue Burden on Non-Parties

18. Ms. Krueger is a non-party former employee who has already cooperated fully with discovery. Her personal bank records reveal intimate details of daily life. She has lost her employment because of these proceedings, is approaching retirement age, and cannot afford counsel. Requiring her

banking institutions to produce records far exceeding what she voluntarily provided — in a no-asset case the Trustee seeks to close — underscores the disproportionate and unnecessary nature of the subpoenas. Mr. Mattson does not assert Ms. Krueger's rights; this information is included solely to illustrate the broader context and burden associated with Montresor's discovery tactics.

**D. In the Alternative, Discovery Should Be Limited to What Has Already Been Provided**

19.    Should the Court decline to quash the subpoenas outright, the Debtor respectfully requests that any production be limited to the documents and records already voluntarily provided by the Debtor and Ms. Krueger. This would preserve Montresor's access to information already produced while preventing duplicative burden on non-party institutions and individuals.

## V. REQUEST FOR RELIEF

WHEREFORE, the Debtor respectfully requests that this Court enter an Order:

1.    Quashing the April 2, 2026 subpoenas served upon Gardiner Federal Credit Union, Kennebec Savings Bank, and Winthrop Area Federal Credit Union in their entirety;

2.    Or, in the alternative, limiting the scope of the subpoenas to the documents and information previously and voluntarily provided by the Debtor

3.    Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Kevin J. Mattson, Pro Se

10 Cranberry Ridge Road

Freeport, Maine 04032

Dated: ____4/14/26____

## CERTIFICATE OF SERVICE

I, Kevin J. Mattson, hereby certify that on the 14th day of April 2026, a true and correct copy of the

foregoing Motion, together with all exhibits, was served electronically through the Court's CM/ECF

system.

Kevin J. Mattson, Pro Se

B2570 (Form 2570 – Subpoena to Produce Documents, Information, Or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Maine

In re Kevin J. Mattson,

               Debtor

*(Complete if issued in an adversary proceeding)*

Montresor LLC

               Plaintiff

               v.

Kevin J. Mattson

               Defendant

Case No. 24-20188

Chapter 7

Adv. Proc. No. 2025-2006

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Gardiner Federal Credit Union**

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See Attached Exhibit A.*

| PLACE: Creswell Law, PO Box 7340, Portland, ME 04112 <br> Or email to rcreswell@creswelllaw.com | DATE AND TIME <br> September 19, 2025, 12:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 20, 2025

    CLERK OF COURT

                        OR

_____       _____

*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Montresor LLC, who issues or requests this subpoena, are: Randy J. Creswell, Esq., Creswell Law, PO Box 7340, Portland, ME 04112 – (207) 358-1010 – rcreswell@creswelllaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*:

☐ I served the subpoena by delivering a copy to the named person as follows: <u>Gardiner Federal Credit Union, c/o</u>
_____ on *(date)* August _____, 2025 or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____for travel and $_____for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: <u>August ___, 2025</u>

_____
*Server's signature*

Randy J Creswell, Esq., Counsel
_____
*Printed name and title*

PO Box 7340, Portland, ME  04112
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

In re:                                     )
                                           )
KEVIN J. MATTSON,                          )        Chapter 7
                                           )        Case No. 24-20188 PGC
              Debtor.                       )
_____        )
                                           )
MONTRESOR LLC,                             )
                                           )
              Plaintiff,                    )
                                           )        Adv. Proc. No. 25-2006
       v.                                   )
                                           )
KEVIN J. MATTSON,                          )
                                           )
              Defendant/Debtor.             )

### EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45 and Federal Rule of Bankruptcy Procedure 9016, Plaintiff, Montresor LLC ("Montresor"), hereby requests that Gardiner Federal Credit Union ("Gardiner FCU" or "you" or "your") produce for inspection and copying the documents requested below (collectively, the "Requests") that are either in the possession, custody, or control of Gardiner FCU, or are known by it to exist, by September 19, 2025.

