UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

KEVIN J MATTSON,

          Debtor.

Chapter 7
Case No. 24-20188

**ORDER DENYING, IN PART, AND GRANTING, IN PART, NON-PARTY
RESPONDENT'S MOTION TO QUASH OR LIMIT SUBPOENA**

Sandra Krueger, a non-party subpoena respondent, filed Non-Party Respondent Sandy

Krueger's Motion to Quash, or in the Alternative, to Limit Subpoena (Docket Entry ("D.E.")

294) (the "Motion to Quash") seeking quashal or modification of subpoenas issued by

Montresor, LLC to Winthrop Area Federal Credit Union and Kennebec Savings Bank demanding

production of documents in connection with any accounts Ms. Krueger maintains at those

institutions.   Ms. Krueger contends that the subpoenas impose an undue burden, are not

proportional to the needs of the case, and seek information containing sensitive personal

information.  The Motion to Quash is denied, in part, and granted, in part, for the reasons set

forth below.

As the Court stated in its order dated April 16, 2026 denying a similar request by the

Debtor, Kevin Mattson, Ms. Krueger, does not, as a non-respondent, have standing to challenge

the subpoena on grounds of undue burden.  *See*, Silverstone Holding Grp., LLC v. Zhongtie

Dacheng (Zhuhai) Inv. Mgmt. Co., Ltd., 605 F.Supp.3d 199, 202-203 (S.D.N.Y. 2023)

("[b]ecause Silverstone is not the recipient of the subpoena, it does not have standing to

challenge the subpoena on the independent grounds of undue burden or relevance."). *See also*,

Renaissance Custom Homes, LLC v. Elite Homes, LLC, 2024 WL 6078711, at *1 (D. Ore. Oct.

9, 2024); Wyatt B. v. Kotek, 2024 WL 1905563, at *2 (D. Ore. May 1, 2024); Torres v. Equifax Info. Services, 2023 WL 12073732, at *1 (M.D. Pa. Aug. 29, 2023); Gabriel v. Albany Coll. Of Pharmacy and Health Sciences – Vermont Campus, 2014 WL 3378629, at *3 (D.Vt. July 10, 2014).

The specific concerns Ms. Krueger articulates as burden and proportionality challenges are more appropriately characterized as a challenge on privacy grounds.  Courts are permitted to quash or modify a subpoena to protect the respondent, or a person *affected* by the subpoena, from disclosure of: (a) a trade secret or other confidential research, development, or commercial information; or (b) certain information relating to expert opinions.  Fed. R. Civ. P. 45(d)(3)(B). While neither of these circumstances are directly applicable to the subpoenas at issue here, some courts have held that non-parties have standing to seek quashal of a subpoena directing production of personal banking records.  *See, e.g.*, Silverstone Holding Grp. LLC, 506 F.Supp.3d at 202; Refco Group, Ltd., LLC v. Cantor Fitzgerald, L.P., 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2024).  The Court finds these cases compelling and, therefore, recognizes Ms. Krueger's limited standing to move to quash or modify the subpoenas for the purpose of protecting her private interest in her financial records.

"Where a movant claims a privacy interest in information subject to a subpoena and the movant has standing, 'the next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests . . . asserted'".  Silverstone Holding Grp. LLC, 650 F.Supp.3d at 203 (*quoting*, Solow v. Conseco, Inc., 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008)).  The records at issue here are sought in connection with Montresor, LLC's objection to a $258,750.00 secured claim asserted by Terrence Conklin.  One of the issues raised in conjunction with the objection is whether Mr. Conklin provided consideration for the

2

promissory note forming the basis for Mr. Conklin's claim.  Montresor, LLC alleges that the entity who gave the promissory note never received the funds Mr. Conklin claims to have paid as consideration. Instead, those funds were, at one point, allegedly deposited into Ms. Krueger's personal financial account.  Her financial records are necessary to trace the receipt and disbursements of those funds to determine whether the consideration was ever paid to the appropriate entity.  Montresor, LLC has therefore established sufficient probative value to warrant production of those records.

Although the Court finds that production of the requested records is appropriate, Ms. Krueger is entitled to measures ensuring the protection of her privacy beyond what is necessary for the resolution of this contested matter.  Montresor LLC filed a Motion for Confidentiality Order Relating to Contested Matter on April 10, 2026 (D.E. 279) (the "Confidentiality Motion"). Unfortunately, the hearing on the Confidentiality Motion is scheduled for May 12, 2026; almost three weeks after the April 22, 2026 deadline for production under the subpoenas.  In light of the privacy concerns raised by Ms. Krueger, the Court will extend the deadline for production of documents under the subpoenas pending entry of the order on the Confidentiality Motion.

WHEREFORE, the Court hereby ORDERS:

1.     The Motion to Quash is hereby denied to the extent it seeks quashal of the subject subpoenas;

2.     The Motion to Quash is hereby granted to the extent Ms. Krueger seeks modification of the subject subpoenas, such subpoenas being modified solely to extend the deadline for production from April 22, 2026 to a date which is 7 days after entry of the order on the Confidentiality Motion;

3.     Counsel for Montresor, LLC is directed to promptly notify Winthrop Area Federal Credit Union and Kennebec Savings Bank of the change to the production deadline; and

4.     To the extent documents have already been produced, or are produced prior to the issuance of the order on the Confidentiality Motion, counsel for Montresor, LLC is hereby prohibited from sharing copies of those documents, or the contents therein, with any other individual or entity pending issuance of the order on the Confidentiality Motion.

Dated: April 21, 2026                              /s/ Peter G. Cary
                                                   Judge Peter G. Cary
                                                   United States Bankruptcy Court