**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE**

In re:                                           )
                                                 )        Chapter 7
KEVIN J. MATTSON,                                )        Case No. 24-20188
                                                 )
Debtor.                                          )


**ORDER CONFIRMING THE TERMINATION
OF THE AUTOMATIC STAY AS TO
THE DEBTOR AND PROPERTY OF THE DEBTOR**


Creditor Severin M. Beliveau, Esq. seeks confirmation that the Court's December 17, 2025 order approving Debtor Kevin J. Mattson's written waiver of discharge constituted a denial of discharge or, alternatively, that the automatic stay as to Mr. Mattson and his property terminated on December 17, 2025 (the "Motion").  Docket Entry ("D.E.") 245.  This determination is important because it affects whether the stay was in effect when Mr. Beliveau undertook post-judgment collection activity against Mr. Mattson in March of 2026 and whether it is still in effect now.  For the reasons below, the Court grants the relief requested by Mr. Beliveau.

**Facts.**

The key facts are not disputed.  Three of Mr. Mattson's creditors filed an involuntary chapter 7 bankruptcy petition against him on September 12, 2024.  D.E. 1.  The case was later converted to one under chapter 11 but reconverted to chapter 7 on February 11, 2025.  D.E. 30, 80.  Thereafter, Mr. Mattson's counsel withdrew, and he proceeded in the case representing himself.  On December 16, 2025, before receiving a discharge of his debts under 11 U.S.C. § 727, Mr. Mattson filed a stipulation waiving discharge, which stated:

1

I, Kevin J Mattson, hereby stipulate to a waiver of my discharge under 11 U.S.C. § 727(a)(10)[.]  I make this waiver knowingly and with an understanding of the legal and financial consequences of the same.

D.E. 191.

The next day, the Court approved his written waiver of discharge by entering the following order:

On December 16, 2025, the Debtor filed a Stipulation to Waiver of Discharge stating that he stipulates to a waiver of his discharge pursuant to 11 U.S.C. § 727(a)(10). The Debtor further stated that the waiver is made knowingly and with the understanding of the legal and financial consequences flowing from that decision. Accordingly, the Court hereby approves the waiver. No discharge shall enter in favor of the Debtor in this case.

D.E. 192.

In March of 2026, Mr. Beliveau commenced collection activity against Mr. Mattson in the District Court of the State of Maine and, in response, Mr. Mattson asserted that the automatic stay under 11 U.S.C. § 362(a) was still in effect.  Mr. Beliveau filed the Motion. The parties filed additional pleadings on this issue, D.E. 249, 250, and 252, and oral argument was heard on March 31, 2026.

## Discussion.

Under 11 U.S.C. § 362(c)(1), the stay of an act against property of the bankruptcy estate continues until that property is no longer property of the estate.  In a chapter 7 individual case like Mr. Mattson's, the remaining protections of the automatic stay continue until the earliest occurrence of one of three events: "(A) the time the case is closed; (B) the time the case is dismissed; or (C) . . . the time a discharge is granted or denied."  11 U.S.C. § 362(c)(2)(C).  The bankruptcy court, pursuant to 11 U.S.C. § 727(a)(10),  " . . . shall grant the debtor a discharge, unless . . . the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter . . ."

2

There is no binding precedent in the First Circuit on whether a court order approving a debtor's written waiver of a discharge in a chapter 7 case operates as a denial of discharge for purposes of § 362 (c)(2)(C).  However, the majority of the cases that have addressed the question conclude that it does.  *Exelero Corp. v. Cambece*, No. 23-CV-12301, 2024 WL 1007836, at *14 (D. Mass. Feb. 28, 2024) ("The bankruptcy court's approval of the debtor's waiver of his discharge serves as the denial of the discharge for purposes of 11 U.S.C. § 362(c)(2)(C), terminating the automatic stay."); *Barry v. Perkins*, Bankr. L. Rep. P 83757, No. 20-CV-05050, 2022 WL 992530, at *5 (E.D.N.Y. Mar. 31, 2022) ("A bankruptcy court's approval of a waiver of discharge operates to terminate the stay as to any act under 11 U.S.C. § 362(a) other than an act against property of the estate."); *Allgaier v. Peterson*, No. 13 CV 5112, 2017 WL 11696197, at *1; (S.D.N.Y. Aug. 10, 2017) ("[P]laintiff argues the Bankruptcy Court's October 13, 2016, order accepting Aberle's waiver of discharge . . . had the effect of terminating the automatic stay. The Court agrees."); *In re Dunne*, No. 13-50484, 2015 WL 762560920, at *5 (Bkrtcy. D. Conn. November 25, 2015) ("Since the Debtor waived his discharge, the automatic stay does not apply to him."), *appeal dismissed*, 684 F. App'x 85 (2d Cir. 2017); *Red River Res., Inc. v. Collazo*, No. 14-CV-04961, 2015 WL 1846498, at *8 (N.D. Cal. Apr. 8, 2015) ("[T]he Bankruptcy Court's approval of Collazo's waiver of discharge lifted the automatic stay, exposing Collazo to proceedings to recover the Mariner Note Claim."); *Smith v. C. I. R.*, 96 T.C. 10, 15 (1991) ("[W]e agree with respondent that Stephen's waiver of his right to a discharge served as a denial of a discharge so as to terminate the automatic stay pursuant to 11 U.S.C. section 362(c)(2)(C)."); *In re Shenberg*, 433 F. Supp. 677, 679–80 (N.D. Ill. 1977) ("If such person is adjudged a bankrupt, actions against him may be further stayed until the question of his discharge is determined by the court after a hearing, or by his filing a waiver of, or having lost,

