RECEIVED

By USBC Portland at 4:04 pm, 05/07/2026

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

In re:                                                )
                                                       )
KEVIN J. MATTSON,                                      )          Chapter 7
                                                       )          Case No.: 24-20188
                        Debtor.                        )
                                                       )
_____ )
                                                       )
MONTRESSOR LLC,                                        )
                                                       )
                        Creditor,                      )
                                                       )
        v.                                             )
                                                       )
TERENCE CONKLIN,                                       )
                        Creditor,                      )          Claim No. 33-1
                                                       )

## RESPONSE

NOW COMES creditor and party in interest, Terence Conklin ("Conklin"), proceeding *pro se*, and responds ("Response") to Montresor's ("Montresor") objection ("Objection") to Conklin's *Motion to Withdraw Proof of Claim* ("Motion"), dated April 30, 2026, in the Chapter 7 case of Kevin J Mattson ("Debtor") as follows:

### General Denial.

Any allegation not admitted in this answer is denied by Conklin.

### I. Response to Facts as Stipulated by Montressor

Conklin responds to the "Facts" asserted by Montressor as follows:

1.      Conklin lacks information to opine on the accuracy of the legal stipulations but believes that the Court has the authority to rule on Conklin's Motion.

2.      Admitted.

3.      Admitted.

1

4.      Admitted. Note that Conklin filed an Answer to Montresor's Objection on December 30, 2025 and that a hearing on the Objection was originally scheduled to take place in early January 2026, almost six months prior to the rescheduled June 4, 2026 hearing date.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Denied. As set forth in Conklin's Supplemental Filing on March 24, 2026, Conklin fully replied to Mr. Creswell's document requests (see Exhibit A - Supplemental Filing) including Conklin's specific responses via email to Mr. Creswell on March 4, 2026. Mr. Creswell's assertion that Conklin refused to adequately reply to his requests is false.

9.      Denied. Conklin did not respond based on his belief that he was not part of any subpoenas of bank documents, and therefore his consent was not required.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted. See #9 above.

14.     Denied. Montresor's filings for a Motion for Entry of Confidentiality Order was due to the objection by a non-party to produce bank information, not because of Conklin, and Mr. Creswell was compelled to file such motion to respond to the confidentiality concerns of Ms. Krueger.

15.     Admitted. Any motions to quash subpoenas by Ms. Krueger or Debtor are separate and distinct from Conklin's Motion.

16.     See #15 above.

17.     See #15 above.

18.     Admitted.

19.    Denied. Mr. Creswell asserts that Conklin "wants to withdraw his Claim now without any consequences". The "consequences" of his initial loan to Debtor, including the many hours Conklin has incurred in filing the Claim, responding to voluminous motions by Montresor, researching and drafting filings, participating in extensive negotiations with the Trustee, and the appearance at multiple hearings over the last twelve months - are both real and tangible. In addition, withdrawing his Claim from the bankruptcy estate will preclude Conklin from participating in any distributions that may or may not be available from the Trustee.

20.    Denied. As set forth in the Federal Rules of Bankruptcy Procedure 3006, the Court has the authority to grant a Withdrawal of Proof of Claim. The Court, in its sole discretion, can request objections to such motions and schedule hearings as it sees fit.

21.    Denied. Mr. Creswell cites baseless assertions as to Conklin's actions.

22.    Denied. As set forth in #20 above, the Clerk controls the scheduling of the Court's hearings and Mr. Creswell's accusation that the Clerk "saved Conklin from his cynical gamesmanship" is baseless, demeaning and false. Mr. Creswell further asserts in ¶ 43 of his Objection, that the "Clerk….in the case is protecting his (*Conklin's*) interests and satisfying his litigation obligations for him". Conklin has not asked for nor been given any "special treatment" by the Clerk, and the inference that Conklin has somehow colluded with the Clerk to "save" or "protect" him is objectionable to Conklin and the Court.

## II. Discussion

23.    In ¶ 28 and ¶30 of his Objection, Mr. Creswell asserts that Conklin, along with the Debtor and Ms. Krueger, have colluded in "coordinated efforts" to "block and delay" his discovery. As stated in the Supplemental Filing of March 24, 2026, Conklin states for the record that he has never met, spoken to or corresponded with Ms. Krueger. Any implications by Mr. Creswell are baseless and

false. Conklin believes that Mr. Creswell's subpoenas of Ms. Krueger's personal bank records are simply a fishing expedition designed to harass the Debtor's past employees.

24.     In ¶ 31 and ¶ 36 of his Objection, Mr. Creswell calls Conklin a "liar". Conklin is not an attorney, but believes that there is no place in the Court of Law to disparage and malign anyone with such gutter level personal accusations.

25.     In ¶ 37, 41 and ¶ 42 Mr. Creswell shows utter contempt for Conklin's representation in this case on a *pro se* basis, and states that if Conklin could invest $75,000 in a real estate loan to a third party entity, secured by an assignment of lease, and the guarantee of the Debtor – then he could and should have the wherewithal to hire "competent counsel", such as Mr. Creswell. The fact of the matter is that Conklin consulted with several bankruptcy attorney's to represent him in this case. Across the board, they indicated that the fees associated with defending him in these multiple proceedings would be well in excess of his initial loan amount. Conklin's decision to represent himself *pro se*, and his decision to withdraw his claim, is simply and foremost an economic one. Conklin admits that he has utilized the "Legal Information Institute's Federal Rules of Bankruptcy Procedure" in affiliation with Cornell Law School (www.law.cornell.edu) in guiding him through the rules and regulations of the Federal Bankruptcy Court, but has not used "AI" in any way.

26.     In ¶ 38 – 40 of the Objection, Mr. Creswell implores the Court to dispose of Conklin's Claim once and for all, with the objective of assisting Montresor in blocking Conklin from ever "pursuing his claim outside of bankruptcy". It is notable that the Trustee has filed several motions that explicitly acknowledge the validity of Conklin's Claim and dismisses the notion of "lack of consideration" to the Debtor (see Motion for Compromise).

### III Conclusion

WHEREFORE, Conklin requests that the Court enter judgment approving Conklin's Motion to Withdraw Proof of Claim, and grant him such other relief as the Court deems just and appropriate under the circumstances.

Dated: May 7, 2026

/s/ Terence Conklin
Terence Conklin, *pro se*
tjconks@gmail.com

### CERTIFICATE OF SERVICE

I, Terence Conklin, hereby certify that I am over eighteen years old and on this day provided copies of the above Answer upon each of the parties listed below in the Service List by email as indicated.

Dated this 7th day of May, 2026.

/s/ Terence Conklin
Terence Conklin, *pro se*

**Service List**:

Edmond Ford          eford@fordlaw.com

Randy Creswell       rcreswell@creswelllaw.com

Heather Sprague      heather.sprague@usdoj.gov

Kevin Mattson        kevin@northeastasset.com