**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| KEVIN J. MATTSON, | ) | Case No. 24-20188 PGC |
| | ) | |
| Debtor. | ) | |

### MOTION TO COMPEL ABANDONMENT OF PROPERTY OF ESTATE
### AND REQUEST FOR LIMITATION OF NOTICE

NOW COME Creditors Severin M. Beliveau, Esq. ("Beliveau") and Montresor LLC ("Montresor") (together, "Movants"), pursuant to 11 U.S.C. § 554(b), Federal Rules of Bankruptcy Procedure 6007(b), 9013, and 9014, and D. Me. LBR 6007-1, 9013-1, and 9014-1, and request that the Court order the Chapter 7 Trustee, Edmond J. Ford, Esq. ("Trustee"), to abandon the estate's claims against Beliveau and Randy J. Creswell, Esq. ("Creswell") set forth on Debtor's Amended Schedule A/B ¶ 33, dated February 25, 2025 (D.E. 94).

Movants also request that the Court authorize limited notice of this Motion to those parties set forth in D. Me. LBR 6007-1, notwithstanding Federal Rule of Bankruptcy Procedure 6007(b)(1)'s requirement (absent Court approval otherwise) that the Motion be served on "all creditors" in Debtor's Chapter 7 case.

In support of their Motion, Movants state as follows.

### I. Constitutional Authority, Jurisdiction, and Venue

1.      The Court has constitutional authority to enter final orders on this Motion, it has jurisdiction over this case pursuant to 28 U.S.C. § 1334, this is a statutorily core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O) and venue is proper pursuant to 28 U.S.C. § 1409(a).

## II. **Facts**

2.      On September 12, 2024 ("Filing Date"), multiple petitioning creditors, including Beliveau, commenced this Chapter 7 case against Debtor, Kevin J. Mattson ("Debtor"), through the filing of a Chapter 7 Involuntary Petition Against an Individual (D.E. 1).

3.      On the Filing Date, Beliveau, as with multiple other creditors, possessed a Judgment against Debtor.  *See* D.E. 1.

4.      Beliveau's Judgment against Debtor is in the principal amount of $288,020.  As of May 8, 2026, the amount due from Debtor to Beliveau under the Judgment was $343,366.86 (plus all additional post-judgment interest, expenses, costs, and attorney fees).  *See, e.g.,* Severin M. Beliveau, *et al.* v. Kevin J. Mattson, Docket No. PORDC-SA-2026-224.

5.      On February 18, 2025, Marcus, Clegg, Bals & Rosenthal, P.A. ("Marcus Clegg") entered its appearance on behalf of Debtor (D.E. 92).

6.      On February 25, 2025, Debtor filed Amended Schedules (D.E. 94).

7.      Debtor signed the Amended Schedules under penalties of perjury.  *See* 28 U.S.C. § 1746.  Marcus Clegg filed the Amended Schedules under, *inter alia*, its obligations pursuant to Federal Rule of Bankruptcy Procedure 9011(b)(1) – (4).

8.      Debtor's Amended Schedule A/B ¶ 33 regarding "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment" provides as follows:

-       "Claim against Severin Beliveau for breach of contract and fraud"

-       "Claim against Randy Creswell for slander"

Debtor states that the value of both scheduled claims is "Unknown."  *Id.*

9.      Two weeks later, on March 11, 2025, the Trustee conducted a Meeting of Creditors and examined Debtor under oath pursuant to § 341 of the Code.  (D.E. 108).

10. Upon being questioned at the Meeting of Creditors regarding the bases for the scheduled claims, Debtor testified under oath generally as follows.

- As for Beliveau, Debtor testified that Beliveau purportedly committed fraud and breached his contractual obligations to either Debtor or Harpers Development, LLC (it was unclear) in connection with a sale in November 2023 of the assets of Central Maine Commerce Center, LP and Beliveau's receipt of money that Debtor claimed should have been paid to him or Harpers Development, LLC (it was unclear); and

- As for Creswell, Debtor testified that Andrew C. Helman, Esq. and E. Chris L'Hommedieu, Esq. both told Debtor that Creswell had made statements outside of court that, in their view and opinion, were not just harsh but were slanderous and actionable, and that such purportedly slanderous statements had begun in 2020 and continued in all of Creswell's discussions with Attorney Helman, in particular, since then.

