**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| KEVIN J. MATTSON, | ) | Case No. 24-20188 PGC |
| | ) | |
| Debtor. | ) | |

**REPLY TO TRUSTEE'S OBJECTION TO MOTION TO COMPEL**
**ABANDONMENT OF PROPERTY OF THE ESTATE (D.E. 332)**

NOW COME Creditors, Severin B. Beliveau ("Beliveau") and Montresor LLC ("Montresor") (together, "Movants"), in the Chapter 7 case of Debtor, Kevin J. Mattson ("Debtor"), pursuant to D. Me. LBR 9013-1(d), and file this Reply to the Trustee's Objection to Motion to Compel Abandonment of Property of the Estate (D.E. 332), dated May 29, 2026 (D.E. 337) ("Objection"), as follows.

1.      With respect to Beliveau, the Trustee states in his Objection that the "draft complaint" he sent to counsel for Beliveau (and others) "did not allege fraud; the draft complaint did not allege a breach of contract to the benefit of the estate."  Objection ¶ 12.

2.      Given those admissions, and because Movants seek to compel the Trustee to abandon the "Claim against Severin Beliveau for breach of contract and fraud" set forth on Debtor's Amended Schedule A/B ¶ 33, the Trustee should have no opposition to, or issue with, the requested abandonment of the scheduled claims.

3.      To put it another way, Movants did not request that the Trustee abandon the unscheduled "claims" set forth in his draft complaint.  Rather, Movants requested that the Trustee be compelled to abandon the scheduled claims set forth on Debtor's Amended Schedules, and for which the Trustee admits he is not pursuing or investigating.  So there should be no issue with the relief requested in the Motion as to Beliveau.

4.      As set forth in the Motion, the scheduled claims against Beliveau are of inconsequential value to the estate, and they absolutely will become burdensome to the estate if pursued. *See* 11 U.S.C. § 554(b); *In re Mailman Steam Carpet Cleaning, Inc.*, 270 B.R. 82, 86 n.9 (B.A.P. 1st Cir. 2001).

5.      As for the draft complaint itself, it is legally unintelligible. Through that draft complaint, the Trustee again manifests his basic lack of understanding of contract law and principles of, and distinctions among, limited liability companies, transferable interests, and members of LLCs, particularly under the Maine Limited Liability Company Act.

6.      And while it will be significantly expensive for Debtor and the estate if the Trustee elects to file it (in whatever iteration it now exists),[1] undersigned counsel absolutely stands by his statement the Trustee should "just file the Complaint, Ed, and we'll see how it turns out."

7.      As for Debtor's slander claim against undersigned counsel, the Trustee does not appear to understand how contested matters work. *See* Objection ¶ E; *see also* Federal Rule of Bankruptcy Procedure 9014. The filing of the instant Motion initiated a contested matter under Federal Rule of Bankruptcy Procedure 9014 with respect to the potential abandonment of the slander claim.

7.      If the Trustee's position is that he just wants to delay Movants' request that the slander claim be abandoned now (because that is when the Motion was filed, *i.e.*, now), then Movants are entitled to conduct their own affirmative discovery – now – of the Trustee, Attorneys Helman and L'Hommedieu, Debtor, and anyone else that may have information bearing on the substance of the claim and the Trustee's position that more investigation is needed. That includes,

---

[1] If the draft Complaint was legally and factually fine as the Trustee goes to great lengths to assert in his Opposition when the Trustee solicited comments and reactions from counsel, it begs the question as to why "the Trustee has amended his working draft." Objection ¶ 16.

and will include, depositions, written discovery, subpoenas, etc., all of which Movants will be prepared to discuss the need for at the hearing on June 16. *See* D. Me. LBR 9014-1(1)(3).

8.      In response to any motion to compel abandonment, a trustee cannot simply say that the statute of limitations on a scheduled claim, for example, has not yet expired, and so the claim cannot be abandoned under § 554(b) of the Code.  Legal expiration of a claim is not the test for abandonment.  The test is whether the claim itself is burdensome or of inconsequential value to the estate.  If the Trustee cannot say on June 16 whether the slander claim has more than inconsequential value to the estate, right now, given his last sixteen months of investigation into the legal and factual viability of the claim, then it should be abandoned, now.

9.      In his Objection, as with his approach with the draft complaint, the Trustee oddly equates a party's or counsel's refusal to engage, deny, admit, offer comments, educate the Trustee on the law and facts, as tantamount to an admission that the Trustee's views, positions, or "claims" are valid and have merit.

10.      This not Perry Mason.

11.      Litigation and contested matters are adversarial processes, and litigants can either prove their affirmative claims and defenses through admissible evidence and the law – or they cannot.  If a litigant believes they have valid and meritorious claim, then they should just bring them.

12.      Previewing claims, or in this instance defenses and the innumerable infirmities with draft filings, serves no purpose whatsoever, particularly when the purported claims only surfaced after lying dormant for more than year once the party advancing the "claims" suffered multiple litigation setbacks in a case.

## Conclusion

WHEREFORE, Severin M. Beliveau, Esq. and Montresor LLC, pursuant to 11 U.S.C. § 554(b), Federal Rules of Bankruptcy Procedure 6007(b), request that the Court: (i) compel the abandonment of the estate's claims against Beliveau and Creswell set forth on Debtor's Amended Schedule A/B ¶ 33; (ii) authorize limited notice of the Motion; (iii) authorize the initiation of discovery in this contested matter in the event that the Motion is not granted at the June 16 hearing; and (iv) that the Court grant them such other and further relief as is just and appropriate under the circumstances.

Dated at Portland, Maine this 9th day of June, 2026.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditors,
Severin M. Beliveau
Montresor LLC

- 4 -

## CERTIFICATE OF SERVICE

I, Randy J. Creswell, Esq., hereby certify that I have served on this day copies of the above Reply and this Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise indicated below).

Dated at Portland, Maine this 9th day of June, 2026.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditors,
Severin M. Beliveau
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME  04112
207.358.1010
rcreswell@creswelllaw.com

## Service List

Kevin J. Mattson (via email only)

Seth W. Brewster, Esq. (via email only)

Terence Conklin (via email only)

John C. Orestis (via U.S. Mail)
PO Box 777
Lewiston, ME 04240