**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE (Portland)**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
In re:                                                    **Chapter 7**
**Kevin J. Mattson,**                                     **Case No. 24-20188-PGC**
            **Debtor**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TRUSTEE'S REPLY**
**TO THE RESPONSE OF THE UNITED STATES TRUSTEE IN SUPPORT OF HIS**
**MOTION TO APPROVE COMPROMISE RELATING**
**SETON UNIT 4, LLC.**
**(DE 329)**

*NOW COMES* Edmond J. Ford, Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate

of Kevin J. Mattson (the "Estate"), by his attorneys Ford, McDonald &Borden, P.A., and makes

this Reply to the Response of the United States Trustee to Chapter 7 Trustee's Motion to

Approve Compromise [D.E. 329] (the "*Response*"):

The substance of the *Response* is contained in paragraphs 9 and 10.  The Court should

reject those arguments:

A.  The Terms of the Settlement are Fully Disclosed.

The *Response* asserts at ¶9 (and repeats the assertion at ¶10) that the "the Motion contains

insufficient information concerning the terms of the settlement." The settlement agreement and

all its terms are: (a) attached as an Exhibit. *See,* D.E. 306-1.  The terms are then restated in

Exhibit A to the Notice to Creditors. *See,* D.E. 307.

B.  The Business Justification has been Fully Articulated.

The *Response* asserts at ¶¶9 & 10 that "the Motion contains insufficient information

concerning . . . the business justification for the proposed compromise."  The business

justification for the proposed compromise is that the litigation will only get the estate the State

Tax Credit which is a worthless figment of Mr. Mattson's unreasonable optimism: $5,000.00 is better than spending $10,000 to get $0.00. *See, Notice,* D.E. 307 Ex. B; *Motion to Approve Compromise,* (the "*Motion*") D.E. 306, ¶¶1, 3, 4, 5 & 6; *See,* Docket Entries 178, 211, 219 & 225.

The business justification is that $5,000 is more than $0.00.

C. <u>The impact on the Estate is fully described.</u>

The *Response* asserts at ¶10 that "the information provided in the Motion and related documents leave questions as . . . the impact upon the estate if the proposed settlement is approved or not approved." The impact on the estate of disapproval of the settlement (ongoing litigation) is described in the *Motion* at ¶5 and Exhibits B & C. D.E. 306-2 (a **net loss** of $59,000 to $73,000). The impact on the estate of approval is the recovery of $5,000.00.

D. <u>Specific Claims being compromised are expressly described.</u>

The *Response* asserts at ¶10 that "the information provided in the Motion and related documents leave questions as to. . . what specific claims and counterclaims are being compromised."

First, there are no counterclaims and no part of the *Motion* or Agreement refers to counterclaims. No description of counterclaims is required.

Second, the specific claims being compromised are expressly described in the Settlement Agreement and further described in the Notice D.E. 306-6. It recites (accurately):

> The claims released are:
> A. The claims in the AP which are: (1) claims that the estate owns the right to the Maine State refundable tax credit arising from certain rehabilitation work on the Elizabeth Seton Memorial Hospital (the "Tax Credit"); (2) that the collateral assignment of that tax credit to Mr. Conklin is avoidable under 11 U.S.C. §544; and (3) that the collateral assignment of that tax credit is avoidable under 11 U.S.C. §547.

B.  No other claims are released.

The United States Trustee neither acknowledges the existence of the notice, nor states why that

description of the claims released is inadequate.

E.  <u>The Reason for Dismissal with Prejudice is to Confirm the Ownership of the Chimerical Tax Credit and because Settlement Requires Both Parties' Agreement.</u>

The *Response* asserts at ¶10 that "Trustee Ford has not demonstrated why the Court

should approve a dismissal with prejudice of the Complaint's claims on the existing record,

including claims the estate has against Mr. Conklin and Marcus Clegg."

The $5,000.00 is paid to the estate if the Adversary Proceeding is settled.  Settlement

requires agreement by Mr. Conklin and Marcus Clegg.  Settlement is also intended to confirm

the ownership of the chimerical tax credit in Seton Unit 4, LLC. Each is achieved by dismissal

with prejudice.[1]

F.  <u>Tax Consequences of Abandonment.</u>

The *Response* asserts at ¶10 that

> It is also unclear whether the abandonment of Seton 4 contemplated in the Motion will in fact "insulate[] the bankruptcy estate from possible flow through income tax consequences arising from the ownership of the membership interest" (Docket No. 307 at ¶ 7) or is even necessary given the plain language of 11 U.S.C. § 554(c).

The United States Trustee forgets that 11 U.S.C. 554(c) deals only with abandonment of

property at the end of a case and does not deal with the tax consequences of ownership of

property during a case. If, during the case, an estate owns a security and receives a dividend

check, it has income whether or not the security is abandoned at the closing of the case.  The

income from Seton Unit 4, LLC is the same principle.  *See, e.g.,* <u>Samore v. Olson (In re Olson),</u>

---

[1] Counts I and II, the claims under Sections544 and 547 will, be with prejudice once October 9, 2026 passes. 11 U.S.C. §546(a)(1)(A).

3

930 F.2d 6 (8th Cir. 1991) (Income from foreclosure sale runs to the debtor because the Trustee abandoned the property before the sale).

### CONCLUSION

The United States Trustee does not assert any affirmative reason to deny approval of the compromise.  Approval is warranted.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court order and decree as follows:

A.  That the Motion be Granted;

B.  That the Settlement Agreement be approved; and

C.  For such other and further relief as is just and equitable.

Respectfully submitted,
Edmond J. Ford, Ch. 7 Trustee

By his Attorneys,
FORD, McDONALD & BORDEN, P.A.

Date: June 11, 2026                    By: */s/ Edmond J. Ford*
Edmond J. Ford  Bar # 010174
815 Elm Street, Suite 5 B
Manchester, NH 03101
(603) 373-1737 (Telephone)
(603) 242-1381 (Facsimile)
eford@fordlaw.com

Certificate of Service

On June 11, 2026, I electronically filed the foregoing document through the Court's CM/ECF systems which will send a notice of electronic filing to the parties on the Court's electronic service list.

On June 11, 2026, I forwarded a copy of the foregoing by email to Terrence Conklin at tjconks@gmail.com  and to Kevin Mattson at kevin@dirigocapitaladvisors.com.

*/s/ Edmond J. Ford*
Edmond J. Ford  (Bar # 010174)

4

https://fordmcpartlin.sharepoint.com/Shared Documents/WPDATA/Ed/TRUSTEE/24-20188 - Mattson Me/pleadings/drafts/Reply to UST in support of m approve Seton 4Settlement.docx