**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE (Portland)**

```
*********************
In re:                                          Chapter 7
Kevin J. Mattson,                               Case No. 24-20188-PGC
          Debtor
*********************
```

**TRUSTEE'S REPLY IN SUPPORT OF HIS**
**MOTION TO APPROVE COMPROMISE WITH**
**HOUGHTON AND ISLAND BREWING, LLC.**
**(DE 302)**

*NOW COMES* Edmond J. Ford, Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Kevin J. Mattson (the "Estate"), by his attorneys Ford, McDonald &Borden, P.A., and makes this Reply to the Objection of Montresor LLC [D.E. 327] (the "*Objection*"):

The Trustee's proposed compromise involves two transactions: (a) the resolution of a possible $15,600 preference for $4,000.00; and (b) the resolution of a possible $22,000.00 fraudulent transfer for $6,000.00.  Each is a reasonable exercise of the Trustee's business judgment.

### A.  Montresor Misrepresents the Settlement Agreement.

Montresor inaccurately describes the Settlement Agreement as an agreement to "release Houghton and Island Brewing from 'any claims' of the estate 'under Chapter 5 of the Bankruptcy Code.'" *Objection*, ¶3.  Montresor misrepresents the proposed release as a release of all claims under Chapter 5.

The release is not of all claims, but, only of claims relating to the particular checks:

> The Parties agree to settle the claim for a payment of $4,000 in complete satisfaction of any claims of the Estate against Houghton **with respect to those checks** under Chapter 5 of the Bankruptcy Code.

*Settlement Agreement*, p. 2, ¶2. d. [D.E. 302-1] (emphasis added).

> The Parties agree to settle the claim for a payment of $6,000 in complete satisfaction of any claims of the Estate against Island Brewing Company, LLC, **with respect to those checks** under Chapter 5 of the Bankruptcy Code.

*Settlement Agreement*, p. 2-3, ¶2. g. [D.E. 302-1] (emphasis added).  Montresor asks that the Court order that the settlement be limited to the checks described.  *Objection* ¶16.  The Settlement Agreement already so provides.   "Clarification" is fine but not needed.

### B. The Business Rational for the Settlement of the Preference Claim Against Houghton is Reasonable: the Ordinary Course of Business Defense.

The settlement reasonably accepts $4,000 in satisfaction of preference claims from transfers of $15,800.00.  In the Trustee's judgment, the maximum potential recovery is so small that any settlement would be reasonable and it would be unreasonable to expend the funds to litigate.

Montresor objects accusing the Trustee of simply believing what the Debtor asserts. *Objection*, ¶ 5 ("and he takes them at their word."), ¶11 ("unlike the Trustee, Montresor rejects Debtor's self-serving say so . . ."). The Trustee is not the gullible rube that Montresor pretends. Instead, the Trustee makes the judgment that the Debtor's assertions create triable issues, that raise the expense and uncertainty of trial.

At trial, the Trustee's realistic best case preference recovery is $15,800.00 if he can collect it. Trial could cost more than the entire recovery (if it can be collected). $4,000.00 today without trial is a better outcome.

### C. The Business Rational for the Settlement of the Claims Against Island Brewing, LLC – Evidence Exists that Island Brewing is not an Insider.

Island Brewing, LLC, received $22,000.00 more than ninety (90) days and less than one year before the petition date in satisfaction of an antecedent debt.  Because it was for an

antecedent debt it is not a fraudulent transfer. 11 U.S.C. §548(d)(2)(value includes satisfaction of an antecedent debt).

The Trustee's only hope of recovery is if he can challenge the payment as a preference because Island Brewing, LLC, is an insider.  11 U.S.C. §547(b)(4)(B) (expanded preference period for insiders.)   Island Brewing can only be an insider if it is an "affiliate." 11 U.S.C. §101(31)(E).

Island Brewing, LLC, is not an "affiliate" of the Debtor or any of the Debtor's companies. The only "affiliate" assertion is through ROTM, LLC.  ROTM is an affiliate of Mr. Mattson both because, until November 2024, Mr. Mattson controlled it, and because Mr. Mattson owned more than 20% of ROTM.  ROTM is therefore an affiliate and an insider with respect to Mr. Mattson.  11 U.S.C. §101 (2)(B), and 11 U.S.C. §101 (31)(A)(iv), & (E).

Island Brewing never qualified as an insider with respect to ROTM because: (1) it never satisfied the tests of 11 U.S.C. §101(31)(B); nor (2) was it ever an insider as an "affiliate" under 11 U.S.C. §101(31)(E).  Island Brewing was not, at the time of the payments or since, an "affiliate" or ROTM because: (a) it did not directly or indirectly hold 20% or more of the voting stock in ROTM  - Houghton, not Island Brewing, owned less than the threshold - 19%[1]; (b) ROTM did not hold 20% or more of the Island Brewing membership interest (Island Brewing was 100% owned by Geoffrey Houghton); (c) Island Brewing's business is not operated under an operating agreement with ROTM; and (d) Island Brewing did not operate substantially all of the business of ROTM[2].  Because it was not an affiliate it did not fall into the category of insider under 11 U.S.C. §101(31)(E).

---

[1] Affidavit of Kevin Mattson, D.E. 280-2 4/10/2026  ¶12
[2] Island Brewing operated a pub rented from ROTM.  ROTM developed, leased and tried to sell former mill space in Saco, Maine.

3

Island Brewing does not become an "insider" with respect to Mattson by being an "insider" with respect to Houghton.  The statute does not say that an insider of an insider is an insider.  Instead, it says that an insider of an affiliate is an insider. 11 U.S.C. §101(31)(E).  Island Brewing can only become an insider if Houghton is an affiliate of Mattson. Id.  Houghton cannot be an affiliate of Mattson because neither operates the business of the other and neither individual can own equity in the other.  11 U.S.C. §101 (2).

Because Island Brewing is not an insider, the expanded preference recovery period does not apply.  The Trustee has no recovery under either 11 U.S.C. §§ 547 or 548 against Island Brewing and accepting $6,000.00 to release those worthless claims is a good deal.

### CONCLUSION

The realistic best-case recovery without settlement is $15,600.00 because there is no likely recovery against Island Brewing.  Deducting trial costs, the likely recovery from trial is nothing. The settlement recovers $10,000.00.   The settlement is an appropriate exercise of the Trustee's business judgment.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court order and decree as follows:

    A.  That this Motion be Granted;

    B.  That the Settlement Agreement be approved; and

    C.  For such other and further relief as is just and equitable.

Respectfully submitted,
Edmond J. Ford, Ch. 7 Trustee

By his Attorneys,
FORD, McDONALD & BORDEN, P.A.

Date: June 11, 2026           By: */s/ Edmond J. Ford*
Edmond J. Ford  Bar # 010174

4

815 Elm Street, Suite 5 B
Manchester, NH 03101
(603) 373-1737 (Telephone)
(603) 242-1381 (Facsimile)
eford@fordlaw.com

Certificate of Service

On June 11, 2026, I electronically filed the foregoing document through the Court's CM/ECF systems which will send a notice of electronic filing to the parties on the Court's electronic service list.

On June 11, 2026, I forwarded a copy of the foregoing by email to Terrence Conklin at tjconks@gmail.com  and to Kevin Mattson at kevin@dirigocapitaladvisors.com.

/s/ Edmond J. Ford
Edmond J. Ford  (Bar # 010174)

https://fordmcpartlin.sharepoint.com/Shared Documents/WPDATA/Ed/TRUSTEE/24-20188 - Mattson Me/pleadings/drafts/Reply in support of m approve houghton Settlement.docx