**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE (Portland)**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

In re:                                                                **Chapter 7**

**Kevin J. Mattson,**                                        **Case No. 24-20188-PGC**
             **Debtor**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TRUSTEE'S OBJECTION TO**
**MOTION FOR DECLARATION THAT POST-PETITION LOAN IS NOT PROPERTY**
**OF THE ESTATE AND REQUEST FOR EXPEDITED DETERMINATION**
**(D.E. 342)**

*NOW COMES* Edmond J. Ford, Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate

of Kevin J. Mattson (the "Estate"), by his attorneys Ford, McDonald &Borden, P.A., and Objects

to the Motion for Declaration that Post-Petition Loan is Not Property of the Estate and Request

for Expedited Determination  [D.E. 342]  (the "*Motion*") and in support thereof says as follows:

**A.  Trustee's Summary Position.**

Severin Beliveau ("Movant") asks that this Court "declare and confirm that the $15,000

post-petition loan from Houghton to Debtor is not property of Debtor's bankruptcy estate . . ."

*Motion*, p. 9.   The Motion should be denied because: (a) the relief sought is available only by

adversary proceeding; and (b) whatever thing the words "$15,000 post-petition loan" might refer

to, the $15,000.00 held by the Trustee in the estate's bank account constitutes proceeds of causes

of action which are property of the estate 11 U.S.C. §541(a)(1) & (6).

**B.  Response Pursuant to LBR 9013-1 (c)(2)**

2.        The principal amount of the judgment is admitted.  The Trustee has insufficient

information to form a belief as to the truth of the remaining matters in ¶2 and in Footnote 3.

3.        Admitted.

4.        Admitted.

5.      Admitted.

6.      Admitted.

7.      The Trustee has insufficient information to affirm or deny the assertions in ¶7 and so denies.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted. Based solely on the partial transcripts provided by Movant.

13.     Admitted.

14.     Admitted.

15.     The Trustee has insufficient information to affirm or deny the assertions in ¶15 and so denies.

C.  **The Motion is Procedurally Defective Impairing the Rights of Third Parties and Should be Denied.**

a.  *The Relief Requested Requires an Adversary Proceeding.*

Movant requests a declaration of rights which, under the rule, requires an adversary proceeding:

The following are adversary proceedings:

. . .

**(b)** a proceeding to determine the validity, . . ., or extent of a lien or other interest in property—except a proceeding under Rule 3012 or Rule 4003(d);

. . .

**(i)** a proceeding to obtain a declaratory judgment related to any proceeding described in (a)–(h); and

2

Fed. R. Bankr. P. 7001.  Movant seeks a declaration of the extent of the estate's interest in property and the Rule requires an adversary proceeding.

The cases recognize that command and deviate from it only when both parties waive, or if, on appeal, it is harmless error. Cogliano v. Anderson (In re Cogliano), 355 B.R. 792, 806 (B.A.P. 9th Cir. 2006) ("when the question of whether property is part of the estate is in controversy, Rule 7001(2) requires an adversary proceeding, absent waiver or harmless error . . ."); In re Porrett, 547 B.R. 362, 364 n.2 (Bankr. D. Idaho 2016) ("While a request for a declaratory judgment concerning whether an item or asset is property of the estate would normally require an adversary proceeding, *see* Rule 7001(9), parties may waive their right to an adversary proceeding.") (*citations omitted*).

The Trustee does not waive the procedural requirements of Rule 7001.

> b.  *Use of a contested matter will as a practical matter impair the rights of third parties: Geoffry Houghton and Island Brewing, LLC*.

Contested matters do not require compliance with Rule 7019.  Fed. R. Bankr. P. 9014 (c) (1).  Adversary Proceedings, in contrast incorporate (with certain irrelevant exceptions) Fed. R. Civ. P. 19.  Fed. R. Bankr. P 7019.[1]  Rule 19, as incorporated by Rule 7019, requires joinder of persons such as Mr. Houghton whose interests will, as a practical matter be impaired:

> (a) Persons Required to Be Joined if Feasible.
>
> > (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

---

[1] Rule 7019 reads in full:
> Fed. R. Civ. P. 19 applies in an adversary proceeding. But these exceptions apply:
> > **(a)** if an entity joined as a party raises the defense that the court lacks subject- matter jurisdiction and the defense is sustained, the court must dismiss the party; and
> > **(b)** if an entity joined as a party properly and timely raises the defense of improper venue, the court must determine under 28 U.S.C. § 1412 whether to transfer to another district the entire adversary proceeding or just that part involving the joined party.

