**RELIEF REQUESTED**
**WITHOUT A HEARING**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| KEVIN J. MATTSON, | ) | Case No. 24-20188 PGC |
| | ) | |
| Debtor. | ) | |

**MOTION TO ENLARGE RESPONSE DEADLINE**
**REGARDING OBJECTION TO PROOF OF CLAIM**

NOW COMES Creditor, Montresor LLC ("Montresor"), with the consent of Debtor, Kevin J. Mattson ("Debtor"), pursuant to Federal Rules of Bankruptcy Procedure 3007 and 9006 and D. Me. LBR 9006-1(a) and 9013-3(d), and moves for an enlargement of its August 31, 2026 response deadline ("Response Deadline") to Debtor's Objection to Proof of Claim No. 24 Filed by Montresor LLC, dated August 14, 2026 ("Claim Objection") (D.E. 392), to December 8, 2026.

In support its Motion, Montresor states as follows.

1. In April 2025, Montresor timely filed a general unsecured Proof of Claim (No. 24-1) against Debtor and his estate in the amount of $512,336.26 ("Original Claim"). The Original Claim arose by virtue of Debtor's express Guaranty obligations to Montresor. *See* Original Claim.

2. In February 2026, the Maine Superior Court ("Superior Court") issued its Judgment of Foreclosure and Sale ("Foreclosure Judgment") in favor of Montresor and against Debtor's spouse, Jeanne M. Mattson ("Jeanne"), in the principal amount of $285,402.37 (plus post-judgment interest, costs, and accruing legal fees) with respect to the judicial foreclosure of Montresor's Mortgage against Jeanne's real property located in Freeport, Maine.

3. Right up until the moment the Superior Court issued its Foreclosure Judgment in February 2026, Montresor's Original Claim against Debtor was effectively oversecured because

of the plain, express, negotiated, and wicked easy-to-understand joint and several provision in ¶ 30(c) of his Guaranty and other "Loan Documents" concerning Jeanne and her residence.

4. But then the Superior Court decided that it did not like that result and it issued its Foreclosure Judgment. In it, the Superior Court determined that, notwithstanding the express joint and several provision in ¶ 30(c) of Mattson's Guaranty, it was going to rewrite Debtor's and Jeanne's Guaranties to provide for only several liability of their guaranteed "Obligations."

5. The practical and (one) direct impact of the Superior Court's legally, factually, and completely wrong decision was to eliminate Montresor's "secured" status against Debtor for all the "Obligations" arising under all the "Loan Documents," and with it went approximately $140,000 in fees and damages that would have had to have been satisfied, in full, upon Jeanne's redemption (if ever) of the Mortgage.

6. That, in turn, forced Montresor to commence a civil action in March 2026 against Debtor in Maine Superior Court entitled, Montresor LLC v. Kevin J. Mattson, Docket No. PORSC-CV-2026-102 ("Civil Action"), alleging a single-count Complaint against Debtor for breach of his Guaranty.

7. On May 29, 2026, in order to avoid the foreclosure of the Mortgage against her residence, Jeanne redeemed the Mortgage and paid Montresor the amount of $326,658.64.

8. As a result, on June 12, 2026, Montresor filed its Amended Proof of Claim (No. 24-2) against Debtor and his estate in the amount of $140,010.85 ("Amended Claim"). Ironically, if the Superior Court had just applied the law to the facts in issuing its Foreclosure Judgment, then the Amended Claim would have been $0.00 and Montresor would no longer have been Debtor's creditor.

9. On July 7, 2026, Montresor filed a motion for summary judgment in the Civil Action seeking judgment as a matter of law on its single breach of contract claim against Mattson.

10. On July 29, 2026, Mattson filed his response to Montresor's motion for summary judgment in the Civil Action. *See* Claim Objection, Exhibit attached thereto.

11. On August 12, 2026, Montresor filed its Reply to Debtor's response. In it, Montresor rightly stated that it possessed an allowed Amended Claim in Debtor's bankruptcy case under 11 U.S.C. § 502(a).

12. Two days later (on August 14), Debtor filed his Claim Objection and he scheduled the hearing on that Claim Objection for December 15, 2026, *i.e.*, four months later and on the last date available in 2026. Debtor then set August 31 as the Response Deadline for his Claim Objection. (D.E. 396).

13. Federal Rule of Bankruptcy Procedure 9006(b) provides, in part, as follows:

> (b) Extending Time.
>
> (1) *In General.* This paragraph (1) applies when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period. Except as provided in (2) and (3), the court may – at any time and for cause – extend the time to act if:
>
> (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires;….

14. Based upon the foregoing, Montresor requests that the Response Deadline be enlarged from August 31, 2026 to December 8, 2026, which is one week before the hearing date on the Claim Objection. *See generally* D. Me. LBR 9013-1(b)(2).

15. By enlarging Montresor's Response Deadline to December 8, 2026, the Superior Court will have sufficient time to issue a decision on Montresor's Motion for Summary Judgment

in the Civil Action. If that motion is granted between now and December 8, then Montresor's response to Debtor's Claim Objection is going to be pretty short. *See* 11 U.S.C. § 502(b)(1).

16. Under the circumstances, Montresor asserts that cause exists for the requested enlargement of Response Deadline.

17. This is Montresor's first request for an enlargement of the Response Deadline.

18. After consultation, Debtor agrees to the requested enlargement. *See* D. Me. LBR 9006-1(a)(3) and 9013-3.

WHEREFORE, Montresor LLC requests that the Court: (i) enlarge the Response Deadline to December 8, 2026; and (ii) grant it such other and further relief as is just and appropriate under the circumstances.

Dated: August 23, 2026

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditor,
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

**CERTIFICATE OF SERVICE**

I, Randy J. Creswell, Esq., hereby certify that I have served on this day copies of the above Motion to Enlarge, proposed Order, and this Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise set forth below).

Dated: August 23, 2026

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditor,
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

**Service List**

Kevin J. Mattson (via email only)

Seth W. Brewster, Esq. (via email only)

Terence Conklin (via email only)

John C. Orestis (via U.S. Mail)
PO Box 777
Lewiston, ME 04240