**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| KEVIN J. MATTSON, | ) | Case No. 24-20188 PGC |
| | ) | |
| Debtor. | ) | |

**OBJECTION TO MOTION FOR ADMISSION *PRO HAC VICE***

NOW COMES Creditor, Severin M. Beliveau, Esq. ("Beliveau"), pursuant to 11 U.S.C. §§ 101(14), 105, 324(a), and 327, Federal Rules of Bankruptcy Procedure 9010, 9013, and 9014, D. Me. LBR 9010-1(a), 9013-3(a), and 9014-1, and District Court Local Rule 83.1(c) and 83.3, and objects to the Motion for Admission *Pro Hac Vice*, dated September 18, 2026 ("Motion"), filed by Chapter 7 Trustee, Edmond J. Ford, Esq. ("Trustee"), seeking the admission *pro hac vice* of Alan L. Braunstein, Esq. before this Court as potential co-counsel to the Trustee in the Chapter 7 case of Debtor, Kevin J. Mattson ("Debtor").

In support of his Objection, Beliveau states as follows.

**I. Constitutional Authority, Jurisdiction, and Venue**

1. The Court has constitutional authority to enter final orders on this Motion, it has jurisdiction over this case pursuant to 28 U.S.C. § 1334, this is a statutorily core matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and venue is proper pursuant to 28 U.S.C. § 1409(a).

**II. Facts**

2. On September 12, 2024 ("Filing Date"), multiple petitioning creditors commenced this bankruptcy case against Debtor through the filing of a Chapter 7 Involuntary Petition Against an Individual (D.E. 1).

3. On February 14, 2025, the Trustee was appointed successor Chapter 7 trustee (D.E. 88).

4. On April 10, 2026, the Trustee filed an Application to Employ (D.E. 278) his firm, Ford, McDonald & Borden, P.A. ("FM&B"), as counsel to the Trustee pursuant to § 327 of the Code. The Court granted that Application to Employ, without hearing, on April 13, 2026 (D.E. 286).

5. On September 18, 2026, the Trustee filed the Motion for Attorney Braunstein to appear in the case on his behalf, *pro hac vice* (D.E. 407).

6. On September 20, 2026, the Trustee filed his Application to Employ (D.E. 408) Attorney Braunstein and Riemer & Braunstein ("R&B") as counsel to the Trustee pursuant to § 327(a) of the Code.

7. On September 21, 2026, the Court issued its Order granting the Motion (D.E. 409). In accordance with Local Rule 9013-3, the Court's Order provides that the Order "shall become final in 14 days unless an interested party sooner objects, in which case the matter shall be set for hearing and considered by the court as if this order had not been entered." *See* Order ¶ 3.

8. On September 23, 2026, the Trustee, FM&B, Attorney Braunstein, and R&B filed an 11-count, 49-page Adversary Proceeding Complaint against Beliveau, his wife Cynthia Beliveau, and two former friends and business "partners" of Debtor, thereby initiating the Adversary Proceeding entitled, Edmond J. Ford, Trustee v. Severin M. Beliveau, et al., Adv. Proc. No. 2026-2020 ("R&B Proceeding").

9. On September 29, 2026, Beliveau filed a Motion for Removal of Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 105 and 324, and Request for Expedited Determination, dated September 29, 2026 (D.E. 414) ("Motion for Removal").

10. The Motion for Removal is scheduled for hearing on October 27 at 9:00 a.m., with objections due by October 15. *See* Notice of Hearing (D.E. 417).

11. On September 29, 2026, the Clerk issued a Notice of Rescheduled Hearing (D.E. 415) scheduling a hearing on the Trustee's Application to Employ Attorney Braunstein and R&B for October 27 at 9:00 a.m.

## III. Discussion

12. Beliveau objects to the Trustee's request that Attorney Braunstein be admitted *pro hac vice* as his co-counsel in this case for the following reasons.

13. One, Attorney Braunstein is not "disinterested" within the meaning of § 101(14) and 327(a) of the United States Bankruptcy Code ("Code") because he (and R&B) possess claims for compensation against the estate for (unauthorized) work performed on behalf of the Trustee (without Court approval), which work presumably commenced in August 2026 based upon the date that Attorney "Brausntein" sought certificates of good standing from the Commonwealth of Massachusetts. *See* Exhibit A attached to Motion (both dated August 26, 2026). *See* D. Me. LBR 2014-1(b)(1); 11 U.S.C. § 503(b)(3).

14. The Trustee did not file his Application to Employ Attorney Braunstein and R&B until September 20, and it now appears that Attorney Braunstein and R&B commenced work researching, preparing, drafting the Trustee's 11-count, 49-page Complaint in the R&B Proceeding about a month earlier in August 2026.

