**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| KEVIN J. MATTSON, | ) | Case No. 24-20188 PGC |
| | ) | |
| Debtor. | ) | |

## MOTION TO COMPEL ABANDONMENT OF PROPERTY OF ESTATE AND REQUEST FOR LIMITATION OF NOTICE

NOW COME Creditors Severin M. Beliveau, Esq. ("Beliveau") and Montresor LLC ("Montresor") (together, "Movants"), pursuant to 11 U.S.C. § 554(b), Federal Rules of Bankruptcy Procedure 6007(b), 9013, and 9014, and D. Me. LBR 6007-1, 9013-1, and 9014-1, and request that the Court order the current Chapter 7 Trustee, Edmond J. Ford, Esq. ("Trustee"), or any successor trustee, to abandon the following property of the estate of Debtor, Kevin J. Mattson ("Debtor"): (i) the estate's claims against Randy J. Creswell, Esq. ("Creswell") set forth on Debtor's Amended Schedule A/B ¶ 33, dated February 25, 2025 (D.E. 94) ("Creswell Claim"); (ii) all estate claims arising under 11 U.S.C. §§ 541 and 544 and the Maine Uniform Fraudulent Transfer Act, 14 M.R.S. §§ 3571 – 3582 ("MUFTA Claims"), with the sole exception of the Alternate Claims[1]; and (iii) the estate's interests in any and all unscheduled entitlements of Debtor to receive any refundable or historic tax credits from the State of Maine or otherwise ("Refundable Credits").

Movants also request that the Court authorize limited notice of this Motion to those parties set forth in D. Me. LBR 6007-1, notwithstanding Federal Rule of Bankruptcy Procedure 6007(b)(1)'s requirement (absent Court approval otherwise) that the Motion be served on "all creditors" in Debtor's Chapter 7 case.

[1] "Alternative Claims" shall mean Counts VI, VII, and IX of the Adversary Proceeding entitled, Edmond J. Ford, Trustee v. Severin M. Beliveau, *et al.*, Adv. Proc. No. 26-2020.

In support of their Motion, Movants state as follows.

## I. Constitutional Authority, Jurisdiction, and Venue

1. The Court has constitutional authority to enter final orders on this Motion, it has jurisdiction over this case pursuant to 28 U.S.C. § 1334, this is a statutorily core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O) and venue is proper pursuant to 28 U.S.C. § 1409(a).

## II. Facts

2. On September 12, 2024 ("Filing Date"), multiple petitioning creditors, including Beliveau, commenced this bankruptcy case against Debtor through the filing of a Chapter 7 Involuntary Petition Against an Individual (D.E. 1).

3. On the Filing Date, Beliveau, as with multiple other creditors, possessed a Judgment against Debtor. *See* D.E. 1.[2]

4. On October 10, 2024, the Court issued its Order for Relief in an Involuntary Case ("Order for Relief") (D.E. 10).

5. On February 11, 2025, the Court issued its Order re-converting Debtor's case to one under Chapter 7 of the Code (D.E. 80).

6. On February 14, 2025, the Trustee was appointed successor Chapter 7 trustee (D.E. 88).

7. On February 18, 2025, Marcus Clegg Bals & Rosenthal ("Marcus Clegg") entered its appearance on behalf of Debtor (D.E. 92).

[2] Beliveau's September 9, 2024 Judgment against Debtor is in the principal amount of $288,020, with post-judgment interest accruing at the rate of 10.79% (per annum) plus all additional expenses and costs. *See* Proof of Claim, dated May 6, 2025 (Claim No. 30-1). As of October 15, 2026, the amount due from Debtor to Beliveau under the Judgment was $338,154.34 (with all credits given, plus all additional and accruing post-judgment interest, expenses, and costs). Montresor's claim against Debtor (as of October 15, 2026) was in the amount of $161,463.26, plus all additional and accruing post-judgment interest at 15% (per annum), expenses, costs, and attorney fees. *See* Claim No. 24-2; *see also* Montresor LLC v. Kevin J. Mattson, Docket No. PORSC-CIV-2026-102.

8. On February 25, 2025, Debtor signed and filed Amended Schedules under penalties of perjury (D.E. 94). Marcus Clegg filed the Amended Schedules as Debtor's counsel.

