**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| KEVIN J. MATTSON, | ) | Case No. 24-20188 PGC |
| | ) | |
| Debtor. | ) | |

**JOINT REPLY TO CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO REMOVE TRUSTEE AND UNITED STATES TRUSTEE'S RESPONSE FOR REMOVAL**

NOW COMES Creditor, Severin B. Beliveau ("Beliveau"), pursuant to D. Me. LBR 9013-1(d), and files this Joint Reply to: (i) Trustee's Objection to Motion to Remove Trustee, dated October 14, 2026 (D.E. 425) ("Trustee's Objection"), filed by Edmond J. Ford, Esq., Chapter 7 Trustee ("Trustee"); and (ii) United States Trustee's Response to Creditor's Motion for Removal of Chapter 7 Trustee, dated October 15, 2026 (D.E. 427) ("UST Response"), filed by the United States Trustee ("UST"), as follows.

1. In the Trustee's Objection, he asserts that Beliveau must "establish[] fraud or injury to the estate" to satisfy the "cause" standard for removal under § 324(a) of the United States Bankruptcy Code ("Code"). *See* Trustee's Objection, p. 3. While other Circuits require injury to the estate or fraud to establish cause under § 324(a), no cases within the First Circuit expressly require either. *See, e.g., In re Lupo*, 2011 WL 477856, at *3 (Bankr. D. Mass. Feb. 3, 2011) ("Pursuant to 11 U.S.C. § 324(a), a trustee can be removed from a pending case for "cause" after notice and a hearing. [A]lthough sufficient cause is not defined in the Bankruptcy Code, it is left for the courts to determine on a case by case basis.").

2. As indicated, and extensively demonstrated, in Beliveau's Motion for Removal, "[c]auses for removal include situations in which the trustee is found to be incompetent or unwilling to perform the duties of a trustee; the trustee is not disinterested or holds an interest

adverse to the estate; the trustee violates the fiduciary duty to the estate; and where the trustee is guilty of misconduct in office or personal misconduct." *In re Morgan*, 375 B.R. 838, 848 (B.A.P. 8th Cir. 2007), *aff'd,* 573 F.3d 615 (8th Cir. 2009).

3. In any event, when the Trustee and his firm committed malpractice and deprived the estate of $15,000 in the process, that "established . . . injury to the estate" for purposes of cause under § 324(a). *See generally* Motion for Removal ¶¶ 47 – 49, 53, 123 – 128. If actual injury to the estate is required for removal, then it is present here.

4. With respect to the Trustee's general incompetence in dealing with the Tax Credit Proceeding, the Tax Credit, Houghton, and Conklin over the better part of a year and wasting massive amounts of time, money, and judicial resources, both the Trustee and UST either seriously misunderstand Beliveau's position concerning the Trustee's incompetence, or they have chosen willful ignorance.

5. Contrary to the UST's singular argument in its brief that Beliveau basically just has "concerns regarding a trustee's strategic decisions," and that his "allegations may generally be characterized as disagreement with the Trustee's exercise of his business judgment and dislike for the way he has administered this case to date," the Motion for Removal goes way beyond some agreement-to-disagree situation concerning the Trustee's "administration" of the estate. To be sure, Beliveau does think that most of the Trustee's strategic decisions were mystifying, but that is going to be true in most cases whenever multiple lawyers are involved.

6. Here, though, Beliveau does not simply disagree with the courses of conduct that the Trustee chose to take at multiple points in the case, but that once <u>any</u> of those courses of conduct were settled upon, the Trustee then completely bungled them – *i.e.*, "incompetently" handled them for purposes of "cause" under § 324(a). Nowhere in the multi-factor test for "cause"

does it say that "disagreement with the trustee's decisions" is a factor. So Beliveau did not argue that. But the test does use the word "incompetence," so Beliveau went about conclusively demonstrating, on just the existing record alone, the Trustee's incompetence. *See generally* Motion for Removal ¶¶ 67 – 103.

7. Funny too that neither the Trustee nor UST even mention the Trustee's shambolic and/or deceptive effort to retain Reimer & Braunstein, LLP to pursue the R&B Proceeding against Beliveau, or the run-up to the filing of that worthless litigation. Why?

8. Did the Trustee handle that application to employ process "competently," by seeking the Court's approval of R&B before engaging R&B to commence substantial legal work for the estate so that the Trustee would have this Court's prior approval to retain R&B, proceed with the R&B Proceeding, and protect R&B's interests in being compensated by the estate. *See* 11 U.S.C. § 327(a); *In re Lamie*, 540 U.S. 526 (2004); D. Me. LBR 2014-1(b)(1)? Or did the Trustee handle that process "incompetently" because he created a sizeable administrative expense liability against an already-insolvent estate and, by doing so, deprived R&B of its "disinterestedness" status under § 101(14) and 327(a) of the Code. Worse, the Trustee did not even file Application to Employ right under the requirements of D. Me. LBR 2014-1(a)(1) and (c).

