**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE (Portland)**

**********************
**In re:** **Chapter 7**
**Kevin J. Mattson,** **Case No. 24-20188-PGC**
**Debtor**
**********************

**TRUSTEE'S REPLY TO OBJECTION**
**MOTION FOR ADMISSION *PRO HAC VICE***
**(D.E. 407)**

***NOW COMES*** Edmond J. Ford, Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Kevin J. Mattson (the "Estate"), by his attorneys Ford, McDonald & Borden, P.A., and Replies to the Objection to Motion for Admission *Pro Hac Vice* [D.E. 419] (the "*Objection*") and says as follows:

Beliveau, a defendant in an adversary proceeding filed by the Trustee, seeks to deprive the Trustee of the benefit of the advice and Co-counsel of Attorney Alan Braunstein. Attorney Braunstein is well known as an expert in bankruptcy and bankruptcy litigation. He has been appointed as a chapter 11 trustee, chapter 11 examiner, a state and federal court receiver, the latter by the US Securities and Exchange Commission; he is an adjunct professor of law teaching Business Bankruptcy at New England School of Law; a guest panelist for the ABI, Washington DC and Northeast Conferences; author of MCLE chapter of foreclosures, speaker for the Worcester Bankruptcy Bar on assignment for the benefit of creditors, and has appeared *pro hac vice* in bankruptcy courts in California, Washington, Oregon, Texas, Tennessee, Illinois, Maine, New Hampshire and Delaware He is also the author of the Massachusetts Practice Series on Bankruptcy Law Vol 5. The estate will benefit from his expertise. The *pro hac vice* rules are

not meant to deprive a party of its chosen counsel unless proposed counsel is of unacceptable character. Attorney Braunstein is not an unacceptable character.

Atty. Beliveau objects to the Motion *Pro Hac* [D.E. 407] invoking arguments relevant to the Application to Employ [D.E. 408], while his true self-serving motive is transparent.

A. **The Objection is a Motion to Disqualify which Fails to Meet the Applicable Standard.**

Beliveau seeks to control the Trustee's suit– he seeks to disqualify the Trustee's chosen counsel. The Maine Supreme Court allows disqualification only if the moving party proves (a) "the attorney's continued representation would result in a violation of a specific ethical rule" and (b) "[t]he moving party [identifies] a specific harm it would suffer in litigation if the opposing counsel is not disqualified." Pacheco v. Libby, O'Brien, Kingsley, & Champion, LLC, 2024 ME 39, P13, 315 A.3d 725, 730, 2024 Me. LEXIS 43, *6 (2024). Beliveau's shotgun approach claims neither a "specific" ethical violation, nor that he suffers a "specific harm." There are no grounds for disqualification.

B. **The Objection is a Strategic Attempt to Deprive the Trustee of his Chosen Counsel and should be Disfavored as with all Motions to Disqualify.**

The Objection is a stratagem that attempts at disqualification of an adversary's counsel. Such Motions are disfavored:

> Motions to disqualify opposing counsel are disfavored. . . . The rationale is that motions to disqualify are often tactically motivated, deprive a litigant of his right to freely choose his counsel, cause needless delay, and are otherwise disruptive to the litigation process.

Rosen v. Protective Life Ins. Co., 2010 U.S. Dist. LEXIS 50392, *39-41, 2010 WL 2014657 (N.D. Ga. 2010) (citations omitted). "[C]ourts have historically been highly cynical of motions to disqualify opposing counsel . . ." Gregory v. Colo. Jud. Discipline Rulemaking Comm., 2026 U.S. Dist. LEXIS 219491, *7, 2026 LX 570729, 2026 WL 2868606 (D. Col. 2026) (footnotes

omitted). "Motions to disqualify opposing counsel are viewed with suspicion . . . against the possibility that disqualification is sought to 'secure a tactical advantage in the proceedings'" Weitz Co., LLC v. Ohio Cas. Ins. Co., 2011 U.S. Dist. LEXIS 68801, *4, 2011 WL 2535040 (D. Col. 2011) (citation omitted).

C. **The Applicable Standard in a Motion *Pro Hac Vice* Tests Character Not Compliance with Section 327; Attorney Braunstein is of Good Character.**

This Bankruptcy Court is a "unit of the district court." 28 U.S.C. §151. The District Court has a rule on admission *pro hac vice* which does not include reference to the standards of 11 U.S.C. §327. The District Court's rule is:

> (A) The Court **will** grant leave to appear and practice before it to any attorney who is not a member of the bar of this Court if the attorney files with the Clerk a . . . :
>
> (i) is admitted to practice in any other United States federal court or the highest court of any State;
> (ii) is not currently under any order of disbarment, suspension, or any other discipline by any authority governing the practice of law;
> (iii) is not subject to any pending proceedings that might lead to such discipline before any authority governing the practice of law; and
> (iv) has read and will comply with these rules.

