**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE (Portland)**

**************************
**In re:** **Chapter 7**
**Kevin J. Mattson,** **Case No. 24 20188-PGC**
**Debtor**
**************************

**TRUSTEE'S REPLY TO OBJECTION TO**
**APPLICATION TO EMPLOY RIEMER & BRAUNSTEIN LLP**
**(D.E. 429)**

***NOW COMES*** Edmond J. Ford, Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Kevin J. Mattson (the "Estate"), by his attorneys Ford, McDonald & Borden, P.A., and Replies to the Objection to Application to Employ Riemer & Braunstein, LLP as Co-Counsel [D.E. 429] filed by Severin Beliveau and Montresor, LLC (the "*Objection,*" "Beliveau" and "Montresor") and in support thereof says as follows:

**A. Introduction.**

The Objection is one in a trifecta of attacks against the Trustee and his chosen firm as co-counsel in a transparent attempt to defend an adversary proceeding by seeking to remove Plaintiff's counsel and the Trustee. The Objection is a collection of stream of consciousness accusations aimed at Plaintiff for daring to sue and a premature attacks on fees.

The core arguments made by Beliveau in opposition of the engagement of Riemer are necessity and expense: necessity on the theory that the Trustee, whom Beliveau accuses of incompetence, is now perfectly competent; expense on the theory that the lawsuit is worthless and the Trustee should save the fees. If the lawsuit is worthless Riemer will not collect fees. If the lawsuit is worthless creditors will not be paid whether Riemer is hired or not.

If, on the other hand, the lawsuit has value both Riemer and creditors will receive payment. (Interestingly, Beliveau's counsel, who is also a creditor, would himself potentially benefit from a successful outcome.). Beliveau is not objecting as a creditor, but as a defendant in an adversary proceeding to protect his self-interest at the expense of other creditors.

Neither lack of necessity nor expense are reason to deny the application to employ Riemer.

**B. <u>Standing – Beliveau</u>**

If the lawsuit is not brought, Beliveau receives no dividend from the estate. If the lawsuit is brought with Riemer employed, and the Trustee wins, Beliveau's claim will be disallowed and he will receive no dividend. If the lawsuit is brought without Riemer and the Trustee wins, his claim will be disallowed and Beliveau will receive no dividend. Beliveau has no economic interest in the expense of Riemer.

Because he has no economic interest in the expense of Riemer, Beliveau should be treated as an officious intermeddler – someone with questionable standing only raising objections as part of his trifecta of preliminary attacks to foil the lawsuit and protect his own assets.

Beliveau benefits if the Trustee loses the lawsuit. If the Trustee loses creditors lose. His only benefit from objecting to Riemer's employment is that removing Riemer makes it less likely that the Trustee will prevail. Beliveau's objection in realty supports to this this Court why Riemer should be employed – Beliveau believes Riemer makes it more likely the Trustee will prevail.

**C. <u>The Estate Benefits by Employment of Riemer – Necessity</u>**

Beliveau has spent much of this bankruptcy case insulting and attempting to intimidate the Trustee and his counsel. That behavior continues even in this the *third attack of the trifecta:*

> 34. But for the avoidance of any doubt, if the retention of R&B is approved and the R&B Proceeding advances – at all – beyond its current status, then it is an absolute certainty that the bankruptcy estate's and its creditors' interests will not have been protected because the "resolution of [this] bankruptcy proceeding" is never going to be "efficient, expeditious, and economical." In re Harold & Williams Dev. Co., 977 F.2d at 910.
>
> 35. Much to the contrary, the R&B Proceeding will end **only when Beliveau decides it does. And it will end on only his terms**.

*Objection*, ¶¶34, 35 (emphasis added). It is a threat by which Beliveau seeks to "end this case on only his terms" by removing opposing counsel and thus depriving creditors and this court of a trial on the merits.

It is a promise not to "make reasonable efforts to expedite litigation. . ." Me. Rules of Prof'l Conduct 3.2. It is a threat to stonewall and delay. It is a promise to circumscribe, appeal or avoid any order of this Court. It is a promise, as has been promised throughout this case, to use every litigious artifice to hinder or delay[1] a just result via unprofessional personal attacks and thus impose expense on the estate and Trustee.

Beliveau is also seeking to dissuade any other possible claimant against him from suing him by indicating his strategy of personal attacks and increased legal costs. The Trustee and his counsel will not allow such attacks to affect its professional responsibilities to the other creditors, including attorney Creswell in his role as creditor.

**D. Scope of the Retention and Fees.**

Riemer is to be engaged as co-counsel in Ford v. Beliveau, AP 26-02020. The form of Motion used to seek their approval as co-counsel spoke of matters beyond that role. That was inartful and the Trustee thinks, harmless. The status of this case, the fact that the two-year period of Section 546 has now passed, and the appearance by Riemer only in that litigation (and not, for example, in Ford v. Mattson, AP 26-0211) speaks to the anticipated limit to the engagement of Riemer.

