**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE (Portland)**

************************************

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **Kevin J. Mattson,** | **Case No. 24-20188-PGC** |
| **Debtor** | |

************************************

**TRUSTEE'S OBJECTION AND RESPONSE TO**
**MOTION TO COMPEL ABANDONMENT OF PROPERTY OF THE ESTATE**
**AND REQUEST FOR LIMITATION OF NOTICE**
**(D.E. 426)**

***NOW COMES*** Edmond J. Ford, Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Kevin J. Mattson (the "Estate"), by his attorneys Ford, McDonald & Borden, P.A., and Objects and otherwise Respond to the Motion to Compel Abandonment of Property of the Estate and Request for Limitation of Notice [D.E. 426] Filed by Severin Beliveau and Montresor, LLC (the "*Motion to Compel Abandonment,*" "Beliveau" and "Montresor") and in support thereof says as follows:

**SPECIFIC RESPONSES TO THE FACTS PURSUANT TO LBR 9013-1 (C)(2):**

The allegations of paragraphs 2 through 13 (except the footnote) are admitted. The allegations of paragraph 14 are denied. The Trustee has insufficient information to determine the truth of the allegations in footnote 2 and therefore denies the same.

**ARGUMENT**

**A. Introduction.**

Movants seek to compel abandonment of three classes of items: (a) the scheduled defamation claim against Attorney Creswell; (b) unidentified claims relating to the Uniform Fraudulent Transfer Act; and (c) a refundable tax credit.

The Trustee responds that (a) the defamation claim against Atty. Creswell has been abandoned making the motion moot; (b) Movants cannot establish that unidentified claims are of inconsequential value without identifying the claims and the Trustee cannot abandon such claims without giving notice to the parties in interest including the proposed defendants; and (c) the law of the case is that the refundable tax credit has potential value more than $5,000.00 which the Movants are judicially estopped to deny and it is therefore not of inconsequential value.

**B. <u>The Creswell Defamation Claim.</u>**

Beliveau and Montresor seek abandonment of the Creswell Defamation Claim. The request makes little economic sense since abandonment allows the Debtor to sue Movants' lawyer.

Whatever the rationale for the motion, the Trustee has filed a notice of intent to abandon the Creswell Defamation Claim [D.E. 428] which makes the motion moot.

**C. <u>Claims Under the Uniform Fraudulent Transfer Act.</u>**

1. *What the Trustee Cannot Abandon.*

Neither the Debtor nor Trustee ever had claims under the Uniform Fraudulent Transfer Act and so claims under the Uniform Fraudulent Transfer Act are not "property of the estate" which can be abandoned. 11 U.S.C. §554(a).

The Trustee does hold the power to avoid transactions under 11 U.S.C. §544(b). The rights under §544(b) involve analysis of creditor rights under the Uniform Fraudulent Transfer Act but the Trustee's rights are not those creditor rights. The rights of creditors under the Uniform Fraudulent Transfer Act are not property of the estate and so the Trustee cannot abandon those creditor rights.

The only assets the Trustee might abandon is his, possibly time barred, rights under certain portions of Chapter 5 of the Bankruptcy Code.

2. *The Blue Leprechaun Problem and the Resulting Procedural Defect: the Failure to Identify the Property to be Abandoned Deprives Interested Parties of Notice.*

Movants do not identify the rights they seek abandoned. Movants seek abandonment of claims they say are barred by 11 U.S.C. §546(a), but do not identify any such claims. Such claims may exist, or, such claims may be "Blue Leprechauns" – a noun that makes a sentence grammatical but does not refer to an actual thing.

The Trustee might respond by abandoning all the Blue Leprechauns in the estate, confident that there are none. On the other hand the Trustee and the Court might respond that before the Trustee can be ordered to abandon property, the Movants must establish that such property exists.

The property (legal claims) Movants might assert exists is different from a Blue Leprechaun because the claims that Movants demand the trustee abandon are claims to recover property from others. If these claims exist, other parties – the alleged defendants - have an interest in the claims.

The property to be abandoned is claims. Persons with an interest in property to be abandoned are entitled to notice. MLBR 6007-1 (Requiring notice of the Trustee's proposed abandonment to "any party known or believed to hold or claim an interest in the property to be abandoned . . ."). The Local Rule requires the Trustee to provide notice to the possible defendants. The Trustee cannot comply because Movants have not identified the claims and thus the defendants.

