RECEIVED
By USBC Portland at 9:50 a.m., 11/04/2026

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MAINE**

In re:

KEVIN J. MATTSON, Debtor

Chapter 7

Case No. 24-20188-PGC

# LIMITED OBJECTION OF DEBTOR KEVIN J. MATTSON TO MOTION TO COMPEL ABANDONMENT OF ESTATE CLAIMS

I, Kevin J. Mattson, the Debtor in this case, acting *pro se,* respectfully submit this Limited Objection to the Motion to Compel Abandonment (D.E. 426) filed by Severin Beliveau and Montresor, LLC (the "Motion").

I file this objection for a narrow purpose. The Motion and accompanying filings contain numerous factual assertions, conclusions, and characterizations concerning me, my conduct, and my motives that are unsupported by any judicial finding and are unrelated to the limited question presently before the Court. To the extent the Motion seeks to portray me as having acted improperly or in bad faith, I respectfully dispute those allegations and object to their inclusion as a basis for the relief requested.

The Motion repeatedly characterizes potential claims as "worthless" and suggests that no value could ever be realized for the benefit of creditors. Yet the same parties seeking abandonment have devoted substantial time, effort, and expense over an extended period attempting to obtain control over those same claims. Whether the Court ultimately determines that such claims are cognizable, valuable, abandonable, or otherwise legally significant, the Movants' characterization is difficult to reconcile with the assertion that the claims have no conceivable value.

More importantly, however, the present Motion is not a proceeding to determine whether I committed bankruptcy fraud, engaged in improper conduct, acted with retaliatory intent, or manipulated the bankruptcy process. No such findings have been made. The Motion nevertheless contains repeated accusations and conclusions that appear designed to relitigate broader disputes and grievances among the parties rather than address the discrete legal issue presented.

The Court has previously expressed concern regarding similar litigation tactics in this case. In a prior order (D.E. 177), the Court criticized filings submitted by Movants' counsel, finding that they contained "flippant, unprofessional, and irrelevant asides which are unacceptable." The

Court further noted that counsel had repeatedly been warned regarding similar conduct and observed that such behavior was "antithetical to constructive and appropriate advocacy.” Rather than focusing on the narrow abandonment issues before the Court, the present Motion again devotes significant attention to personal attacks, speculation regarding motives, and unproven accusations. The inclusion of such allegations serves only to inflame already contentious litigation and distract from the legal questions the Court must decide.

I respectfully submit that the Court need not resolve any of those accusations in order to decide the Motion. To the extent the movants rely upon unproven allegations concerning my conduct or motives, those allegations should be afforded no weight. Those accusations remain precisely that: accusations. They do not assist the Court in resolving the abandonment issues presently before it.

I recognize that the Chapter 7 Trustee has filed his own objection addressing the legal issues raised by the motion (D.E. 444). I do not seek to duplicate the Trustee's arguments or interfere with the Trustee's administration of the estate. Rather, I submit this limited objection solely to ensure that the record reflects my disagreement with the movants' factual characterizations and conclusory allegations concerning me.

For these reasons, I respectfully request that the Court deny the Motion or otherwise grant such relief as the Court deems appropriate, while disregarding unsupported allegations and characterizations that are unnecessary to the resolution of the issues properly before the Court. Consistent with the Court's prior guidance concerning professional advocacy, the issues raised by the Motion should be resolved upon evidence and applicable law rather than personal attacks, conclusory statements, and unproven accusations.

Respectfully submitted,

/s/ Kevin J. Mattson

Debtor, pro se

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2026, I caused a true and correct copy of the foregoing **Limited Objection of Debtor Kevin J. Mattson to Motion to Compel Abandonment (D.E. 426)** to be served upon all parties entitled to notice through the Court's CM/ECF electronic noticing system.

Dated: November 4, 2026

Respectfully submitted,

/s/ Kevin J. Mattson

Debtor, pro se
P.O. Box 596
Gardiner, Maine 04345
kevin@dirigocapitaladvisors.com