**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| KEVIN J. MATTSON, | ) | Case No. 24-20188 PGC |
| | ) | |
| Debtor. | ) | |

**REPLY TO OBJECTIONS TO MOTION TO
COMPEL ABANDONMENT OF PROPERTY OF THE ESTATE**

NOW COME Creditors, Severin B. Beliveau and Montresor LLC (together, "Creditors"), in the Chapter 7 case of Debtor, Kevin J. Mattson ("Debtor"), pursuant to D. Me. LBR 9013-1(d), and file this Reply to: (i) the Trustee's Objection and Response to Motion to Compel Abandonment of Property of the Estate and Request for Limitation of Notice (D.E. 426), dated November 3, 2026 (D.E. 444) ("Objection"); and (ii) Limited Objection of Debtor Kevin J. Mattson to Motion to Compel Abandonment of Estate Claims, dated November 4, 2026 (D.E. 448) ("Debtor Objection"), as follows.

1. In the Objection, Chapter 7 Trustee Edmond J. Ford ("Trustee") states:

> Neither the Debtor nor Trustee ever had claims under the Uniform Fraudulent Transfer Act and so claims under the Uniform Fraudulent Transfer Act are not 'property of the estate' which can be abandoned. 11 U.S.C. §554(a).
>
> The Trustee does hold the power to avoid transactions under 11 U.S.C. § 544(b). The rights under § 544(b) involve analysis of creditor rights under the Uniform Fraudulent Transfer Act but the Trustee's rights are not those creditor rights. The rights of creditors under the Uniform Fraudulent Transfer Act are not property of the estate and so the Trustee cannot abandon those creditor rights.
>
> The only assets the Trustee might abandon is his, possibly time barred, rights under certain portions of Chapter 5 of the Bankruptcy Code.

Objection, p. 2. Those three paragraphs should be beyond distressing to any creditor of Debtor's estate. Creditors leave it at that.

2. In his Objection (p. 2), the Trustee states: "Neither the Debtor nor Trustee ever had claims under the Uniform Fraudulent Transfer Act and so claims under the Uniform Fraudulent Transfer Act are not 'property of the estate' which can be abandoned. 11 U.S.C. §554(a)." Wrong.

3. In the First Circuit, it is "well established that a claim for fraudulent conveyance is included within this type of property." *In re Ontos, Inc.*, 478 F.3d 427, 431 (1st Cir. 2007) ("The Bankruptcy Code broadly defines the property of the estate to be comprised of all 'legal or equitable interests of the debtor in property as of the commencement of the case.' 11 U.S.C. § 541(a)(1)."); *In re TelexFree, LLC*, 941 F.3d 576, 587 (1st Cir. 2019) ("Although Ontos dealt with fraudulent transfers claims brought under § 544, we think its reasoning extends as well to other avoidance actions under §§ 547 and 548.") (emphasis added).

4. To the extent it was somehow unclear in the Motion to Compel,[1] Creditors seek to compel the Trustee's abandonment of the estate's claims for fraudulent or avoidable transfers and conveyances under 11 U.S.C. §§ 541 and 544(b) and the Maine Uniform Fraudulent Transfer Act, 14 M.R.S. §§ 3571 – 3582 ("MUFTA").

5. While it is true that MUFTA claims are not implicated or implemented through a trustee's strong-arm rights and powers under § 544(a) of the United States Bankruptcy Code ("Code"), it is most certainly not true that "claims under the Uniform Fraudulent Transfer Act are not 'property of the estate' which can be abandoned." Objection, p. 2.

6. Because the estate's avoidance claims under MUFTA and § 541, as implemented through § 544(b), are unequivocally property of this estate, they can be abandoned. *See* 11 U.S.C. § 554(b); *see also In re TelexFree, LLC*, 941 F.3d at 587 ("This circuit has long recognized that

[1] *See* Motion to Compel Abandonment of Property of Estate and Request for Limitation of Notice, dated October 14, 2026 (D.E. 426) ("Motion to Compel").

causes of action can be property of the estate even though they are not specifically enumerated in the statute.”).

7. In his Objection (p. 2), the Trustee states: “The Trustee does hold the power to avoid transactions under 11 U.S.C. § 544(b).” Wrong. The Trustee did hold the power to avoid “transactions” under § 544(b) until October 13, 2026, when he allowed the applicable 2-year statute of limitations period under § 546(a)(1)(A) for “commenc[ing]” an “action or proceeding under section 544” to lapse as to all such claims.

8. The Court will recall at the June 16th hearing on Creditors’ first abandonment effort that the Trustee’s central argument against compelled abandonment of the state law claims was that, notwithstanding his fiduciary obligations of expedition under § 704(a)(1), he had until “October 9, 2026” to bring such claims or else the § 546 statute of limitations would expire (and by implication, if he failed to do so, then abandonment would be warranted). Except, here, now that the § 546(a) statute of limitations period has in fact run on all the estate’s § 544(b) and MUFTA claims, the Trustee is still opposing abandonment of those claims even though they are unequivocally time-barred by statute.

9. Creditors assert that because the Trustee is now statutorily prohibited from commencing any action or proceeding under § 544(b) and MUFTA against any potential defendant or interested party (with the exception of the Alternative Claims as defined in the Motion to Compel), those claims are now of inconsequential value to the estate and should be abandoned. *See* 11 U.S.C. § 554(b).