### Definitions and General Instruction

You must respond to each request for production of documents separately and fully, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer and response. If you object to a request for production of documents, you must nevertheless answer any portion thereof that is not objectionable. If you raise an objection with respect to a request for

production of documents, identify in detail that portion of the request that you deem objectionable and the precise basis for the objection. In responding to each request:

A.      "Communications" or "communication" shall include any and all manner of oral, written or electronic exchanges, conveyances or means of transferring information to or among any persons (as defined herein), including emails and texts.

B.      "Document" or "documents" shall mean all objects, tangible or intangible, from which any information may be derived and shall include without limitation all electronically stored information – including without limitation all writings, emails, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained – translated, if necessary, by the respondent into reasonably usable form.[1]

C.      "Person" shall mean any live human being, individual, association, professional association, corporation, partnership, limited partnership, limited liability partnership, joint venture, trust, company, limited liability company, sole proprietor, cooperative, business entity, or any public agency, department, or bureau, and is used to reflect both the singular and plural.

---

[1] By way of example, "document" or "documents" shall mean the original, or a copy when the original is not available, and each non-identical copy, including those that are non-identical by reason of notations or markings, of any such books, periodicals, letters, reports, memoranda, handwritten notes or notations, messages, records, drafts, videotapes, studies, analyses, summaries, instructions, minutes, photographs, purchase orders, bills, checks, tabulations, invoices, questionnaires, drawings, working papers, charts, graphs, indexes, tapes, correspondence, records of purchase or sale, contracts, agreements, leases, expense records, trip reports, statements, accounting records, income statements, releases, appraisals, valuations, estimates, opinions, financial statements, balance sheets, electronic or other transcriptions or taping of telephone or personal conversations or conferences, or any and all other written, printed, typed, filmed or graphic matter or tangible thing, of whatsoever description, however produced or reproduced (including electronically stored or generated data, together with instructions and programs necessary to search or retrieve such data), and shall include all attachments and enclosures to any requested item, which shall not be separated from the items to which they are attached or enclosed. As used in this request, the term "document" is intended to encompass electronically stored information to the full extent allowed by Federal Rule of Civil Procedure 34, including without limitation any and all any backup copies of files or archival tapes.

2

D.     "Relating to," "in relation to," or "relate to" shall mean concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, with respect to, about, regarding, announcing, evidencing, embodying, explaining, discussing, showing, depicting, describing, studying, reflecting, analyzing, or constituting.

E.     Pursuant to Federal Rule of Civil Procedure 45, you are required to produce all requested documents and tangible things in its possession, custody, and control, including, but not limited to, those documents and tangible things in the possession, custody, and control of its current and/or former directors, accountants, legal counsel, employees and other agents.

F.     The documents and tangible things requested below are to be produced either as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in this request for production.

G.     If you contend that any of these Requests for production of documents seek the identification or production of a document that you believe is privileged or subject to protection by any privilege, doctrine or immunity, please identify and provide, as to each such document and/or tangible thing: (1) the date of the document or tangible thing and, if different, the date the document or tangible thing was created or transmitted; (2) the identity of each person who signed, prepared or sent the document or tangible thing; (3) the identity of each person to whom the document or tangible thing was addressed or sent or by whom the document or tangible thing was received; (4) the name of each person to whom the document or tangible thing was disclosed, in whole or in part; (5) the identity of each person having possession, custody or control of the document or tangible thing or any copy thereof; (6) a description of the subject matter of the document or tangible thing; and (7) the basis upon which the privilege or immunity is claimed and

3

the nature of the claimed privilege or immunity, including, but not limited to, the attorney-client privilege or the attorney work product doctrine or immunity.

H. If you utilize a privilege log to describe the nature of the documents, communications, or things not produced or disclosed, then the privilege log to be served by you should identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the documents is at least potentially protected from disclosure.