3

his right to a discharge, or, in the case of a corporation, by its failure to file an application for discharge within the time prescribed under the Act.") (Construing similar provisions under the Bankruptcy Act.)

The Court could only find one case, *In re Carlsson*, No. 24-51952, 2024 WL 4806638 (Bankr. W.D. Tex. Nov. 1, 2024), the case cited by Mr. Mattson, that supports the contrary position. The Court is not persuaded by that case and concludes that the path followed by the majority view—that a court order accepting a waiver of the discharge is the functional equivalent to a denial of discharge—is the correct one.

Sections 362 and 524 of the Code allow individual chapter 7 bankruptcy filers opportunities to protect non-exempt property, eliminate personal liability for certain non-dischargeable debts, and gain a fresh financial start. Typically, a chapter 7 case has two dispositive events: the case commencement and simultaneous imposition of the automatic stay, and the entry or denial of the discharge. To be sure, other events can and do occur in chapter 7 cases, but these two are of paramount importance. As to the discharge, Mr. Mattson maintains that an order accepting a waiver of discharge is not the same as an order specifically denying discharge. The Court sees that distinction as meaningless: an elevation of form over substance. Both are court orders that conclusively determine whether a discharge will enter and, therefore, whether the protections of 11 U.S.C. § 524(a) will be available to the debtor. After the Court issued its December 17, 2025 order, there was nothing left to do to address whether Mr. Mattson could qualify for a discharge. His waiver of discharge was unambiguous. The last sentence in this Court's order approving the waiver was also unambiguous: "[n]o discharge shall enter in favor of the Debtor in this case." D.E. 192.

The Court acknowledges that it did not use the words "deny" or "denied" in its order

and that the Bankruptcy Code does not define them.  *In re Graft*, 489 B.R. 65, 69 (Bankr. S.D. Ohio 2013).  However, a commonsense understanding of "deny" is the refusal to grant.  *St. Paul Mercury Ins. Co. v. Magnolia Lady, Inc.*, No. CIV.A. 297CV153, 1999 WL 33537191, at *3 (N.D. Miss. Nov. 4, 1999); *see also Black's Law Dictionary* (12th ed. 2024) (fifth definition for "deny" is: "[t]o say no to (a person with a request, or the request so made); to refuse to allow."); *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/deny (accessed last April 23, 2026) (Definition 3 b of deny is: "to refuse to grant.").  The effect of the order is the same nonetheless: Mr. Mattson will not obtain a discharge under § 727(a) in this case.  There is nothing in the Code or Rules that distinguishes between the result of a denial of discharge by judgment in a § 727 action and the result of a court order approving a waiver of discharge.  For example, both require notice by the clerk under Fed. R. Bankr. P. 4006 as provided by Rule 2002(f)(1)(G), as was done here.  D.E. 197.  Therefore, the Court sees no reason why the character of the stay would be any different if the discharge was denied by a court order or if the court order approved a discharge waiver.

### Conclusion.

Because the Court concludes that its order accepting Mr. Mattson's voluntary written waiver of discharge was a denial of discharge for purposes of § 362(c)(2)(C), and that the automatic stay as to any act under § 362(a) other than an act against property of the estate terminated on December 17, 2025, Mr. Beliveau's motion is granted.

Dated: April 24, 2026

/s/ Peter G. Cary

Judge Peter G. Cary
United States Bankruptcy Court
For the District of Maine