11. Twenty-two days later Montresor was a mortgagee of the residence owned by Debtor's spouse and a creditor in Debtor's case.[1]

12. One year later – and just a few weeks after Montresor successfully objected (D.E. 182) to the Trustee's first of three as-yet-successful efforts to approve a compromise (D.E. 178) relating to Debtor's unscheduled but much discussed entitlement to historic tax credits worth ~$380,000 (D.E. 233) – the Trustee sent a draft Complaint to undersigned counsel for Beliveau and others.  The draft Complaint alleged claims against Beliveau (and others) based upon, *inter alia*, Debtor's scheduled fraud and breach of contract claim against Beliveau and his testimony at his Meeting of Creditors – from a year earlier.

13. In sending the draft Complaint, the Trustee solicited comments from the recipients of his communication and draft Complaint as to whether any of the facts or legal claims set forth in the draft Complaint were in error.

---

[1] And the mortgagor's equity of redemption expires shortly.  *See* 14 M.R.S. § 6322; *see also* Montresor LLC v. Jeanne M. Mattson, Docket No. PORSC-RE-2024-037; *see also* Certification of Judgment and Foreclosure and Sale, dated May 14, 2026 (Cumberland County Registry of Deeds, Book 42253, Page 70).

14.     Undersigned counsel informed the Trustee in unmistakable terms that he absolutely should file the draft Complaint.

15.     No other recipient of the Trustee's communication provided a response other than to state plainly that the draft Complaint lacked any merit whatsoever.

16.     To date, the Trustee has not filed the draft Complaint.  Nor has the Trustee filed an action against either Beliveau or Creswell based upon the claims listed on Debtor's Amended Schedule A/B.

### III.  Discussion

**A.      Abandonment of Claims – 11 U.S.C. § 554(b)**

17.     Section 554 of the Code provides in part as follows:

(b)     On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554(b); *see also In re Mailman Steam Carpet Cleaning, Inc.*, 270 B.R. 82, 86 n.9 (B.A.P. 1st Cir. 2001) ("*See* § 554(b) (providing that a party-in-interest may request abandonment of property that is 'burdensome' to the estate or of 'inconsequential' value and benefit to the estate); Fed. R. Bankr. P. 6007(b) (party-in-interest seeking to compel abandonment proceeds by motion).").

18.     "The party seeking to compel abandonment bears the burden of proving by a preponderance of the evidence that the property is in fact burdensome or of inconsequential value."  *In re: Culligan Ltd.*, 2023 WL 5942498, at *12 (Bankr. S.D.N.Y. Sept. 12, 2023) (citation omitted).

> While there is relatively little case law under *Section 554(b)* itself, drawing by analogy from trustee-initiated abandonments under *Section 554(a)*, the Court in deciding a motion brought pursuant to *Section 554(b)* will defer to a trustee's decision not to abandon property provided it finds that the trustee made a business

judgment, in good faith, upon some reasonable basis, and within the scope of her authority.

*In re Guru Glob. Logistic, LLC*, 557 B.R. 842, 844–45 (Bankr. W.D. Pa. 2016); *In re Team Sys. Int'l, LLC*, 2026 WL 467200, at *5 (Bankr. D. Del. Feb. 18, 2026) ("Consistent with this history, the caselaw construing § 554(b) has generally concluded that in the absence of (a) reason to be concerned that the trustee is engaged in self-dealing; or (b) a cost to the estate of retaining ownership of the asset, courts should typically respect a trustee's decision to continue to administer an asset rather than abandon it.").

19.     The fraud and contract claims against Beliveau are worthless, to the estate, Debtor, or whoever else believes they may have standing to assert them.  The Trustee apparently agrees, because he drafted a Complaint two months ago based upon the scheduled claims and Debtor's year-old testimony, and then went completely silent after the targets of the claims refused to engage.