. . . or

> (B) that person claims an interest relating to the subject of the
> action and is so situated that disposing of the action in the person's
> absence may:
>
> > (i) as a practical matter impair or impede the person's ability to
> > protect the interest

Fed. R. Civ. P. 19.

Mr. Houghton and Island Brewing, LLC, are in Maine and subject to service.  Mr.

Houghton lent money and received in exchange the Debtor's promise to repay and a release of

claims from this Bankruptcy Estate.

The expected and intended effect of the Motion is that Mr. Houghton will have parted

with the $15,000.00 but be denied the benefit of a release from the Bankruptcy Trustee's claims.

*Motion*, ¶26 (Asking that the Motion be heard before the Compromise Applications so that the

$15,000 held by the Trustee would be delivered to Movant and the Compromises "can and

should be denied as moot.").  Movant expects Mr. Houghton's interests to be impaired by the

Motion and Mr. Houghton and Island Brewing are therefore necessary parties under Rule 7019.

The rules require the use of an adversary proceeding.  The adversary proceeding rules

protect third parties where Rule 9014 does not.  The Motion does not comply with the rules.  The

Motion must be denied.

**D. The $15,000.00 Held by the Trustee in an Estate Bank Account Constitutes Proceeds of Estate Causes of Action and is Therefore Property of the Estate.**

a. *The Claims Against Island Brewing, LLC, Houghton and in the Adv. P. are Property of the Estate.*

The Estate asserted claims against Houghton and Island Brewing, LLC. *Settlement*

*Agreement* D.E. 302-1, ¶¶2 a. – f. The Estate also asserted claims described in <u>Ford v. Conklin</u>

<u>et. al.</u>, Adv. P. 25-02009.   Each of those claims are property of the bankruptcy estate. <u>Cadle Co.</u>

v. Mims (In re Moore), 608 F.3d 253, 257-58 (5th Cir. 2010) ("Section 541 defines 'property of the estate' to include, among other things, 'all legal or equitable interests of the debtor in property as of the commencement of the case.' 11 U.S.C. § 541(a)(1). '[T]he term 'all legal and equitable interests of the debtor in property' is all-encompassing and includes rights of action as bestowed by either federal or state law.'") (*Quoting*, S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.), 817 F.2d 1142, 1149 (5th Cir. 1987)); In re With Purpose, Inc., No. 23-30246-MVL7, 2025 LX 194636, at *95 (Bankr. N.D. Tex. Jan. 22, 2025) ("[T]he Fifth Circuit held that such causes of action [preference claims] are also property of the estate pursuant to section 541 of the Bankruptcy Code.") The settled claims are property of the estate.

b. *The Cash Held by the Trustee is Proceeds of the Settled Claims and Therefore Property of the Estate.*

Property of the estate includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate . . ." 11 U.S.C.S. § 541 (a)(6). "Proceeds" as defined in Article 9 and in common parlance does not require an enforceable agreement but merely accrual: if the funds accrue from, arise out of, or are collected on account of an asset of the estate they are proceeds.

Judge Haines dealt with the definition of "proceeds" and he noted: "[t]he Bankruptcy Code provides no express definition of 'proceeds.'" In re Toppi, 378 B.R. 9, 12 n.5 (Bankr. D. Me. 2007). To find a definition, Judge Haines used the definition in Article 9. Id.

Article 9 defines "proceeds" in relation to collateral. Substituting "property of the estate" for collateral yields the following:

(64). "Proceeds" means the following property:

(a). Whatever is acquired upon the sale, lease, license, exchange or other disposition of [property of the estate];

(b). Whatever is collected on or distributed on account of [property of the estate];

(c). Rights arising out of [property of the estate];

. . .

Me. Rev. Stat. tit. 11, § 9-1102.