15. Because of that month-long unauthorized work and representation of the Trustee, Attorney Braunstein and R&B possess a claim against Debtor's administratively insolvent estate resulting in Attorney Braunstein's lack of "disinterestedness" for purposes of §§ 101(14) and 327(a). *See also, e.g., In re ESJ Towers, Inc.*, 2022 WL 7721668, at *7 (Bankr. D.P.R. Oct. 13,

2022) ("The Bankruptcy Code does not define the phrase 'interest materially adverse to the interest of the estate.' However, [c]ourts interpret it as the possessing or asserting of any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant or possessing a predisposition under circumstances that render such a bias against the estate real.") (citations omitted).

16. Two, Attorney Braunstein cannot represent the Trustee in this case because the estate possesses a malpractice claim against the Trustee and his firm, FM&B, for their failure to properly handle one of the many denied applications to compromise filed in the case and that directly harmed the estate.

17. In the event that Attorney Braunstein and R&B are retained as counsel to the estate (even though they have already formed an attorney-client relationship with the Trustee under Maine Rule of Professional Conduct), they will be in a position of representing the Trustee, on behalf of the estate, in an instance in which the estate has a claim against the individual from whom they are taking direction. That is disqualifying under § 327(a) of the Code because Attorney Braunstein and R&B would "represent an interest adverse to the estate." *Cf. In re Food Mgmt. Group, LLC*, 380 B.R. 677, 712 (Bankr. S.D.N.Y. 2008) ("The principals and the debtor in possession have such an adverse interest for conflict purposes when counsel begins to advocate for or represent the principals' interests in ways that are at the expense of the estate."); *see also In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987) ("The test must be more an objective one. The question is not necessarily whether a conflict exists – although an actual conflict of any degree of seriousness will obviously present a towering obstacle – but whether a

potential conflict, or the perception of one, renders the lawyer's interest materially adverse to the estate or the creditors.”).

18. Three, upon admission *pro hac vice* before this Court, Attorney Braunstein will be and is subject to the Maine Rules of Professional Conduct. *See* D. Me. LBR 9010-1; D. Me. Local Rule 83.3(a), (c), (d), (e). Based upon the information currently available to him, particularly with regard to the allegations and claims set forth in the Complaint in the R&B Proceeding in comparison to Debtor’s filings and Amended Schedules and the Trustee’s prior positions in the case, Beliveau disputes that Attorney Braunstein has satisfied, or could ever satisfy, his professional obligations under the Maine Rules of Professional Conduct in the event that he is admitted to appear on behalf of the Trustee *pro hac vice* in this case or in the R&B Proceeding. *See* Rules 1.1 (Competence), 1.7 (Conflict-of-Interest; Current Clients), 1.8 (Duties to Prospective Client), 3.1 (Meritorious Claims and Contentions), 3.2 (Expediting Litigation), 3.3 (Candor Toward the Tribunal), and 8.4 (Misconduct).

19. Because the Trustee’s Motion initiates a contested matter, in the event that the Motion is not denied on the papers alone, Beliveau will be prepared at the first hearing on this Objection and the Trustee’s Motion to address the need for discovery on all the foregoing grounds for objection and issues relevant to this contested matter. *See* D. Me. LBR 9014-1(a)(3).

## IV. <u>Conclusion</u>

WHEREFORE, Severin M. Beliveau, Esq., requests that this Court: (i) deny the Trustee’s Motion seeking the admission of Attorney Braunstein as his co-counsel on a *pro hac vice* basis; (ii) authorize, in the event that the Motion is not granted, the conduct of discovery on all issues

relevant to this Motion and contested matter; and (iii) grant him such other and further relief as is just and appropriate under the circumstances.[1]

Dated: October 5, 2026

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditor,
Severin M. Beliveau, Esq.

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

**CERTIFICATE OF SERVICE**

I, Randy J. Creswell, hereby certify that I served on this day copies of the above Motion, proposed Order, and Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise indicated below).

Dated: October 5, 2026

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditor,
Severin M. Beliveau, Esq.

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

[1] Nothing herein is or shall be construed as a waiver of any and all arguments, defenses, claims, interests or positions of Beliveau with respect to the Trustee's pending Application to Employ Attorney Braunstein and R&B. In advance of the hearing on October 27, Beliveau shall be filing a formal written objection to that Application to Employ.

**Service List**

Kevin J. Mattson (via email only)

Terence J. Conklin (via email only)

Seth W. Brewster, Esq. (via email only)

John C. Orestis (via U.S. Mail)
PO Box 777
Lewiston, ME 04240