9. Debtor's Amended Schedule A/B ¶ 33 regarding "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment" provides as follows:

- "Claim against Severin Beliveau for breach of contract and fraud"
- "Claim against Randy Creswell for slander"

Debtor states that the value of both scheduled claims is "Unknown." *Id.*

10. On May 17, 2026, Movants filed a Motion to Compel Abandonment of Property of Estate and Request for Limitation of Notice (D.E. 332) ("First Motion to Abandon"), which motion sought to compel the Trustee's abandonment of the estate's claims against Creswell and Beliveau listed on Debtor's Schedule A/B ¶ 33.

11. On May 29, 2026, the Trustee filed an Objection to the First Motion to Abandon (D.E. 337) arguing, *inter alia*, that he should be permitted additional time prior to "October 9, 2026" to "adequately investigate the claims" against Beliveau and Creswell. *See* Objection, p.1 ("Both claims must be brought (if at all) four months from the hearing on this Motion: on or before October 9, 2026.").

12. Following a hearing on June 16, 2026, the Court denied Movant's First Motion to Abandon and gave the Trustee the additional time requested to investigate and assert, if at all, the claims against Creswell and Beliveau, including the Creswell Claim. *See* Objection, p. 4 ("The Bankruptcy Code permits the Trustee to bring the [draft] Complaint [against Beliveau and others] until the passage of the statute of limitations under 11 U.S.C. § 546(a)(1)(A) (two years from the entry of the order for relief). That deadline is October 9, 2026.").

13. The Trustee did not commence an action against Creswell with respect to the Creswell Claim (or otherwise) prior to October 13, 2026. *See* 11 U.S.C. § 546(a)(1)(A) and Federal Rule of Bankruptcy Procedure 9006(a)(1)(C).

14. With the sole exception of the three Alternate Claims against Beliveau, nor did the Trustee prior to October 13, 2026 commence any adversary proceedings seeking the avoidance of any transfers under § 544 of the United States Bankruptcy Code ("Code"), including with respect to any MUFTA Claims.

**III. Discussion**

**A. Abandonment of Claims – 11 U.S.C. § 554(b)**

15. Section 554 of the Code provides in part as follows:

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554(b); *see also In re Mailman Steam Carpet Cleaning, Inc.*, 270 B.R. 82, 86 n.9 (B.A.P. 1st Cir. 2001) ("*See* § 554(b) (providing that a party-in-interest may request abandonment of property that is 'burdensome' to the estate or of 'inconsequential' value and benefit to the estate); Fed. R. Bankr. P. 6007(b) (party-in-interest seeking to compel abandonment proceeds by motion).").

16. "The party seeking to compel abandonment bears the burden of proving by a preponderance of the evidence that the property is in fact burdensome or of inconsequential value." *In re: Culligan Ltd.*, 2023 WL 5942498, at *12 (Bankr. S.D.N.Y. Sept. 12, 2023) (citation omitted).

> While there is relatively little case law under *Section 554(b)* itself, drawing by analogy from trustee-initiated abandonments under *Section 554(a)*, the Court in deciding a motion brought pursuant to *Section 554(b)* will defer to a trustee's decision not to abandon property provided it finds that the trustee made a business

> judgment, in good faith, upon some reasonable basis, and within the scope of her authority.

*In re Guru Glob. Logistic, LLC*, 557 B.R. 842, 844–45 (Bankr. W.D. Pa. 2016); *In re Team Sys. Int'l, LLC*, 2026 WL 467200, at *5 (Bankr. D. Del. Feb. 18, 2026) ("Consistent with this history, the caselaw construing § 554(b) has generally concluded that in the absence of (a) reason to be concerned that the trustee is engaged in self-dealing; or (b) a cost to the estate of retaining ownership of the asset, courts should typically respect a trustee's decision to continue to administer an asset rather than abandon it.").

**B. <u>Creswell Claim</u>**

17. The scheduled Creswell Claim for slander is worthless to either the estate or Debtor. It was scheduled by Debtor and Marcus Clegg in retaliation for the filing of the Involuntary Petition.

18. According to Debtor's testimony under oath at his Meeting of Creditors, although he has possessed the slander claim since 2020, he has never pursued it. And he affirmatively elected not to assert the claim against Creswell after apparently being repeatedly told by his then attorneys, Andrew Helman, Esq. and E. Chris L'Hommedieu, Esq., that Creswell had, and was continuing to, slander him for years.

19. The Trustee must also have now concluded that the Creswell Claim is worthless because he failed to bring an adversary proceeding against Creswell during his extensive and continuing investigation of the "merits" of the claim from June 16 to October 13, 2026. *See* 11 U.S.C. § 108(a) and 546(a)(1)(A).