9. None of this should have been, or is, remotely difficult. Everything in bankruptcy is an open-book exam. All the Federal Rules of Bankruptcy Procedure, this Court's Local Rules, and the various sections of the Code are available to anyone to review and, ideally, follow. Incompetence is incompetence, even if the UST and the Trustee want to wish his away.

10. The UST also has nothing to say about even the potential that the Trustee and his firm committed malpractice, which directly harmed the estate, by inexplicably taking direction from Debtor and Houghton in relation to an application to compromise for how to structure the

flow of funds and which put those funds patently at risk – which, of course, came to pass. Is that too a disagreement between Beliveau and the Trustee as to whether the Trustee should have listened to Debtor and Houghton on the best way to structure an application to compromise under Rule 9019? Beliveau does not believe so, but the UST must, because the UST is perfectly fine with how the Trustee "competently" handled that contested matter.

11. For his part, the Trustee just waives it away – it never happened. That alone requires the Trustee's removal. The estate deserves a chapter 7 trustee that is going to place the interests of the estate and its creditors over the Trustee's and his firm's personal and financial interests. Beliveau believes the Trustee and his firm committed malpractice. The Trustee does not, and the UST is either agnostic or willfully blind. But the mere existence of that situation is an express factor for removal and, frankly, is disqualifying. *See In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987) ("The test must be more an objective one. The question is not necessarily whether a conflict exists – although an actual conflict of any degree of seriousness will obviously present a towering obstacle – but whether a potential conflict, or the perception of one, renders the lawyer's interest materially adverse to the estate or the creditors.").

12. Beliveau also asserts that the Trustee breached at least two of his fiduciary obligations under § 704(a)(1) by: (i) not engaging in any transparent and express cost-benefit analysis concerning the pursuit of the R&B Proceeding at this stage of the case; and (ii) waiting until two-years into a no-asset, deeply administratively insolvent case to commence that action on utterly made-up facts and spurious theories – all because he needs to inflict pain on Beliveau and his counsel for Beliveau's (and Montresor LLC's) for their assertion of legal rights and because he is upset with them.

13. Beliveau did not see anything addressing those breach of fiduciary duty arguments as factors for "cause" for removal in the UST's Opposition. For his part, the Trustee's sole and conclusory response is that he "acted with appropriate speed understanding and unraveling a complex structure created by Atty. Beliveau." Trustee's Opposition, p. 10. Apparently for the Trustee, that deals with his "expeditiously as is compatible" fiduciary obligations under § 704(a). His say-so. Beliveau asserts that something more is required under § 704(a).

14. And what about the Trustee's other fiduciary duty not to launch off a personally-motivated unfunded, years-long litigation/appeal boondoggle a few weeks before this administratively insolvent estate could have been wound up and the case closed. Sure, the Trustee accomplished nothing of actual substance during his two-year tenure, but at least Montresor in seven months preserved all the claims of all Debtor's creditors to pursue them post-bankruptcy should they so choose. That was of significant value to claim holders. $12 million plus, anyway.

15. The Trustee's Objection is, of course, silent on any such cost-benefit analysis under § 704(a). He must not have much good to stay about it. *See also Peoples Bank & Tr. Co. v. Burns*, 95 Fed. Appx. 801, 806 (6th Cir. 2004) ("the Trustee had discretion to seek to avoid the transfers. In exercising his discretion for the benefit of the bankruptcy estate and its creditors, the Trustee was obliged to undertake a cost-benefit analysis before moving to avoid the post-petition transfers…. (breach of fiduciary duty under § 704(a)) (emphasis added).

16. Finally, the Trustee states: "With no evidence, Beliveau asserts collusion." Trustee Opposition, 10. Well then, fair enough.

17. Fortunately this is a contested matter, and Beliveau is entitled to seek, obtain, and use all such obtained documents and communications supporting collusion at an evidentiary

hearing on the Trustee's removal – assuming one is even necessary given the avalanche of reasons for why "cause" already exists under § 324(a) of the Code. *See* D. Me. LBR 9014-1(a)(3).

Dated: October 21, 2026

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditor,
Severin M. Beliveau

**CERTIFICATE OF SERVICE**

I, Randy J. Creswell, Esq., hereby certify that I have served on this day copies of the above Reply and this Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise indicated below).

Dated: October 21, 2026

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditor,
Severin M. Beliveau

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

**Service List**

Kevin J. Mattson (via email only)

Seth W. Brewster, Esq. (via email only)

Terence Conklin (via email only)

John C. Orestis (via U.S. Mail)
PO Box 777
Lewiston, ME 04240