D. Me. LR 83.1(c)(1) (emphasis added). The District Court Rule is mandatory – "The Court will grant leave to appear . . ." if the four elements are established. The Maine Bankruptcy Court Local Form 8 executed by Attorney Braunstein establishes each of those elements.

There is no reason to further examine the Motion for Admission *Pro Hac Vice* which should be granted.

D. **There is No Challenge to Atty. Braunstein's Character and the Motion *Pro Hac Vice* Should be Granted.**

Without referring to any failure to meet the usual *pro hac vice* standards, and making no challenge to Attorney Braunstein's ability or character, and making no reference to the District Court Rule, Atty. Beliveau's objection fails because Beliveau does not challenge Attorney

Braunstein's character or moral fitness to practice. Because the *pro hac vice* motion is meant to test the applicant's character not the standards under Section 327, the court should overrule the *Objection* and grant the Motion for Admission *Pro Hac Vice*.

E. **The Objection Fails to Establish Grounds to Object to Employment under 11 U.S.C. §327.**

The Objection fails to articulate grounds to refuse employment of Attorney Braunstein.

1. **There is No Administrative Claim Conflict.**

The mere presence of a present or future claim for fees is not a disqualifying conflict. In re Martin, 817 F.2d 175, 181, 1987 U.S. App. LEXIS 5104, *22, 16 Collier Bankr. Cas. 2d (MB) 672, 16 Bankr. Ct. Dec. 112, Bankr. L. Rep. (CCH) P71,759 (1987) ("We realize that any attorney -- other than one working purely as a volunteer -- has a financial interest in the matters entrusted to his care, so in that sense, there is always some danger that the lawyer's judgment will be shaded by his own economic welfare. Yet, that risk, standing alone, seems acceptable.")

R&B has not made a claim for fees prior to court approval. Until R&B makes such a claim there is no possibility of a conflict. If R&B makes a claim in the future (after funds have been collected from Believeau) such a claim is no more a conflict than any other fee claim.

2. **There is no "Trustee Malpractice" Conflict.**

Beliveau strains in concocting arguments using the term "malpractice". Neither the Trustee nor the Trustee's firm has committed malpractice. There is not even a colorable claim of malpractice. But, if there were, Beliveau's argument proves too much. Beliveau's argument is that because he claims malpractice, the Trustee's counsel is disqualified because counsel represents the Estate but takes direction from the Trustee who holds an adverse interest. Beliveau's argument means the Trustee is disqualified from retaining **any counsel**. His

argument is not limited to R&B. The same argument applies to any other firm the Trustee might chose to hire. If the Trustee is not removed, he is entitled to counsel of his choice.

The ramifications of the (imagined) claim of trustee malpractice should be dealt with in the Motion to Remove [D.E. 414]. It is not relevant to the employment of R&B.

3. **R&B Has Violated No Ethical Rule.**

The final argument that Beliveau makes is that R&B could never sign on to the Complaint against him without violating the Rules of Professional Conduct. Beliveau has no basis to make that assertion and presents it simply as his speculation: "Beliveau disputes that Attorney Braunstein has satisfied or ever could satisfy . . ." *Objection to Motion for Admission Pro Hac Vice* ¶18 [D.E. 419].

Because there is no question but that Attorney Braunstein has the ability and character to provide appropriate and useful counsel to the Trustee, there is no need for discovery and the Motion for Admission *Pro Hac Vice* should be granted. The Objection to the Motion for Admission *Pro Hac Vice* and the request for discovery is an unfounded strategic attempt to disqualify Attorney Braunstein before he steps into the court and should be overruled.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court order and decree as follows:

A. That the Objection be overruled;

B. That the Motion for Admission *Pro Hac Vice* be granted; and

C. For such other and further relief as is just and equitable.

Respectfully submitted,
Edmond J. Ford, Ch. 7 Trustee

By his Attorneys,
FORD, McDONALD & BORDEN, P.A.

Date: October 22, 2026

By: */s/ Edmond J. Ford*
Edmond J. Ford Bar # 010174
815 Elm Street, Suite 5 B
Manchester, NH 03101
(603) 373-1737 (Telephone)
(603) 242-1381 (Facsimile)
eford@fordlaw.com

Certificate of Service

On October 22, 2026, I electronically filed the foregoing document through the Court's CM/ECF systems which will send a notice of electronic filing to the parties on the Court's electronic service list.

On October 22, 2026, I forwarded a copy of the foregoing by email to Terrence Conklin at tjconks@gmail.com, to Kevin Mattson at kevin@dirigocapitaladvisors.com, to Seth Brewster at sbrewster@jensenbaird.com, and Sandra Krueger at junneau07@yahoo.com,

*/s/ Edmond J. Ford*
Edmond J. Ford (Bar # 010174)