A good faith estimate of the anticipated fees is virtually impossible. If Beliveau attempts every possible impediment to resolution, the Riemer fees could be in the hundreds of thousands of dollars[2].

**E. The Estate Benefits by the Employment of Riemer – the Contingent Expense**

[1] *See, e.g., Motion to Enlarge Deadline to File Response to Adversary Proceeding Complaint*, [D.E. 4] in Ford v. Beliveau, AP 26-02020.

[2] The Trustee is not responding to the request(s) that he produce his cost-benefit analysis because that is both work product and the subject of attorney-client privilege.

Riemer knows that the estate has no meaningful funds on hand and is not likely to recover meaningful funds in the absence of success. The Riemer engagement is, as a practical matter, contingent. If the lawsuit is not successful, there are no funds for the payment of fees.

The Trustee and the Court should be prepared for the blizzard of motions that Beliveau will (and has already) launched. The employment of Riemer is part of that preparation. Preparation improves the likelihood of success. Success benefits the Estate.

**F. Rates and Pre-approval Fees.**

Neither Riemer, nor Ford, McDonald Borden, P.A., have sought payment of fees arising before the Court approved their employment. The claimed conflict from such fees that are not sought does not exist. Both firms are experienced in such matters and understand the limitations on fee awards. The speculation by Beliveau that either firm will assert a fee claim that rises to the level of a conflict is just that – speculation. Riemer was aware that it had to spend a great deal of time vetting this case prior to accepting employment on its own dime. Whether that dime should be reimbursed no one (not even Riemer) presently knows.[3]

Nor is there reason to reject Riemer based on rates. Both firms are aware of the inappropriateness of a Chapter 7 case that pays no creditor except themselves. When the time comes, and money has been collected from Beliveau, the Court and the United States Trustee will review the fees for reasonableness and award only what is just.

**CONCLUSION**

Believeau's *Objection* should be seen for what it is – a promise and part of a strategy to needlessly protract this litigation and one of many attempts to intimidate the Trustee. Beliveau's strategy employed in this and his other motion attacks evidences the truth of the allegation of the

---

[3] The Court may ultimately determine to allow an upward adjustment to the lodestar fees. *See, e.g.,* In re Casco Bay Lines, 25 B.R. 747, 756, 1982 Bankr. LEXIS 5208, *29, 9 Bankr. Ct. Dec. 1301 (1982) ("Where an attorney's services have produced particularly exceptional benefits for the estate, an upward adjustment of the lodestar may be warranted to compensate for an hourly rate that turned out to be overly conservative."); *cf.* Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A., 778 F.2d 890, 1985 U.S. App. LEXIS 24282, Bankr. L. Rep. (CCH) P70,798 (1985) (Allowing contingent enhancement based on success).

Complaint [D.E. 1], ¶224 that Beliveau uses the threat of contentious litigation to delay payment of just debts.[4]

Creditors are well served by the engagement of Riemer & Braunstein, LLP, because they are eminently qualified and as Beliveau's conduct attests, likely to produce a recovery for creditors.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court order and decree as follows:

A. That the Application [D.E. 408] be Granted;

B. That the Objection be overruled; and

C. For such other and further relief as is just and equitable.

Respectfully submitted,
Edmond J. Ford, Ch. 7 Trustee
By his Attorneys,
FORD, McDONALD & BORDEN, P.A.

Date: October 22, 2026

By: */s/ Edmond J. Ford*

Edmond J. Ford Bar # 010174
815 Elm Street, Suite 5 B
Manchester, NH 03101
(603) 373-1737 (Telephone)
(603) 242-1381 (Facsimile)
eford@fordlaw.com

[4] Complaint, ¶ 224: "Since then, and evidencing his approach to creditors, Beliveau has been involved in repeated litigation with the unpaid creditors in which he has taken extreme and contentious positions using the cost and delay of litigation to deter creditors from pursuing him for just debts, saying, through his counsel '[b]asically I have every incentive in the world to string this process out for as long as possible, even if I lose at trial and on appeal.' Email R. Creswell to G. Marcus, 2/27/2020 8:58 am."

Certificate of Service

On October 22, 2026, I electronically filed the foregoing document through the Court's CM/ECF systems which will send a notice of electronic filing to the parties on the Court's electronic service list.

On October 22, 2026, I forwarded a copy of the foregoing by email to Terrence Conklin at tjconks@gmail.com, to Kevin Mattson at kevin@dirigocapitaladvisors.com, to Seth Brewster at sbrewster@jensenbaird.com, and Sandra Krueger at junneau07@yahoo.com,

*/s/ Edmond J. Ford*
Edmond J. Ford (Bar # 010174)