The Court should not order the Trustee to abandon unidentified property, affecting the interest of unidentified persons, without notice to them in violation of MLBR 6007-1.

3. *The Risk of the Bad Faith "Gotcha"- Without Identification of the Claims to be Abandoned, Movants Might be Asking for an Unjustified Immunity.*

Perhaps the property sought to be abandoned is just a Blue Leprechaun, or perhaps the claims the Movants seek to have abandoned are claims that the Estate holds against them. The Trustee is unaware of any such claims that he has not brought, but, Movants know more about what they have done than does the Trustee. Because the Movants do not identify the claims the Trustee cannot know whether the Motion to Compel Abandonment is a disguised attempt at immunity from further claims.

4. *Without Identifying the Claims to be Abandoned, Movants Cannot Meet their Initial Burden.*

Property may be abandoned if it is "is burdensome to the estate or . . . of inconsequential value and benefit to the estate." 11 USCS § 554 (a). Movants have the burden of proof but opposition to the motion must not rest on mere speculation. Colliers describes the respective burdens:

> If the request is opposed, the party requesting abandonment has the burden of proof. However, the party opposing the request that property be abandoned must show some likely benefit to the estate; mere speculation about possible scenarios in which there might be a benefit is not sufficient.

5 Collier on Bankruptcy P 554.02 (16th 2026) (footnotes omitted).

Where the Movants have not identified actual claims, they cannot meet the initial burden – they cannot establish that the unidentified claims are either burdensome or of inconsequential value.

5. *Without Identifying the Claims to be Abandoned, Movants Unfairly Attempt to Force the Trustee to Speculate.*

The Trustee cannot establish that the unidentified claims are of value to the estate since, from the Trustee's perspective, they are all Blue Leprechauns – they do not exist and have no value. However, perhaps the Trustee is wrong. Perhaps there is something of which the

Movants are aware that the Trustee is not. The Trustee does not know and should not be forced to speculate.

6. *If an Order Compelling Abandonment were to Enter, the Form of Abandonment should preserve rights of the Estate.*

The request for abandonment is premised on the passage of the period of Section 546(a). Notwithstanding the passage of such periods, the Estate may have rights which the Court should preserve. *See, generally,* 5 Collier on Bankruptcy P 546.02 §§[1][d], [3], [4](16th 2026) (Dealing with equitable tolling in § [3], defendant waiver in § [4] and defensive use of time barred actions in § [1][d]). The form of Notice of Abandonment, if one is ordered, should be that of the attached **Exhibit A.**

Movants are welcome to request abandonment of property of the estate. The Trustee is willing to respond appropriately. The Trustee is not willing to agree to abandon claims of which he is unaware.

**D. The Law of the Case is that the (Phantom) Tax Credit has Value and Judicial Estoppel Bars Movants from Asserting Otherwise.**

The Trustee believes that the Refundable State Historic Rehabilitation Tax Credit is a phantom (a Blue Leprechaun) and has no value. Based on that belief the Trustee sought (in effect) to sell it for $5,000.00 through a compromise of the adversary proceeding Ford v. Conklin, et. al., AP No. 25-02009. In that compromise efforts Movants objected. That objection prevailed. The Court did not approve the compromise saying, in effect, the $5,000.00 was too little:

> Where I have come down on this is that I am going to deny the application to compromise. I am persuaded by the argument that the United States Trustee has made. I believe that the $5,000.00 compared to what the tax credits may offer, understand that's speculative, but it is some amount of money the parties are willing to spend money to settle the adversary proceeding or otherwise resolve things. And when compared to that to the . . Mr. Ford, you determine what actions you have to take as trustee, but

> one course of action is just to sit and see what happens with the tax credits. . . . (10:34). I am not approving the compromise. I have some concern, I understand the position that, Mr. Ford, your response to the US Trustee is that the terms of the settlement are clear and the impact on the estate is clear, I don't think they are either and I therefore don't believe that the Trustee has met the Trustee's burden on that front and on the burden of establishing that the amount of money, $5,000.00, is something that would be a benefit to the estate of settling the claims with prejudice. So. That's denied.

Hearing Recording, at 1:49 [D.E. 354].