10. In his Objection (p. 2) (emphasis added), the Trustee states: “The rights under § 544(b) involve analysis of creditor rights under the Uniform Fraudulent Transfer Act but the Trustee’s rights are not those creditor rights.” Wrong.

11. The Trustee's rights to pursue avoidance claims under § 544(b) and MUFTA are directly derivative of the rights of existing prepetition unsecured creditors of debtor with the same ability and rights to pursue MUFTA claims outside of bankruptcy – in other words, they are exactly same.[2] *See In re Tri-Star Techs. Co., Inc.*, 260 B.R. 319, 328 (Bankr. D. Mass. 2001) ("As already mentioned, under § 544(b), the Trustee succeeds to the rights of an actual unsecured creditor who could have avoided under UFTA the payments made….").[3]

12. In his Objection (p. 2), the Trustee states: "The rights of creditors under the Uniform Fraudulent Transfer Act are not property of the estate and so the Trustee cannot abandon those creditor rights." Creditors have no idea what that means.

13. Again, to clarify, Creditors seek to compel the Trustee's abandonment of the estate's claims under §§ 541 and 544(b) and MUFTA. They are not seeking the Trustee's abandonment of any "creditor rights."

14. D. Me. LBR 6007-1 provides as follows: "The trustee shall provide notice of abandonment only to the debtor, the debtor's attorney, the United States trustee, lienholders, any party known or believed to hold or claim an interest in the property to be abandoned, and to any party who has filed a request for notice." (Emphasis added).

15. In his Objection (p. 3), the Trustee argues that potential targets of any to-be abandoned MUTFA claims and subsequently pursued outside of bankruptcy "hold or claim an

[2] *See also In re Indus. Commercial Elec., Inc.*, 2004 WL 1354530, at *4 (Bankr. D. Mass. Apr. 27, 2004) (same); *In re Jackson*, 318 B.R. 5, 26 (Bankr. D.N.H. 2004), subsequently aff'd, 459 F.3d 117 (1st Cir. 2006) ("Although federal law provides the trustee with the rights of an actual unsecured creditor, the extent of those rights is determined entirely by the applicable state or local law. However, section 544(b) of the Bankruptcy Code does not provide the trustee with any greater rights of avoidance than a creditor would have under applicable state law.") (citation omitted).

[3] Unfortunately for the estate and its creditors, despite being in possession of all the necessary financial records and documents for over 20 months to pursue avoidance claims under § 544(b) and MUFTA for the benefit of the estate, the Trustee apparently does not understand those critical points of law and his obligations under § 704(a). And now it is too late for the estate.

interest in the property to be abandoned [*i.e.*, the avoidance claims themselves]," and so the Motion to Compel must be denied unless those targets are provided notice of the abandonment (And would they then object? On what § 554 grounds?). Creditors assert that the Trustee's position is absurd and Local Rule 6007-1 requires no such thing.

16. Creditors reject the proposition that any defendant in any civil action "hold[s]" or "claim[s]" an "interest" in the cause of action itself being asserted against him. Sure, defendants do not want to lose claims and pay plaintiffs money, but that is not the same thing as holding or claiming an interest in the claim itself. Creditors reiterate their request that notice of abandonment be provided to just those parties expressly identified in Local Rule 6007-1 and not to all creditors in the case. *See* Federal Rule of Bankruptcy Procedure 6007.

17. With respect to the requested abandonment of the never-going-to-be scheduled Refundable Credits, Creditors are curious to see whether the Court agrees with the Trustee that the value of the Refundable Credits is law of the case.

18. In reply to the Debtor Objection, Creditors observe the following. The Refundable Credits remain unscheduled, despite first having been represented to the Court in February 2025 that they could be worth as much as $1.4 million dollars. Similarly, Debtor's apparently exceedingly valuable "partnership" with Beliveau was also intentionally concealed when Debtor filed his Amended Schedules in February 2025 because he stated "no" as to whether he possessed "Interests in partnerships or joint ventures." *See* Schedule A/B ¶ 42 (D.E. 94). Debtor then also concealed his purported interests and entitlements in and to Harpers Development, LLC on his Amended Schedules. *Id.* ¶ 19 (not scheduled).

19. All these "assets" are purportedly the most valuable, and perhaps only, assets of Debtor's estate. It remains Creditors' position that Debtor has committed bankruptcy fraud. *See* 18 U.S.C. § 157.[4]

Dated at Portland, Maine this 11th day of November, 2026.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditors,
Severin M. Beliveau
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

**CERTIFICATE OF SERVICE**

I, Randy J. Creswell, Esq., hereby certify that I have served on this day copies of the above Reply and this Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise indicated below).

Dated at Portland, Maine this 11th day of November, 2026.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditors, Severin M. Beliveau
Montresor LLC

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

**Service List**

Kevin J. Mattson (via email only)
Seth W. Brewster, Esq. (via email only)
Terence Conklin (via email only)
John C. Orestis (via U.S. Mail)

---

[4] *See, e.g., In re Krowel*, 631 B.R. 277, 285 (B.A.P. 1st Cir. 2021) ("Blackstone's invocation of Peebles is equally wide of the mark. That case involved a debtor's failure to schedule or otherwise disclose an asset—a failure that resulted in a criminal indictment for bankruptcy fraud.").