I. If any requested documents or tangible things no longer exist, you shall state whether responsive documents or tangible things existed at one time, and, if so, shall identify the ultimate disposition of such documents or tangible things. In the event a requested document or tangible thing has been destroyed, that document or tangible thing should be identified, including without limitation, as applicable, by indicating the date, subject matter, number of pages, originator, all persons to whom it was distributed, date of destruction, manner of destruction, reason for destruction, person authorizing destruction, person destroying the document or tangible thing, and the custodian of the document or tangible thing at the time of the destruction. In the event any requested document or tangible thing has been lost, that document or tangible thing should be identified, including without limitation, as applicable, by indicating the date, subject matter, number of pages, originator, all persons to whom it was distributed, and the custodian of the document or tangible thing at the time of the loss.

J. "Relevant Period" shall mean, unless otherwise specifically stated in an individual request, the period of time from September 12, 2022 to the present. All requests shall be deemed to cover the Relevant Period only unless otherwise specifically set forth in an individual request.

4

K.      "Mattson" or "Debtor" shall mean Kevin J. Mattson (SSN xxx-xx-6673) (10 Cranberry Ridge Road, Freeport, ME 04032).

L.      "Jeanne" shall mean Jeanne M. Mattson (SSN xxx-xx-8867) (10 Cranberry Ridge Road, Freeport, ME 04032).

M.      "NAM" shall mean Northeast Asset Management, LLC.

N.      "WRC IV" shall mean Waterville Redevelopment Company IV, LLC

O.      "ROTM" shall mean The ROTM Lofts, LLC.

P.      "WRC III" shall mean Waterville Redevelopment Company III, LLC

Q.      "Church Street" shall mean 45 Church Street, LLC.

R.      "DGH" shall mean Dirigo Global Holdings, LLC.

S.      "Seton Unit 4" shall mean Seton Unit 4, LLC.

T.      "Seton Management" shall mean Seton Unit 4 Management, LLC.

U.      "Waterville Commercial" shall mean Waterville Commercial, LLC.

### Requests for Production of Documents

1.      All contracts, agreements, and/or communications between Mattson and Gardiner FCU.

2.      All contracts, agreements, and/or communications between Jeanne and Gardiner FCU.

3.      All contracts, agreements, and/or communications between NAM and Gardiner FCU.

4.      All contracts, agreements, and/or communications between WRC III and Gardiner FCU.

5.    All contracts, agreements, and/or communications between WRC IV and Gardiner FCU.

6.    All contracts, agreements, and/or communications between ROTM and Gardiner FCU.

7.    All contracts, agreements, and/or communications between Church Street and Gardiner FCU.

8.    All contracts, agreements, and/or communications between DGH and Gardiner FCU.

9.    All contracts, agreements, and/or communications between Seton Unit 4 and Gardiner FCU.

10.    All contracts, agreements, and/or communications between Seton Management and Gardiner FCU.

11.    All contracts, agreements, and/or communications between Waterville Commercial and Gardiner FCU.

12.    All bank records, checks, deposits and deposit slips, debit records, monthly statements, transfer records, wire transfer documents, and/or any payment receipts relating to any account of, or maintained by, Mattson with Gardiner FCU, whether checking, savings, credit card, or otherwise.

13.    All bank records, checks, deposits and deposit slips, debit records, monthly statements, transfer records, wire transfer documents, and/or any payment receipts relating to any account of, or maintained by, Jeanne with Gardiner FCU, whether checking, savings, credit card, or otherwise.

6

14.     All bank records, checks, deposits and deposit slips, debit records, monthly statements, transfer records, wire transfer documents, and/or any payment receipts relating to any account of, or maintained by, NAM with Gardiner FCU, whether checking, savings, credit card, or otherwise.

15.     All bank records, checks, deposits and deposit slips, debit records, monthly statements, transfer records, wire transfer documents, and/or any payment receipts relating to any account of, or maintained by, WRC III with Gardiner FCU, whether checking, savings, credit card, or otherwise.