20.     As it stands, the scheduled but dormant claims against Beliveau are worthless. They are therefore of inconsequential value to the estate.  If the scheduled claims against Beliveau are brought by the Trustee, however, then they will go from being of inconsequential value to the estate, to a significant burden and liability for the estate and to the Trustee.  They should be abandoned.  *See* 11 U.S.C. § 554(b).

21.     The scheduled slander claim against Creswell is equally worthless.  It was listed as retaliation for the filing of the Involuntary Petition.

22.     By Debtor's own testimony under oath at his Meeting of Creditors, he has possessed the slander claim since 2020, and yet he never elected to assert the claim for years. And he affirmatively elected not to assert the claim against Creswell after apparently being

repeatedly told by his attorneys, Attorney Helman and Attorney L'Hommedieu, that Creswell had, and was continuing to, slander him for years.[2]

23. The slander claim should either be brought by the Trustee, now, or it should be abandoned, now.

24. While it is just Movants' view that the slander claim is of no benefit to the estate, it is a certainty that while it remains estate property, it is an absolute liability and potential burden to the estate.

25. Upon abandonment, it will just be a liability for Debtor and Attorneys Helman and L'Hommedieu.

### B. Limitation of Notice – D. Me. LBR 6007-1

26. Pursuant to Local Rule 6007-1, a Chapter 7 trustee in this District is not required to provide notice of abandonment to all creditors in a case. A trustee is only required to provide notice of abandonment to those creditors that have requested notice. *See* D. Me. LBR 6007-1 ("The trustee shall provide notice of abandonment only to the debtor, the debtor's attorney, the United States trustee, lienholders, any party known or believed to hold or claim an interest in the property to be abandoned, and to any party who has filed a request for notice.").

27. Local Rule 6007-1 recognizes that it is a substantial administrative burden on a trustee to provide paper notice of abandonment to all the creditors in any given case, particularly

---

[2] If the attorney-client privilege did exist between Debtor and either Attorney Helman or Attorney L'Hommedieu regarding the claim, then Debtor waived it at the Meeting of Creditors. *See* Fed. R. Evid. 502(a) ("The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection. (a) Disclosure Made in a Federal Proceeding … Scope of a Waiver. When the disclosure is made in a federal proceeding . . . and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal … only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together."); *see also* Me. R. Evid. 510 ("(a) General rule. A person who has a privilege under these rules waives the privilege if the person … while holding the privilege voluntarily discloses … any significant part of the privileged matter.").

when the vast majority of such creditors which have not requested notice likely have no, or at best, limited interest in the case.

28.     Movants have served this Motion on all the parties listed in Local Rule 6007-1. They have not served the Motion on all creditors in the case.  For the substantive reason underlying Local Rule 6007-1's existence, Movants request that the Court deem their limited notice and service of the Motion valid and proper for purposes of Federal Rule of Bankruptcy Procedure 6007(b)(1) ("Unless the court orders otherwise, the motion … must be served on….").

### IV.  Conclusion

WHEREFORE, Severin M. Beliveau, Esq. and Montresor LLC, request that the Court: (i) compel the abandonment of the estate's claims against Beliveau and Creswell set forth on Debtor's Amended Schedule A/B ¶ 33; (ii) authorize limited notice of this Motion; and (iii) that the Court grant them such other and further relief as is just and appropriate under the circumstances.

Dated at Portland, Maine this 17th day of May, 2026.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditors/Movants,
Severin M. Beliveau, Esq. and
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

### CERTIFICATE OF SERVICE

I, Randy J. Creswell, hereby certify that I served on this day copies of the above Motion, Notice of Hearing, proposed Order, and Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise indicated below).

Dated at Portland, Maine this 17th day of May, 2026.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Movants/Creditors,
Severin M. Beliveau, Esq. and
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

**<u>Service List</u>**

Kevin J. Mattson (via email only)

Seth W. Brewster, Esq. (via email only)

Terence Conklin (via email only)

John C. Orestis (via U.S. Mail)
PO Box 777
Lewiston, ME 04240

Harpers Development, LLC
Attn: Thomas B. Federle, Esq., Clerk/Registered Agent
254 Commercial Street, Suite F
Portland, ME  04101