The Article 9 definition includes the cash in the Trustee's account. While there may be an argument about whether, in advance of this Court's approval, an "exchange" has yet occurred (and therefore whether clause (a) applies), there is no argument but that the Trustee has "collected" the cash in his bank account "on account of" the causes of action that are property of the estate. 11 M.R.S. §9-1102(64)(b).

Similarly, the rights that the Trustee holds in the cash in his bank account are "rights arising out of" the causes of action that are property of the estate. 11 M.R.S. §9-1102(64)(c).

Common English Dictionary definitions of "proceeds" yield the same result: the cash in the Trustee's bank account is proceeds whether or not the transaction is yet complete. https://www.dictionary.com/browse/proceeds ("total sum, accruing from some undertaking or course of action");  https://www.collinsdictionary.com/us/dictionary/english/proceeds ("something that results or accrues").   The cash in the Trustee's bank account has resulted or accrued from estate causes of action which are property of the estate and so it, too, as "proceeds," is property of the estate.

     c. *The Court Should Reject Movant's Sleight of Hand: There is No Doubt but that, Before Payment to the Trustee, the Funds were Not Property of the Estate..*

The Movant's argument is that before the funds were delivered to the Trustee they were not property of the estate. Of course that is true.  The purchase price payment for the sale or disposition of any estate asset is always not estate property before delivery to the Trustee.

6

But upon payment to the Trustee, the funds become part of the estate subject to this Court's exclusive jurisdiction. 28 U.S.C.S. § 1334 (e) ("The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—**(1)** of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate . . ."); D. Me. LR 16.8(a) (referring bankruptcy matters to this Court). This Court has exclusive jurisdiction over property of the bankruptcy estate, including proceeds, and the fact that before payment to the Trustee those proceeds were not property of the estate is less than irrelevant – there would be no settlements otherwise.

This Court may determine that the Trustee must return the proceeds to the Debtor or to Mr. Houghton, as appropriate, but, until this Court acts to do so and the Trustee pays the money to someone, the State Court has no power over the funds in the Trustee's accounts without permission first by this Court. McKinney v. 2nd Chance Auto Sales, Inc., 611 B.R. 894, 901 (Bankr. M.D. Ala. 2020) ("As garnishment actions against a trustee are civil actions, it follows that *Barton* withdraws subject matter jurisdiction from any court other than the court in which the trustee serves where, as here, someone attempts to garnish funds in the hands of a trustee."); In re Rubicon, Ltd., 331 F. Supp. 1307, 1309 (N.D. Cal. 1971) ("It is clear then that funds in the hands of the trustee pursuant to bankruptcy proceedings are *in custodia legis* and that the bankruptcy court does not lose custody of such funds by the mere declaration of a dividend. As such, these funds are not attachable by process from a state court, at least without the consent of the bankruptcy court."); *cf,* Cobb v. Camden Sav. Bank, 106 Me. 178, 182, 76 A. 667, 669 (1909) (Similar rule as to state receivers: "The oft repeated expression is that the custody of the receiver is the custody of the court, and that is *custodia legis*."). The Trustee holds funds as

proceeds of estate property and those proceeds are likewise property of the estate subject to this Court's exclusive jurisdiction.

Because the funds are in this Court's custody, and subject to this Court's exclusive jurisdiction, the Court should ignore the assertion in ¶24 of the *Motion* that Movant will ever have a "statutory lien . . . in the . . .funds in the possession of the Trustee." No such statutory lien may arise.

The funds in the Trustee's hands are property of the estate. Legal title to those funds is in the Trustee.  The Trustee holds legal title for the benefit of the interested parties, one of whom, but not the only one of whom, is the Movant. Until this Court orders their disbursement and the Trustee disburses, those funds are property of the estate.

d.   *The Settlement Agreements Are of Legal Significance.*

At ¶20 of the *Motion* Movant asserts that the compromises, until approved by the Court, "are of no legal significance whatsoever and not 'binding'", citing Rule of Professional Conduct 1.15(a)[2] and LBR 9019-1(a).