20. It is factually and legally indisputable that the Creswell Claim is of no benefit to the estate and it should be abandoned.

**C. <u>MUFTA Claims</u>**

21. In the First Circuit, upon the commencement of Debtor's case, the MUFTA Claims became property of the estate under § 541 of the Code. *See, e.g., In re TelexFree, LLC*, 941 F.3d 576, 587 (1st Cir. 2019) ("This circuit has long recognized that causes of action can be property of the estate even though they are not specifically enumerated in the statute. . . . More recently, we found that this general rule applies to fraudulent conveyance claims specifically. See []In re Ontos, Inc., 478 F.3d 427, 431 (1st Cir. 2007) ("It is well established that a claim for fraudulent conveyance [brought pursuant to § 544] is included within [§ 541(a)(1)] property.")").

22. Because the MUFTA Claims became property of the estate on the Filing Date, Movants were, and have been, precluded by the operation of the automatic stay from pursuing them directly. *See* 11 U.S.C. § 362(a)(3).

23. On October 13, 2026, however, the statute of limitations for the Trustee's pursuit of any state law avoidance claims under § 544 of the Code, including the MUFTA Claims, expired. *See* 11 U.S.C. § 546(a)(1)(A); *see also In re C.D. Jones & Co., Inc.*, 482 B.R. 449, 452 (Bankr. N.D. Fla. 2012) ("Any recovery from state court fraudulent transfer claims became property of the estate by virtue of Section 544(a) and the Trustee had exclusive standing to pursue such claims until the expiration of the limitations period of Section 546(a), at which point the Daakes also had standing to pursue such claims.").

24. Because the Trustee's statute of limitations for the pursuit of any state law avoidance claims on behalf of the estate, including the MUFTA Claims, has now expired, all such claims are no longer of any value whatsoever to the estate. *See* 11 U.S.C. § 554(b).

> Because creditors' avoidance claims are not property of the estate, the trustee has a limited time in which to bring them, and the bankruptcy court need not discharge the debtor from bankruptcy in order for the avoidance claims to revert. Instead, when the two-year limitation on trustee avoidance claims expires, the

> claims automatically revert. *See* 11 U.S.C. § 546(a)(1)(A); *Integrated Agri,* 313 B.R. at 427–28 ("A creditor regains standing to pursue a state law fraudulent conveyance action, in its own name and for its own benefit, once the statute of limitations expires on the bankruptcy trustee's right to bring the claim."); *Klingman,* 158 B.R. at 113 ("The trustee's exclusive right to maintain a fraudulent conveyance action expires and creditors may step in (or resume actions) when the trustee no longer has a viable cause of action."); *see also In re Tessmer,* 329 B.R. 776, 779 (Bankr.M.D.Ga.2005) ("[C]reditors do not regain the right to sue unless the trustee abandons the claim or he no longer has a viable cause of action because, for example, the statute of limitations has run." (internal quotation marks omitted)).

*In re Tribune Co. Fraudulent Conveyance Litig.*, 499 B.R. 310, 322 (S.D.N.Y. 2013), *aff'd on other grounds*, 818 F.3d 98 (2d Cir. 2016), *opinion vacated and superseded*, 946 F.3d 66 (2d Cir. 2019), *and aff'd on other grounds*, 946 F.3d 66 (2d Cir. 2019).

25. Movants therefore seek to compel the Trustee's abandonment of the MUFTA Claims (exclusive of the Alternate Claims), as being of no value to the estate, so that those claims may now be pursued by Movants directly in state court and free of the automatic stay under § 326(a).

**D. Refundable Credit**

26. Despite having been the focal point of this bankruptcy case for years, the Refundable Credits remain unscheduled by Debtor as a potential asset of the bankruptcy estate. In Movants' view, that constitutes knowing and intentional bankruptcy fraud on Debtor's part. *See* 18 U.S.C. § 157.[3]

27. Regardless, Debtor's entitlement to receive the Refundable Credits remains property of the estate. *See, e.g., In re Woodside*, 538 B.R. 518, 523 (Bankr. C.D. Ill. 2015) (refundable tax credits property of estate under § 541 of Code). And because of Debtor's

[3] Similarly, if, just for example, Debtor were a partner of a prepetition partnership under applicable state law, or had partnership interests that became property of the bankruptcy estate on the Filing Date, and he also failed to schedule them anywhere on his many filed Schedules and Amended Schedules, then that too would be further evidence of his knowing and intentional effort to conceal assets of the estate and constitute bankruptcy fraud on Debtor's part.

intentional and knowing refusal to schedule the Refundable Credits, the estate's interests in those Refundable Credits will not be administered and will remain estate property after the case is closed.