The Court's decision was premised on the theory articulated by the Movants through counsel:

> I guarantee that he [Mattson] held off on the 2023 because that is the first one that gets filed that would trigger the first whatever, 180 grand or whatever it is. I know that he is going to file his tax returns and that is going to monetize that tax credit. Everyone is focused on whether that tax credit is going to turn into money. It is going to turn into money. Is it going to be recaptured? Of course it will, but once the money is gone, the State can chase around for it. That is the fundamental disconnect.

*See,* Hearing Recording, at 7:34 [D.E. 354].

Movants prevailed. Movants are now estopped to assert the contrary – that the Tax Credits are worthless. Movants are estopped because the two positions are directly inconsistent and the Movants prevailed in their assertion of substantial value. Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 33, 2004 U.S. App. LEXIS 13880, *24-25 (2004) ("It is, however, widely agreed that, at a minimum, two conditions must be satisfied before judicial estoppel can attach. . .. First, the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive. . . Second, the responsible party must have succeeded in persuading a court to accept its prior position").

Movants are barred from asserting that the Tax Credits are worthless by the doctrine of judicial estoppel. The Trustee is barred from acting as if the Tax Credits are worthless by the law of the case.

The law of the case is that the Tax Credit is worth something. Because the law of the case is that the Tax Credit has value, as suggested by the Court, the Trustee retains the Credit and awaits developments. *See, Motion to Approve Compromise*, 7/8/2026, [D.E. 369] and *Order* 8/4/2026 [D.E. 387]. Because the law of the case is that the Tax Credits are worth something, and because the Movants are estopped to claim otherwise, abandonment is not justified.

**CONCLUSION**

Movants seek abandonment of three classes of property none of which should be ordered abandoned:

1. The Creswell Defamation Claim has been abandoned.
2. The Chapter 5 Claims of which Movants seek abandonment are unidentified and cannot be abandoned unless identified.
3. The Tax Credit which this Court has ruled has value sufficient to require administration.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court order and decree as follows:

A. That the Motion be denied; and
B. For such other and further relief as is just and equitable.

Respectfully submitted,
Edmond J. Ford, Ch. 7 Trustee

By his Attorneys,
FORD, McDONALD & BORDEN, P.A.

Date: November 3, 2026

By: */s/ Edmond J. Ford*
Edmond J. Ford Bar # 010174
815 Elm Street, Suite 5 B
Manchester, NH 03101
(603) 373-1737 (Telephone)
(603) 242-1381 (Facsimile)

eford@fordlaw.com

Certificate of Service

On November 3, 2026, I electronically filed the foregoing document through the Court's CM/ECF systems which will send a notice of electronic filing to the parties on the Court's electronic service list.

On November 3, 2026, I forwarded a copy of the foregoing by email to Terrence Conklin at tjconks@gmail.com and to Kevin Mattson at kevin@dirigocapitaladvisors.com.

*/s/ Edmond J. Ford*
Edmond J. Ford (Bar # 010174)

**EXHIBIT A**
**Alternative Proposed form of Notice of Abandonment**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE (Portland)**

**********************
**In re:** **Chapter 7**
**Kevin J. Mattson,** **Case No. 24-20188-PGC**
**Debtor**
**********************

**TRUSTEE'S**
**NOTICE OF ABANDONMENT-**
**CLAIMS BARRED BY 11 U.S.C. §546(a)**

***NOW COMES*** Edmond J. Ford, Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Kevin J. Mattson (the "Estate"), by his attorneys Ford, McDonald & Borden, P.A., pursuant to L.Bankr. R. 6007-1, and proposes abandoning any unscheduled claims commencement of which is now barred by 11 U.S.C. §546(a) and to which doctrines of waiver or equitable tolling do not apply (the "Claims") and says as follows:

1. The Claims are of inconsequential value or benefit to the Estate. After diligent inquiry the Trustee is unaware that any Claims exist which were not already addressed by Trustee's prior pleadings.

2. The deadline to file an objection to the proposed abandonment is fourteen days from the date of this Notice.

3. No abandonment is intended of any claim of an equitable interest in property in the nature of a constructive trust or resulting trust. *See, e.g.* Marcucci v. Hardy, 65 F.3d 986, 1995 U.S. App. LEXIS 26748 (1995).

Respectfully submitted,
Edmond J. Ford, Ch. 7 Trustee

Date: October 30, 2026 By: /s/ ______________________________
Edmond J. Ford Bar # 010174

815 Elm Street, Suite 5 B
Manchester, NH 03101
(603) 373-1737 (Telephone)
(603) 242-1381 (Facsimile)
eford@fordlaw.com