16.     All bank records, checks, deposits and deposit slips, debit records, monthly statements, transfer records, wire transfer documents, and/or any payment receipts relating to any account of, or maintained by, WRC IV with Gardiner FCU, whether checking, savings, credit card, or otherwise.

17.     All bank records, checks, deposits and deposit slips, debit records, monthly statements, transfer records, wire transfer documents, and/or any payment receipts relating to any account of, or maintained by, ROTM with Gardiner FCU, whether checking, savings, credit card, or otherwise.

18.     All bank records, checks, deposits and deposit slips, debit records, monthly statements, transfer records, wire transfer documents, and/or any payment receipts relating to any account of, or maintained by, Church Street with Gardiner FCU, whether checking, savings, credit card, or otherwise.

19.     All bank records, checks, deposits and deposit slips, debit records, monthly statements, transfer records, wire transfer documents, and/or any payment receipts relating to any

account of, or maintained by, DGH with Gardiner FCU, whether checking, savings, credit card, or otherwise.

20.     All bank records, checks, deposits and deposit slips, debit records, monthly statements, transfer records, wire transfer documents, and/or any payment receipts relating to any account of, or maintained by, Seton Unit 4 with Gardiner FCU, whether checking, savings, credit card, or otherwise.

21.     All bank records, checks, deposits and deposit slips, debit records, monthly statements, transfer records, wire transfer documents, and/or any payment receipts relating to any account of, or maintained by, Seton Management with Gardiner FCU, whether checking, savings, credit card, or otherwise.

22.     All bank records, checks, deposits and deposit slips, debit records, monthly statements, transfer records, wire transfer documents, and/or any payment receipts relating to any account of, or maintained by, Waterville Commercial with Gardiner FCU, whether checking, savings, credit card, or otherwise.

23.     All personal financial statements provided by Jeanne and/or Mattson to Gardiner FCU.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of M a i n e

In re Kevin J. Mattson,

                Debtor

    *(Complete if issued in an adversary proceeding)*

Case No. 24-20188

Chapter 7

_____
             Plaintiff

              v.

Adv. Proc. No. _____

_____
             Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Gardiner Federal Credit Union**
                *(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See Attached Exhibit A.*

| PLACE: Creswell Law, PO Box 7340, Portland, ME 04112<br>Or email to rcreswell@creswelllaw.com | DATE AND TIME<br>April 22, 2026, 4:00 p.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 2, 2026
           CLERK OF COURT

                                OR

_____           _____
  *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Montresor LLC, who issues or requests this subpoena, are: Randy J. Creswell, Esq., Creswell Law, PO Box 7340, Portland, ME 04112 – (207) 358-1010 – rcreswell@creswelllaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:

☐ I served the subpoena by delivering a copy to the named person as follows: <u>Gardiner Federal Credit Union, c/o</u> _____
_____ on *(date)* April _____, 2026 or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: <u>April    , 2026</u>

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE**

| | |
|---|---|
| In re: | ) |
| | ) |
| KEVIN J. MATTSON, | ) Chapter 7 |
| | ) Case No. 24-20188 PGC |
| Debtor. | ) |

**EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 45 and Federal Rule of Bankruptcy Procedure 9016, Plaintiff, Montresor LLC ("Montresor"), hereby requests that Gardiner Federal Credit Union ("GFCU" or "you" or "your") produce for inspection and copying the documents requested below (collectively, the "Requests") that are either in the possession, custody, or control of GFCU, or are known by it to exist, by April 22, 2026.

**Definitions and General Instruction**

You must respond to each request for production of documents separately and fully, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer and response. If you object to a request for production of documents, you must nevertheless answer any portion thereof that is not objectionable. If you raise an objection with respect to a request for production of documents, identify in detail that portion of the request that you deem objectionable and the precise basis for the objection. In responding to each request:

A.      "Communications" or "communication" shall include any and all manner of oral, written or electronic exchanges, conveyances or means of transferring information to or among any persons (as defined herein), including emails and texts.