Enforceability of the Settlement Agreements is Irrelevant:  Because the Settlement Agreements relate to claims which are property of the estate and because the funds held by the Trustee are proceeds of those claims, whether the Settlement Agreement is enforceable or not is irrelevant – as explained in §d above, the definition of "proceeds" is functional: if the funds accrued to the Trustee from estate property they are estate property. The funds are "collected on account of estate property." 11 M.R.S. §9-1102(64)(b).

---

[2] Rule of Professional Conduct 1.15(a) (dealing with lawyers IOLTA Accounts) has no bearing on whether funds held in a Chapter 7 Trustee's Bankruptcy accounts is property of the estate.  The funds are not in a lawyer's IOLTA account.  They are in a Trustee's estate account.

8

<u>The Settlement Agreements Are Enforceable Against the Counterparties</u>: The Settlement Agreement is enforceable.  The Local Rule only limits enforceability as to estate fiduciaries, not the counter-party.  The Local Rule says in full:

> **No compromise** or settlement to which a trustee or debtor in possession is a party **shall be binding upon a trustee or debtor in possession** until it is approved under subparagraph (d) of this Local Rule.

LBR 9019-1(a) (emphasis added).  The counterparty remains bound.

The Local Rule modifies or rejects the rule in other jurisdictions that compromises are binding on the estate fiduciary: "short of such disapproval, conditioning the seller's authority upon action by the Court did not change the binding nature of the Agreement between the parties pending Court approval." <u>In re Columbus Plaza, Inc.</u>, 79 B.R. 710, 715 (Bankr. S.D. Ohio 1987); <u>Swansea Props.</u>, Nos. In Chapter 11 proceedings, 2-08-bk-11486-CGC, 2010 Bankr. LEXIS 6617, at *19 (Bankr. D. Ariz. July 9, 2010) ("In the end, while the Debtors can withdraw their support, they cannot unilaterally rescind the agreement. Whether to approve still requires analysis under *Woodson*.");  *Cf.* 10A <u>Collier on Bankruptcy</u> P 9019.02A (16th 2026) ("Agreements embodying compromises or settlements frequently provide that they are binding upon the parties when executed subject to the condition subsequent of the court's approval."). The Local Rule modifies or clarifies the rule other courts have imposed or that the Parties might adopt, but, it does not release the counterparty from the contract.

The settlement agreements are of legal significance: they are the source of the funds in the Trustee's account.  The settlements agreements establish that the funds have been "collected by the Trustee on account of"[3] estate claims (which claims are property of the estate) and that the

---

[3] M.R.S. §9-1102(64)(b)

funds are therefore proceeds of property of the estate. As "proceeds" the funds are property of the estate.

### **CONCLUSION**

The *Motion* is procedurally defective and should be denied.

If the Court were to reach the substance, the funds in the Trustee's Estate bank account are proceeds of estate claims. Estate claims are property of the estate. The funds, as "proceeds" are property of the estate. 11 U.S.C. §541(a)(6). Because the funds are property of the estate the *Motion* should be denied.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court order and decree as follows:

    A.  That the Motion be denied; and

    B.  For such other and further relief as is just and equitable.

Respectfully submitted,
Edmond J. Ford, Ch. 7 Trustee

By his Attorneys,
FORD, McDONALD & BORDEN, P.A.

Date: June 11, 2026                By: */s/ Edmond J. Ford*
                                        Edmond J. Ford Bar # 010174
                                        815 Elm Street, Suite 5 B
                                        Manchester, NH 03101
                                        (603) 373-1737 (Telephone)
                                        (603) 242-1381 (Facsimile)
                                        eford@fordlaw.com

Certificate of Service

On June 11, 2026, I electronically filed the foregoing document through the Court's CM/ECF systems which will send a notice of electronic filing to the parties on the Court's electronic service list.

On June 11, 2026, I forwarded a copy of the foregoing by email to Terrence Conklin at tjconks@gmail.com  and to Kevin Mattson at kevin@dirigocapitaladvisors.com.

*/s/ Edmond J. Ford*
Edmond J. Ford  (Bar # 010174)

https://fordmcpartlin.sharepoint.com/Shared Documents/WPDATA/Ed/TRUSTEE/24-20188 - Mattson Me/pleadings/drafts/Objection to m compel abandonment.docx