> Moreover, under § 541(a)(1), all pre-petition claims become property of the estate regardless of whether they were scheduled, but only scheduled claims not administered by the trustee during the case revert to the debtor when the case closes…. Unscheduled assets continue to belong to the estate and do not revert back to a debtor when property of the estate is abandoned or the case closes…. Because Claims I and II were not scheduled by Mr. Tworog, they were not abandoned by the trustee and remain assets of the estate. *See* 11 U.S.C. § 554(d); *United States v. Grant,* 971 F.2d 799, 803 n. 4 (1st Cir. 1992) (en banc) (holding that abandonment by trustee "does not relinquish an *undisclosed* interest in property") (emphasis in original); *see also In re Harber,* 553 B.R. 522, 534 (Bankr. W.D. Pa. 2016) ("[A]ny property of the estate which is unscheduled, including a cause of action, remains property of the estate because it was not administered by the trustee or abandoned by the estate."). Thus, if a debtor conceals an asset or fails to schedule it, the asset remains the property of the bankruptcy estate and, accordingly, the debtor can be found to lack standing to pursue its further disposition.

*In re Tworog*, 2021 WL 9937928, at *5 (Bankr. D.R.I. May 14, 2021) (citations omitted).

28. The Trustee has also now given up trying to administer the Refundable Credits for the benefit of the estate. *See* Trustee's Application to Compromise, dated July 8, 2026 (D.E. 369). The Refundable Credits are therefore of inconsequential value to the estate and they should be abandoned.

**E. <u>Limitation of Notice – D. Me. LBR 6007-1</u>**

29. Pursuant to Local Rule 6007-1, a Chapter 7 trustee in this District is not required to provide notice of abandonment to all creditors in a case. A trustee is only required to provide notice of abandonment to those creditors that have requested notice. *See* D. Me. LBR 6007-1 ("The trustee shall provide notice of abandonment only to the debtor, the debtor's attorney, the United States trustee, lienholders, any party known or believed to hold or claim an interest in the property to be abandoned, and to any party who has filed a request for notice.").

30. Local Rule 6007-1 recognizes that it is a substantial administrative burden on a trustee to provide paper notice of abandonment to all the creditors in any given case, particularly when the vast majority of such creditors which have not requested notice likely have no, or at best, limited interest in the case.

31. Movants have served this Motion on all the parties listed in Local Rule 6007-1. They have not served the Motion on all creditors in the case. For the substantive reason underlying Local Rule 6007-1's existence, Movants request that the Court deem their limited notice and service of the Motion valid and proper for purposes of Federal Rule of Bankruptcy Procedure 6007(b)(1) ("Unless the court orders otherwise, the motion … must be served on….").

## IV. Conclusion

WHEREFORE, Severin M. Beliveau, Esq. and Montresor LLC, request that the Court compel the abandonment of: (i) the estate's claims against Randy J. Creswell, Esq. set forth on Debtor's Amended Schedule A/B ¶ 33; (ii) except for the Alternate Claims, all estate claims arising under 11 U.S.C. §§ 541 and 544 and the Maine Uniform Fraudulent Transfer Act, 14 M.R.S. §§ 3571 – 3582; and (iii) the estate's interests in any and all unscheduled entitlements of Debtor to receive any refundable or historic tax credits from the State of Maine or otherwise, authorize limited notice of this Motion, and that the Court grant them such other and further relief as is just and appropriate under the circumstances.

Dated: October 14, 2026

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditors/Movants,
Severin M. Beliveau, Esq. and
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

**CERTIFICATE OF SERVICE**

I, Randy J. Creswell, hereby certify that I served on this day copies of the above Motion, Notice of Hearing, proposed Order, and Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise indicated below).

Dated: October 14, 2026

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Movants/Creditors,
Severin M. Beliveau, Esq. and
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

**Service List**

Kevin J. Mattson (via email only)

Seth W. Brewster, Esq. (via email only)

Terence Conklin (via email only)

John C. Orestis (via U.S. Mail)
PO Box 777
Lewiston, ME 04240