B.    "Document" or "documents" shall mean all objects, tangible or intangible, from which any information may be derived and shall include without limitation all electronically stored information – including without limitation all writings, emails, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained – translated, if necessary, by the respondent into reasonably usable form.

C.    "Person" shall mean any live human being, individual, association, professional association, corporation, partnership, limited partnership, limited liability partnership, joint venture, trust, company, limited liability company, sole proprietor, cooperative, business entity, or any public agency, department, or bureau, and is used to reflect both the singular and plural.

D.    "Relating to," "in relation to," or "relate to" shall mean concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, with respect to, about, regarding, announcing, evidencing, embodying, explaining, discussing, showing, depicting, describing, studying, reflecting, analyzing, or constituting.

E.    Pursuant to Federal Rule of Civil Procedure 45, you are required to produce all requested documents and tangible things in its possession, custody, and control, including, but not limited to, those documents and tangible things in the possession, custody, and control of its current and/or former directors, accountants, legal counsel, employees and other agents.

F.    The documents and tangible things requested below are to be produced either as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in this request for production.

2

G.    "Relevant Period" is between November 1, 2023 and February 28, 2024.  All requests shall be deemed to cover the Relevant Period only unless otherwise specifically set forth in an individual request.

H.    "Mattson" shall mean Kevin J. Mattson (SSN xxx-xx-6673) (10 Cranberry Ridge Road, Freeport, ME 04032).

I.    "Jeanne" shall mean Jeanne M. Mattson (SSN xxx-xx-8867) (10 Cranberry Ridge Road, Freeport, ME 04032).

J.    "Conklin" shall mean Terence Conklin (82 South Road, Rye Beach, NH 03871).

K.    "NAM" shall mean Northeast Asset Management, LLC.

L.    "Church Street" shall mean 45 Church Street, LLC.

M.    "333 Water Street" shall mean 333 Water Street QOZ LLC.

## Requests for Production of Documents

1.    All checks issued, monthly account statements or records, deposit slips, deposited checks, debit records, transfer records, wire transfer documents, payment receipts, internal transfer records between any accounts, or other financial documents relating to any account of, or maintained by, Church Street with GFCU, whether checking, savings, credit card, or otherwise.

2.    All checks issued, monthly account statements or records, deposit slips, deposited checks, debit records, transfer records, wire transfer documents, payment receipts, internal transfer records between any accounts, or other financial documents relating to any account of, or maintained by, 333 Water Street with GFCU, whether checking, savings, credit card, or otherwise, for the period from January 1, 2023 through the present.

3.    All communications between Mattson and GFCU.

4.    All communications between Conklin and GFCU.

3

5. All communications between Jeanne and GFCU.

6. All communications between NAM and GFCU.

7. All communications between Church Street and GFCU.

8. All communications between 333 Water Street and GFCU.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:                                )
                                       )
KEVIN J. MATTSON,                      )        Chapter 7
                                       )        Case No. 24-20188 PGC
                     Debtor.           )

### <u>CERTIFICATE PURSUANT TO 9-B M.R.S. § 163(1)</u>

I, Randy J. Creswell, Esq., counsel for Creditor, Montresor LLC, in the above-captioned Chapter 7 case of Debtor, Kevin J. Mattson, hereby certify that the enclosed <u>Subpoena and Exhibit A for Gardiner Federal Credit Union have been served on 45 Church Street, LLC and 333 Water Street QOZ LLC</u>, via email and U.S. mail, pursuant to Federal Rule of Civil Procedure 5, as follows:

U.S. Mail:     George J. Marcus, Clerk/Registered Agent,
               16 Middle Street, Unit 501, Portland, ME  04101
Email:         kevin@dirigocapitaladvisors.com

Dated at Portland, Maine this 2nd day of April, 2026.

_____
Randy J. Creswell, Esq.
Counsel for Creditor,
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME  04112
207.358.1010
rcreswell@creswelllaw.com